United States District Court
For the District of Rhode Island

Douglas J. Pelletier pro se
Plaintiff

CA 07 186

V

C.A. NO. N1/89-194

State of Rhode Island and
Rhode Island Parole Board
Respondent

Complaint

## Preliminary Statement

This is a civil rights action filed by Douglas J. Pelletier, a state prisoner, for damages and injunctive relief under 42 U.S.C. § 1983, alleging that the Rhode Island Parole Board's members denied him equal protection under the Fourteenth (14th) Amendment to the United States Constitution when they acted in a capricious and arbitrary manner, abused it's discretion and treated him unfairly. Plaintiff was also denied due process of law under the Fifth (5th) and Fourteenth (14th) Amendments to the United States Constitution when the members of the Parole board departed from the Board's guidelines and Rhode Island General laws § 13-8-14 and § 13-8-14.1, because the board members applied invalid criteria and considered invalid information in denying plaintiff parole after

reaching the maximum guidelines for his crimes. The board also disregarded his rehabilitation, good behavior, excellent work habits, and an extensive twenty-seven (27) page psychiatric evaluation which the RI Superior Court had prepared in (2004) when it (the Superior Court) was going to re-sentence plaintiff (decision later overturned by RI Supreme Court). This report was prepared by a board certified psychiatrist who was agreed upon by the prosecution and defense, it's risk assessment and treatment recommendations are enclosed in Appendix (I).

The Rhode Island parole board is using extraordinary long intervals between parole hearings. This violated the mandates of Greenholtz which the U.S. District Court for the District of Rhode Island stated apply in Rhode Island.

Plaintiff also avers he has been heard by an illegal parole board as stipulated in R.I. Gen. Laws § 13-8-1, § 13-8-2, and § 13-8-3 thereby being the same as no hearing at all in violation of R.I. Gen. Laws § 13-8-9, § 13-8-10, and § 13-8-13. Since the board's make-up is illegal it's decisions are invalid and void in the eyes of the law.

## Jurisdiction

1.) This Court has Jurisdiction over the plaintiff's claims of violations of Federal Constitutional rights under 42 U.S.C. §§ 1331 and 1343.

2.) The Court has supplemental Jurisdiction over the plaintiff's state law tort claim under 28 U.S.C. § 1367; and R.I. Constitutional (Amendment 4).

## PARTIES

1.) Lisa Holley esq. and chairwoman of the R.I. Parole Board

2.) Frederic Reamer member of the R.I Parole Board.

3.) Charles Denby member of the R.I. Parole Board.

4.) Authur Jones member of the R.I Parole Board.

## Facts

Plaintiff, Douglas J. Pelletier is currently serving a (75) year sentence with (60) years to serve for first degree sexual assult, assult with intent to murder, assult with a dangerous weapon, and breaking and entering. This all stemmed from problems with Plaintiff's child's mother and her family. Plaintiff was sentenced in regards to a plea on January 8, 1990 in Washington County Superior Court in front of Judge Dominic Cresto. This time was retroactive to January 13, 1989, date of the arrest.

Plaintiff was first seen by the R.I. Parole Board in January of 1999 after serving (10) ten years. At that time he was denied and given a (5) five year review. The reason given was seriousness of this heinous crime and that he had just begun work in the sex offender treatment program (SOTP) see Appendix ( ii ), Note: the parole board described a heinous crime, plaintiff was sentenced on a plea, he actually refuted (at the plea) many of the facts or circumstances. In addition under the Blakely decision in the U.S. Supreme Court any factor used to enhance a sentence or in this case parole must be proved. In the (10) ten years leading up to parole plaintiff had been a model inmate, had worked his entire time in

Jail, Attended AA meetings and developed skills as a cook in the A.C.I. kitchens. Plaintiff avers he was not required to attend the sex offender treatment program (SOTP) by the R.I Superior Court when sentenced (the Court does Court order certain people to attend that program), nor does the R.I. Parole board have the legislative authority to order someone to attend this program as a parole condition, or to be eligible for parole.

In 2003 Plaintiff was ordered re-sentenced (this decision was later overturned by the R.I. Supreme Court). Prior to reversal the Superior Court had an extensive psychiatric evaluation prepared by a board certified psychiatrist (see Appendix ( i ), risk assessment and treatment recommendations). This report shows plaintiff to be a prime candidate for parole according to the criteria see forth in R.I. Gen. Laws § 13-8-14 and § 13-8-14.1 (see Appendix ( iii ). In January of 2004 plaintiff signed off of parole until the re-sentencing process finished in the R.I. Supreme Court. Eventually plaintiff signed back on to parole and was seen in November of 2004 at which time he was denied again. The reason given this time was that he was no longer in the Sex offender treatment program, (from here on out referred to as the (SOTP) and that hopefully when he is seen again in (4) four years

he will be re-enrolled. At that parole hearing Lisa Holley refused to consider the psychiatric evaluation, plaintiff's exempliary behavior while incarcerated, being a first time offender, his excellent work habits, Attending AA meetings, or the fact that he had been involved with the (SOTP) For (18) eighteen months at which time the program director had allowed him to File For an early review of parole. Plaintiff had an excellent parole package with support letters, Job letter, And a place to live.

## Equal Protection Clause

A.) The plaintiff Alleges that the parole board denied him equal protection and acted in a capricious and arbitrary manner, Abused it's discretion and treated him unfairly compared to similarily situated inmates. Plaintiff has the psychiatric evidence to show he is parole ready, And the fact is to continue to deny him militates the rehabilitative and parole process.

## Due Process Clause

B.) The plaintiff Alleges that the parole board Acted in an Arbitrary and capricious manner, And Abused it's discretion when it departed From

its guidelines. Due process was violated because the parole board applied invalid criteria, and considered invalid factors such as the fact that plaintiff is not required to attend the (SOTP), was not Court ordered, the psychiatric evaluation shows the plaintiff is a very low risk to reoffend. In addition the parole board has no legislative authority to order any such program. The board also refused to consider plaintiffs outstanding parole package and institutional record.

C.) The parole board has given plaintiff a (5) five year review and a (4) four year review (after he had signed off for (11) eleven months). Plaintiff avers that these long reviews are a violation of due process, since just as there is no logical reason for denial, nor is there reason for these lengthy reviews given plaintiffs' overall record. They also violate the mandates of Nebraska's "Greenholtz" which apply in R.I.) parole scheme which states that inmates are to be seen every (6) six to (12) twelve months after the initial parole hearing.

## Claims For Relief

The actions of defendants Holley, Renmer, Denby, and Jones in acting in a capricious and

Arbitrary manner violated the (14th) Fourteenth and (5th) Fifth Amendments to the United States Constitution.

The actions of defendants Holley, Reamer, Denby, and Jones violated a state created liberty interest and expectation of a favorable decision when they departed from the parole board's guidelines (R.I. Gen. Laws § 13-8-14; and 13-8-14.1 (see Appendix (iii))

The actions of defendants Holley, Reamer, Denby, and Jones caused a tort against plaintiff when they treated plaintiff differently than those inmates similarily situated by not applying valid criteria with valid information when deciding his fate and parole release.

Wherefore, Plaintiff requests that the Court grant the following:

1.) Order the R.I. Parole Board be brought into compliance with R.I. Gen. Laws § 13-8-1, 13-8-2, and 13-8-3.

2.) Issue a decree that plaintiff be seen by the parole board immediately and be given a more favorable decision; i.e. Be granted parole in

accordance with R.I. Gen. Laws § 13-8-14 and 13-8-14.1.

3.) Grant plaintiff bail pending the outcome of these proceedings since he has already served (3) three years, (4) four months past the maximum guidelines (standards) for parole release.

4.) Rule on whatever other relief this Honorable Court deems appropriate.

May 21, 2007
Date

[signature]
Douglas J. Pelletier prose
P.O. Box 8274
Medium I AR-41
Cranston, RI, 02920

Certification

I, Douglas Pelletier, do hereby certify that a true copy of the enclosed documents were mailed via the U.S. Postal service to the R.I. Attorney General's office, at 150 South main Street, Providence, R.I., 02903 and to the R.I. Parole Board, Lisa Holley Chairwoman, at 40 Howard Avenue, Cranston, R.I., 02920 through the inter-departmental mail system of the Adult Correctional Institutions (A.C.I), both were mailed on this 22nd day of May 2007.

[signature]

United States District Court
For the District of Rhode Island

CA 07 186

Douglas J. Pelletier pro se
Plaintiff

v C.A. NO. N1/89-194

State of Rhode Island and
Rhode Island Parole Board

## Memorandum of Law

The R.I. Parole Board has no specific intervals at which to hold hearings, it should however, hold them at reasonable intervals in accordance with due process. In Bruce Leonardo v R.I. Parole Board and John Moran cited as PM 85-0439 it was ruled that a (4) Four year review was too long. The Court stated "that although the board is not statutorily mandated to hold hearings at any specific interval, it nevertheless should grant the plaintiff a hearing at reasonable intervals in order to review underlining reason for the last established status of the plaintiff before the Board. This inmate (Bruce Leonardo) was serving a (50) Fifty year sentence. In Petrarca v State of Rhode Island 583 F. Supp. 297, 303 (1984) it states "that since R.I. Gen. Law § 13-8-14.1 now creates a cognizable liberty interest, the mandates of Greenholtz would

Now Apply to Parole in Rhode Island", since part of due process in the Nebraska Parole scheme (to which Greenholtz refers) is that once inmates become parole eligible they are seen every six to twelve months (see Greenholtz v Nebraska penal inmates, 60 Led 2d 668, 673, 674). This plaintiff has now been denied twice in the last (8) eight years, (4) Four months since becoming parole eligible and hasn't been considered seriously for parole. He has also been denied several requests for early reconsiderations, (see Appendix (ii)).

The R.I. Parole board has told this plaintiff he must re-enroll in the sex offender treatment program (hereafter referred to as (SOTP)). Plaintiff avers this is not a permissable excuse for denial of parole especially given that plaintiff has met every other legitimate criteria of the parole board. In addition the extensive psychiatric evalution (Risk Assessment and treatment recommendations see Appendix (i)) show this plaintiff to be a much lower risk than the R.I average, which is a thirty-one percent (31%) of recidivism within the first year, and Fifty percent (50%) within Five years. This plaintiff was evaluated at a possibility of (based on objective static data alone) twelve percent (12%) within Five years and only up to nineteen percent (19%) within Fifteen years, the psychiatrist went on to state

that based on less objective factors Dr. Wall believes my chances of recidivism are even less. Therefore it has been established (by a psychiatrist who was agreed to by the Attorney General's office) that this plaintiff is a much lower risk to reoffend than those typically released by the parole board (Additionally this plaintiff had voluntarily attended the (SOTP) for (18) eighteen months).

R.I. Gen. Laws § 13-8-14.1 Parole Standards .... "These standards shall establish, with the range of parole eligibility set by statute, the portion of a sentence which should be served upon conviction for each category of criminal offense prior to parole, and shall serve as guidelines in making individual parole determinations.". In Centazzo v. Centazzo 509 A2d 995, 998 (RI 1988) "it is a rule of statutory construction that an express enumeration of items in a statute indicates a legislative intent to exclude all items not listed." The legislature has only granted the parole board the power to impose standards regarding the fraction of a sentence to be served prior to parole release. The R.I. Superior Court already court orders individuals to the (SOTP) and another agency attempting to overlap that discretion would be usurping judicial authority.

This plaintiff meets all the criteria

set down in R.I. Gen. Laws § 13-8-14 and 13-8-14.1 (see Appendix (iii)), in Fact he has exemplified those standards. He also has served three (3) years, Four (4) months longer than the maximum parole standard which states - "R.I.G.L. 11-37-2 First degree sexual assult - A person convicted and sentenced to prison on a charge of First degree sexual assult as defined in § 11-37-2, should serve two-thirds (2/3) or no more than Fifteen (15) years of his/her sentence before being considered for parole release (see Appendix (iv)). R.I. Gen. Law § 13-8-14.1 (6) states that "The board shall consider the applicable standard prior to rendering a decision on a parole application, and may make a variance with that standard only upon a Finding that such determination is warranted by individualized Factors such as the character and criminal record of the applicant, the nature and circumstances of the offense or offenses for which the applicant was sentenced, the conduct of the applicant while incarcerated, and the criteria set Forth in § 13-8-14". This plaintiff is a First time offender who has been a model inmate, as well as documented as a very low risk to re-offend, and who has attended the (SOTP) For (18) eighteen months. Plaintiff's records showed he was having mental

(psychiatric) problems associated with his crimes which he has addressed while incarcerated. In Petrarca v. State of Rhode Island 583 F. Supp. 297- it states - "Rhode Island Gen. Laws § 13-8-14.1 limits the great discretion conferred on the parole board by the earlier statutes. Although the board is able to set it's own guidelines it is also required to follow them (see Appendix ( V )). Although the "such as" language of the third sentence appears to allow - the board to consider factors other than those specifically enumerated in either § 13-8-14 or 13-8-14.1, this language vest the board with no more discretion, and probably less, to consider other criteria than that conferred on the Nebraska parole board by the "Catch-All" provision of the Nebraska statute. Moreover, the mandatory language of § 13-8-14.1 combined with the requirement of written guidelines (which was not present in the Nebraska scheme) make the present Rhode Island scheme resemble the Federal one. See 18 U.S.C. § 4206.

## Due Process

In R.I. Gen. Law § 13-8-14.1 it states - "in each case where the board grants

an application prior to the time set by the applicable standard or denies an application on or after the time set by that standard, the board shall set forth in writing the rationale for it's determination". In this case the parole board denied plaintiff for an invalid reason. As stated all the evidence shows he is a prime candidate (low risk) for release, and meets the guidelines and criteria set down in R.I. Gen. Laws § 13-8-14 and 13-8-14.1. Quoting Solomon v. Elsea 676 F.2d 282, 287 - "it is the extenuating circumstances of the particular offense, not the nature of the violation categorizing him in the guidelines, which must make up the necessary good cause. The reasons given by the commission must go beyond those covering the salient factor score and the offense severity rating. Little v Hadden 504 F. Supp. 558, 562 (D. Colo. 1980)".

Solomon, supra pg 288, "In relying on information that has not been proved in an adversary setting, the commission runs the risk of relying on inaccurate information. Partly for this reason, prior to the parole hearing prisoners are to be given reasonable access to documents which will be used in making the parole determination. See U.S.C. § 4208(b)(2).

At a hearing an inmate is to be given an opportunity to present and to respond to evidence. See U.S.C. 4207 and 4208 (e). In the event that a prisoner disputes the information presented, the commission is bound to a burden of proof for evaluating the conflicting claims. C.F.R. § 2.19 (c). In this case plaintiff avers that he has shown by the Courts own evidence that he is a good candidate for release, and that the board is attempting to force him to re-enroll in a program (which he has already attended for eighteen (18) months) in violation of the R.I. Gen. Laws and the guidelines (which are only allowed to perscribe what portion of a sentence on a particular crime.

IF the prisoner disputes the accuracy of the information presented, the Commission shall resolve such dispute by the preponderence of the evidence standard, that is, the commission shall rely upon such information only to the extent that it represents the explanation of the facts that best accords with reason and probability".

Solomon, supra pg. 289, Note 11. "Because it is highly significant, facts which are reviewable by the Court, it has been held that when contested facts appear to be highly significant to a decision by the parole Commission,

a defendant should be permitted to prove his contrary facts in an adversary hearing on his petition for a writ of habeas corpus. See Cox v. Benson, 548 F.2d 186, 188 (7th cir. 1977).

Solomon, supra, "Courts have the Authority to review decisions by the commission which show an Abuse of discretion. This review cannot be made without some inquiry into the evidence relied upon by the commission to support it's expressed reasons for denying parole".

See Note 15, on page 290, In Hearns v. Nelson 496 F. Supp. 1111 (D. Conn. 1980), "the petitioner had been incarcerated for 66 months after a conviction for conspiring to distribute narcotics. He originally had been sentenced to consecutive three and twelve year prison terms, The parole commission gave Hearns a salient factor score of (9) and rated his offense severity as "high". The parole guidelines recommended a prison term of 14-20 months, The petitioner had an excellent institutional and prior work record. His post release program included a definite employment plan with steady family, church and community involvement".

"The district court, in issuing the writ of habeas corpus, stated that a strong inference

that the commission had failed to consider favorable information is created when an abundance of information favorable to the petitioner is coupled, with a disparity between the period of incarceration suggested by the guidelines and this period actually served." Hearns at 1115. The district Court also noted that Hearns was denied parole without any explanation of "why ... petitioner's specific criminal actions justified denial of parole." Id at 1116. This factor is absent in Solomon's determination.

Solomon, Note 2, "the statute provides an inmate a legitimate expectation of parole which is entitled to Constitutional protection, (as in Greenholtz), See United States ex. rel. Scott v. Ill. Parole and Pardon Board 669 F.2d 1185 (7th cir. 1982).

In a First Circuit decision the Court says that the language in Scott, supra, (pg. 1185) is sufficently analogous to that discussed in Greenholtz. In Brennan v. Cunningham, 813 F.2d 1, 8 "The Scott Court analyzed a statute stating that the parole board "shall not" grant parole "unless" certain conditions exist." see SCOTT supra, at 1188. The Scott Court so held dispite it's recognition that the negative formulation left greater room

for a discretionary interpretation of the statute than the positive formulation in Greenholtz.

In Scott, supra 669 F. 2d 1189, the Court interpreted Illinois' parole release statute and determined that under it "parole must be granted if none of the specific reasons for denial are found to exist."

Rhode Island Parole Board Guidelines

RIGL 11-37-2 First degree Sexual Assult - A person convicted and sentenced to prison on a charge of first degree sexual assult, as defined in RIGL § 11-37-2, should serve two-thirds (2/3) or no more than fifteen (15) years of his/her sentence before being considered for parole release. (see Appendix (iV))

Rhode Island Parole Board Policy Statement
As Adopted March 28, 2007

Note -* Plaintiff avers the R.I. Legislature has only granted the Parole board the Authority to state what portion of a sentence an inmate should serve (as stated in R.I. Gen. Law § 13-8-14.1) and the criteria to be considered in R.I Gen. Laws § 13-8-14 and § 13-8-14.1 (as earlier argued).

4.) Institutional Adjustment - This plaintiff has been a model inmate with two (2) discipline infractions over (18 ¼) years (and none in over (15) years). He has attended the (SOTP) for eighteen (18) months but had to leave to pursue his legal avenues. While in the program the director (Peter Loss) had allowed plaintiff to file for an early review of parole (showing he felt I was no threat). Note - "(SOTP) has no end, no curriculum, the classes are taught mainly by inmates and anyone who files an action (such as this one) is dismissed from the program. Again plaintiff avers the Parole board has not the legislative Authority to mandate a class such as this to be eligible ("seriously considered" same effect) for parole. Now that Plaintiff is out of the program the director refuses to write any recommendation (see Appendix (VI)). As stated plaintiff avers the Court ordered psychiatric evaluation should stand on it's own merit as Dr. Wall is a trained psychiatrist while Mr. Loss (Director SOTP) is a social worker. Plaintiff has also attended countless AA meetings, has addressed his psychiatric needs as he was diagnosed as a bipolar (2) and has been on medication

Nonetheless this plaintiff meets all the criteria required for release. In addition, when his post conviction was granted (before reversal) it was noted that many mitigating circumstances which would have lessened plaintiffs' sentence were not known by the Judge at sentencing.

## Rhode Island Parole Board Policy Statement
### As Adopted March 28, 2007

A.) The R.I. Parole Board will use the following major criteria in determining whether to grant or deny parole:

1.) Risk Assessment tool; This plaintiff has had an extensive psychiatric evaluation done by a board certified psychiatrist who was agreed upon by the Attorney General's office. It was paid for by the Newport Superior Court. It cost $3000.00, is 27 pgs. long and details the risk assessment and any treatment recommendations (see Appendix (I)).

2.) Seriousness of the offense - This was by all accounts an isolated incident. Although a knife was involved, there were no injuries in this case.

3.) Prior Criminal record - This plaintiff is a first time offender.

For years. Plaintiff has also worked as a cook in the A.C.I. kitchens for many years and became a State Certified Food Service handler while incarcerated.

Factors (5) - (9) not applicable

10.) Parole Plan - This plaintiff has a good Job waiting for him, for which a letter was provided to the parole board as well as a letter showing he had a place to live. Plaintiff also has a good support group in the area

Given all the evidence for release the board has no legitimate Justification for denial of parole as per R.I. Gen. Laws §13-8-14 and §13-8-14.1. As stated in Petrarca v State of Rhode Island 583 F.2d 297, 300 quoting Greenholtz - " The Court accepted the prisoners' view that the structure of the provision together with the use of the word shall binds the board of parole to release an inmate unless any one of the four specifically designated reasons (which are legislative) are found. In their view, the statute creates a presumption that parole release will be granted, and that this in turn creates a legitimate expectation

of release absent the requisite finding that one of the (legislative) justifications for deferral exists;" The Greenholtz mandates are noted in Petrarca as now applying in Rhode Island. Supra 302 "However, the enactment of R.I. Gen. Law § 13-8-14.1 did put a cognizable liberty interest in the Rhode Island scheme....". "R.I. Gen. Laws § 13-8-14.1 limits the great discretion conferred on the parole board by the earlier statutes. Although the board is able to set it's own guidelines, it is also required to follow them." Note- the legislature defines the guidelines as what portion of a sentence is to be served for a particular conviction, in this case it is (2/3) two-thirds or no more than (15) fifteen years. This plaintiff has now served (18) years, (4) months. In addition the parole boards reason for denial is illogical given his extensive psychiatric evaluation. It is illegal, as it is not a reason for deferral as per R.I. Gen. Laws § 13-8-14 and § 13-8-14.1. The reason given more closely relates to a sort of illegal civil commitment by the parole board. Plaintiff could see if he had a bad psychiatric evaluation but given the statistics presented and the standards, (Guidelines) the boards actions are not in accordance with the law, and are violating this

(N)

plaintiff's Constitutional rights.

## Parole Board's Make-Up

Plaintiff avers he has been heard by an illegal parole board as stipulated in R.I. Gen. Laws § 13-8-1, 13-8-2, and 13-8-3. Since these hearings were done by an illegal board they amounted to no hearing at all under R.I. Gen. Laws § 13-8-9, 13-8-10, and 13-8-13. (see Appendix (VII)).

R.I. Gen. Law § 13-8-1 states - "Within the department of corrections there shall be a parole board consisting of seven (7) qualified electors of the State appointed by the Governor. In the month of January in each year the Governor shall appoint one or more members of the board to serve in place of members whose terms have expired, for a term of (3) years, and until his, her, or their successors have been appointed and qualified." Victoria Almedia was on the board back in 1993 and is still on the board. Dr Kenneth Walker has been on the board since at least 1993. Frederic Reamer Phd., and Bennett Gallo have all been on the board since at least 1998, (see Appendix (IIX)). All these appointees are invalid under R.I. Gen. Law § 13-8-1.

R.I. Gen. Law § 13-8-2 states - "Qualifications of the board members. - The seven (7) electors to be named by the Governor shall have the following qualifications:

(1)(ii) One shall be a member in good standing of the Rhode Island bar; the Rhode Island Parole Board currently has (3) three Attornies; Lisa Holley esq., Bennett Gallo esq., and Victoria Almedia esq.

(1)(iv) One shall be a law enforcement officer; it has come to this plaintiff's attention that the chairperson is a police officer reservist and another police officer is also on the board. Again Plaintiff cites Centazzo v. Centazzo 509 A.2d 995, 998 (R.I. 1988) - "it is a rule of statutory construction that an express enumeration of items in a statute (ONE) indicates a legislative intent to exclude all items not listed".

R.I. Gen. Law § 13-8-3 states - "Chairperson - Liberty permits - The Governor shall appoint a qualified elector of this State Chairperson of the Parole board, who shall serve in the unclassified service as a full time employee for a term of two (2) years and until his or her successor has been appointed and qualified; Ms. Lisa Holley has been Chairperson since at least 1998 (See Appendix (VII)).

All these violations of the Rhode Island Parole Boards' make up amount to an illegal board, and all of it's decisions made by this illegal (entity) board should be null and void, thereby denying this plaintiff (and all those who have gone before it) a legal opportunity at parole under R.I. Gen. Law(s) § 13-8-9, 13-8-10, and 13-8-13(1) (see Appendix (viii)).

## Relief

Plaintiff contends that the Rhode Island Parole board is violating it's standards (guidelines) as perscribed in R.I. Gen. Laws § 13-8-14 and § 13-8-14.1, thereby treating this plaintiff in an unconstitutional manner and ignoring his liberty interest. He now seeks injunctional and/or declatory relief for the board's actions.

Plaintiff prays this Honorable Court will declare the parole boards' make up illegal under R.I. Gen. Laws § 13-8-1, 13-8-2, and 13-8-3 and order it brought into compliance with the law. Plaintiff also prays this Court sees that he is given an immediate new parole hearing at which time the board be ordered to follow the proper standards (guidelines) in accordance with the law. He also request the board be ordered to have due

process guidelines mandated regarding the review of parole at reasonable intervals (As in Greenholtz).

Plaintiff further prays this Court expedite and/or grant bail to this plaintiff given the fact that he has already served almost three and a half years more than the greatest guideline. He asks this in the Interest of Justice.

Respectfully Submitted,

Douglas Pelletier

Douglas Pelletier pro se'
P.O. Box 8274
Medium I AR-41
Cranston, RI, 02920

## Certification

I, Douglas Pelletier do hereby certify that a true copy of this motion and associated exhibits were mailed to the Attorney General's office at 150 South Main Street, Providence, RI, 02903 via the U.S. Postal Service. A copy was also mailed the Lisa Holley of the R.I. Parole Board, at 40 Howard Avenue, Cranston, R.I., 02920 via the inter-departmental mail system of the Adult Correctional Institutions. Both of these were mailed on this 22nd day of May 2007.

Douglas Pelletier

®