UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DOUGLAS J. PELLETIER, Plaintiff, | : | |
| v. | : | CA 07-186 S |
| STATE OF RHODE ISLAND and RHODE ISLAND PAROLE BOARD, Defendants. | : | |

**ORDER**
**DENYING MOTION FOR**
**APPOINTMENT OF COUNSEL**

Before the Court is Plaintiff's Motion for Appointment of Counsel (the "Motion"). There is no constitutional right to appointed counsel in a civil case. Maroni v. Pemi-Baker Regional School District, 346 F.3d 247, 257 (1st Cir. 2003); accord DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). An indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel, Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986), and that a denial of counsel is likely to result in fundamental unfairness impinging on the plaintiff's due process rights, DesRosiers v. Moran, 949 F.2d at 23.

In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. See id. Plaintiff is an inmate at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island, who was sentenced on January 8, 1990, to seventy-five years imprisonment with sixty years to serve.[1] See

[1] Presumably, fifteen years of the seventy-five year sentence were suspended. See Complaint at 4.

Complaint at 4. The sentence was made retroactive to January 13, 1989. See id.

In his Complaint, Plaintiff alleges that the members of the Rhode Island Parole Board ("Board") have denied him his constitutional right to equal protection and due process by departing from the Board's guidelines and applicable state law. See Complaint at 1. In particular, Plaintiff alleges that the Board members applied invalid criteria and considered invalid information in denying him parole. See id. at 1-2. Plaintiff further alleges that the Board is using "extraordinar[il]y long intervals between parole hearings," id. at 2, thereby allegedly violating the mandates of Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 99 S.Ct. 2100 (1979). Plaintiff also claims that the composition of the Board is illegal and that the Board which denied him parole was illegally constituted. See Complaint at 2.

In his prayer for relief, Plaintiff requests: 1) that the Court order the Board to comply with R.I. Gen. Laws §§ 13-8-1, 13-8-2, and 13-8-3; 2) that he be brought before the Board immediately and given a more favorable decision, i.e., be granted parole in accordance with R.I. Gen. Laws §§ 13-8-14 and 13-8-14.1; 3) that he be granted bail pending the outcome of this action; and 4) that the Court afford whatever other relief it deems appropriate. See Complaint at 8-9.

On their face, Plaintiff's claims cannot be said to be frivolous. Beyond this, the Court is unable to assess at this early stage in the litigation the degree to which they may have merit. Accordingly, this circumstance favors the appointment of counsel, although only slightly.

With regard to the legal issues involved, Plaintiff's claims are not especially complex. He has set them forth in his Complaint with reasonable clarity and has filed a Memorandum of

Law further clarifying those claims. The factual issues involved appear to be within his knowledge, and any additional investigation which may be required appears to be within his ability to conduct. Additionally, the applicable law is not beyond a layman's comprehension. These considerations weigh against granting the Motion.

Lastly, Plaintiff appears to have the ability to represent himself as evidenced by his filings to date. Indeed, his Complaint and filings in this matter to date reflect a familiarity with the law considerably above that of the average lay person. Cf. Cookish v. Cunningham, 787 F.2d at 4 (finding no exceptional circumstances where, inter alia, the plaintiff "exhibited relative familiarity with the legal process"). This factor weighs significantly against the granting of the Motion.

After considering the total situation, the Court concludes that Plaintiff has not demonstrated the existence of special circumstances warranting the appointment of counsel. Accordingly, the Motion is denied.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
May 25, 2007