UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DOUGLAS J. PELLETIER,
Plaintiff,

v. CA 07-186 S

STATE OF RHODE ISLAND, et al.,
Defendants.

**ORDER**
**RE COMBINED MOTION**

Before the Court is a document filed by Plaintiff which is entitled "Motion to Amend Complaint, Motion for Counsel, Motion to Expedite" (Document ("Doc.") #15). The Court refers to this document as the Combined Motion. Because the Combined Motion contains three separate requests for relief, the Court addresses them in the numbered sections which appear below.[1]

**1. Motion to Amend**

Plaintiff "requests that he be allowed to amend the preliminary statement complaint (which has been sent with waiver of service forms to parties on (8/30/07)(less than 20 days ago)) to include the case number and have the State of Rhode Island listed in the parties (as justice so requires)." Combined Motion at 1. As Federal Rule of Civil Procedure 15(a)[2] permits a party

---

[1] Plaintiff is advised that combining three motions in a single document hinders consideration of his requests. Each motion should be filed as a separate document.

[2] Federal Rule of Civil Procedure 15(a) states:

> (a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in

to amend his pleading once as a matter of course at any time before a responsive pleading is served and the docket does not reflect that any responsive pleading has been filed, Plaintiff does not require Court permission to file an amended complaint. However, in order to provide a clear record of this action (and to avoid having a motion seemingly pending unaddressed), **the Motion to Amend is GRANTED.**

Plaintiff, however, is advised that the appendices which are referenced in the proposed amended complaint are not attached to that document. If Plaintiff intends that these appendices are to be part of his amended complaint, he should file them as an "Appendix to Amended Complaint."[3] Plaintiff should also be aware

---

> response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Fed. R. Civ. P. 15(a).

[3] Plaintiff is advised that because court documents can now be accessed via the internet, the Judicial Conference of the United States has created a privacy policy. Pursuant to that policy, parties are to:

> refrain from including, or shall partially redact where inclusion is necessary, the following personal data identifiers from all documents filed with the Court, including exhibits thereto, whether filed electronically or in paper, unless otherwise ordered by the Court:
> (1) MINORS' NAMES: Use of the minors' initials only;
> (2) SOCIAL SECURITY NUMBERS: Use of the last four numbers only;
> (3) DATES OF BIRTH: Use of the year of birth only;
> (4) FINANCIAL ACCOUNT NUMBERS: Identify the type of account and the financial institution, but use only the last four numbers of the account number; and
> (5) HOME ADDRESSES: Use the city and state only.

Administrative Order No. 2006-01, Attachment (Administrative Procedures for Electronic Case Filing) at 3-4.

Accordingly, to the extent that any of the appendices contain information which violates the privacy policy, Plaintiff shall either redact such information or request that such appendices be filed under

that the amended complaint should be complete in itself. Once it is filed, the original complaint is a nullity. See Lucente v. I.B.M. Corp., 310 F.3d 243, 260 (2nd Cir. 2002)("[A]n amended complaint ordinarily renders the original complaint of no legal effect.").

**2. Motion for Counsel**

The Court has previously denied Plaintiff's request that counsel be appointed to represent him. See Order Denying Motion for Appointment of Counsel (Doc. #6) ("Order of 5/25/07"). His renewed request for appointment of counsel appears to be based on his belief that the Court is holding him to "the finer points of procedure ...." Combined Motion at 2. Presumably, Plaintiff is referring to the September 5, 2007, order entered by this Magistrate Judge which advised Plaintiff that the Clerk was not permitted to comply with Plaintiff's request to "correct" the Complaint,[4] see Letter from Plaintiff to Clerk of 8/30/07; see also Order of 9/5/07 (Doc. #14) (advising Plaintiff that "[t]he Clerk is not permitted to 'correct' copies").

This Court is cognizant that because Plaintiff is pro se his pleadings are to be read with an extra degree of solicitude. See Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991). It has and will continue to do so. However, his pro se status does not exempt him from compliance with the Federal Rules of Civil Procedure or this Court's procedural rules. See Ruiz Rivera v. Riley, 209 F.3d 24, 28 n.2 (1st Cir. 2000). Requiring such compliance does not mandate that he be appointed counsel. As the Court has previously stated, there is no right to appointed

---

seal.

[4] Plaintiff sought to have the Clerk add (or substitute) pages to his Complaint so as to add the "State of Rhode Island (Attorney General Patrick Lynch)." Letter from Plaintiff to Clerk of 8/30/07 (Attached as exhibit to Order of 9/5/07 (Doc. #14)).

counsel in a civil case. See Order of 5/25/07 at 1. Furthermore, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).

It is true that in exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).[5] However, this Court has already determined that exceptional circumstances are not present in this case. See Order of 5/25/07 at 3. Nothing has occurred since the Order of 5/25/07 was entered which persuades the Court that its earlier finding was erroneous. Accordingly, **the Motion to Appoint Counsel is DENIED.**

**3. Motion to Expedite**

Plaintiff requests "to either have this case expedited or be released on bail pending the outcome of this lawsuit." Combined Motion at 2. **To the extent that Plaintiff seeks to have the case expedited, the Motion is denied without prejudice** to being renewed after Defendants have responded to the amended complaint. **To the extent that Plaintiff seeks to be released on bail, the Motion is denied.** The Court is unpersuaded that he has shown a likelihood of success. See United States v. Ellis, 907 F.2d 12, 13 (1st Cir. 1990)("parole is a matter of grace, not of right"); see also Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04 (1979)(finding "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence").

[5] 28 U.S.C. § 1915(e)(1) states: "The court may request an attorney to represent any person unable to afford counsel."

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
October 15, 2007