United States District Court
For the District of Rhode Island

Douglas J. Pelletier pro se
Plaintiff C.A. NO. 07-186 S

V

State of Rhode Island and
Rhode Island Parole Board
Respondent Complaint

Preliminary Statement

This is a civil rights action filed by Douglas J. Pelletier, a state prisoner, for damages and injunctive relief under 42 U.S.C. § 1983, alleging that the Rhode Island Parole Board's members denied him equal protection under the Fourteenth (14th) Amendment to the United States Constitution when they acted in a capricious and arbitrary manner, abused it's discretion and treated him unfairly. Plaintiff was also denied due process of law under the Fifth (5th) and Fourteenth (14th) Amendments to the United States Constitution when the members of the Parole board departed from the Board's guidelines and Rhode Island General laws § 13-8-14 and § 13-8-14.1, because the board members applied invalid criteria and considered invalid information in denying plaintiff parole after

reaching the maximum guidelines for his crimes. The board also disregarded his rehabilitation, good behavior, excellent work habits, and an extensive twenty-seven (27) page psychiatric evaluation which the RI Superior Court had prepared in (2004) when it (the Superior Court) was going to re-sentence plaintiff (decision later overturned by RI Supreme Court). This report was prepared by a board certified psychiatrist who was agreed upon by the prosecution and defense, it's risk assessment and treatment recommendations are enclosed in Appendix (i).

The Rhode Island parole board is using extraordinary long intervals between parole hearings. This violated the mandates of Greenholtz which the U.S. District Court for the District of Rhode Island stated apply to Rhode Island.

Plaintiff also avers he has been heard by an illegal parole board as stipulated in R.I. Gen. Laws § 13-8-1, § 13-8-2, and § 13-8-3 thereby being the same as no hearing at all in violation of R.I. Gen. Laws § 13-8-9, § 13-8-10, and § 13-8-13. Since the boards make-up is illegal it's decisions are invalid and void in the eyes of the law.

## Jurisdiction

1.) This Court has Jurisdiction over the plaintiff's claims of violations of Federal Constitutional rights under 42 U.S.C. §§ 1331 and 1343.

2.) The Court has supplemental Jurisdiction over the plaintiff's state law tort claim under 28 U.S.C. § 1367; and R.I. Constitutional (Amendment 4).

## PARTIES

1.) Lisa Holley esq. and chairwoman of the R.I. Parole Board

2.) Frederic Reamer member of the R.I Parole Board.

3.) Charles Denby member of the R.I. Parole Board.

4.) Authur Jones member of the R.I Parole Board.

5.) State of Rhode Island (Patrick Lynch, Attorney General).

## Facts

Plaintiff, Douglas J. Pelletier is currently serving a (75) year sentence with (60) years to serve for first degree sexual assult, assult with intent to murder, assult with a dangerous weapon, and breaking and entering. This all stemmed from problems with Plaintiff's child's mother and her family. Plaintiff was sentenced in regards to a plea on January 8, 1990 in Washington County Superior Court in front of Judge Dominic Cresto. This time was retroactive to January 13, 1989, date of the arrest.

Plaintiff was first seen by the R.I. Parole Board in January of 1999 after serving (10) ten years. At that time he was denied and given a (5) five year review. The reason given was seriousness of this heinous crime and that he had just begun work in the sex offender treatment program (SOTP) see Appendix (ii), Note: the parole board described a heinous crime, plaintiff was sentenced on a plea, he actually refuted (at the plea) many of the facts or circumstances. In addition under the Blakely decision in the U.S. Supreme Court any factor used to enhance a sentence or in this case parole must be proved. In the (10) ten years leading up to parole plaintiff had been a model inmate, had worked his entire time in

Jail, Attended AA meetings and developed skills as a cook in the A.C.I. kitchens. Plaintiff avers he was not required to attend the sex offender treatment program (SOTP) by the R.I Superior Court when sentenced (the Court does Court order certain people to attend that program), nor does the R.I. Parole board have the legislative authority to order someone to attend this program as a parole condition, or to be eligible for parole.

In 2003 Plaintiff was ordered re-sentenced (this decision was later overturned by the R.I. Supreme Court). Prior to reversal the Superior Court had an extensive psychiatric evaluation prepared by a board certified psychiatrist (see Appendix ( i ), risk assessment and treatment recommendations). This report shows plaintiff to be a prime candidate for parole according to the criteria set forth in R.I. Gen. Laws § 13-8-14 and § 13-8-14.1 (see Appendix ( iii ). In January of 2004 plaintiff signed off of parole until the re-sentencing process finished in the R.I. Supreme Court. Eventually plaintiff signed back on to parole and was seen in November of 2004 at which time he was denied again. The reason given this time was that he was no longer in the Sex offender treatment program, (from here on out referred to as the (SOTP) and that hopefully when he is seen again in (4) Four years

he will be re-enrolled. At that parole hearing Lisa Holley refused to consider the psychiatric evaluation, plaintiff's exempliary behavior while incarcerated, being a first time offender, his excellent work habits, Attending AA meetings, or the Fact that he had been involved with the (SOTP) For (18) eighteen months at which time the program director had allowed him to File For an early review of parole. Plaintiff had an excellent parole package with support letters, Job letter, And a place to live.

## Equal Protection Clause

A.) The plaintiff Alleges that the parole board denied him equal protection and Acted in a capricious and arbitrary manner, Abused it's discretion and treated him unfairly compared to similarily situated inmates. Plaintiff has the psychiatric evidence to show he is parole ready, And the Fact is to continue to deny him militates the rehabilitative and parole process.

## Due Process Clause

B.) The plaintiff Alleges that the parole board acted in an Arbitrary and capricious manner, And abused it's discretion when it departed From

it's guidelines. Due process was violated because the parole board applied invalid criteria, and considered invalid factors such as the fact that plaintiff is not required to attend the (SOTP), was not court ordered, the psychiatric evaluation shows the plaintiff is a very low risk to reoffend. In addition the parole board has no legislative authority to order any such program. The board also refused to consider plaintiffs outstanding parole package and institutional record.

C.) The parole board has given plaintiff a (5) five year review and a (4) four year review (after he had signed off for (11) eleven months). Plaintiff avers that these long reviews are a violation of due process, since just as there is no logical reason for denial, nor is there reason for these lengthy reviews given plaintiffs' overall record. They also violate the mandates of Nebraska's "Greenholtz" which apply in R.I.) parole scheme which states that inmates are to be seen every (6) six to (12) twelve months after the initial parole hearing.

## Claims For Relief

The actions of defendants Holley, Reamer, Denby, and Jones in acting in a capricious and

Arbitrary manner violated the (14th) Fourteenth and (5th) Fifth Amendments to the United States Constitution.

The actions of defendants Holley, Reamer, Denby, and Jones violated a State Created liberty interest and expectation of a favorable decision when they departed from the parole board's guidelines (R.I. Gen. Laws § 13-8-14; and 13-8-14.1 (see Appendix (iii))

The actions of defendants Holley, Reamer, Denby, and Jones caused a tort against plaintiff when they treated plaintiff differently than those inmates similarily situated by not applying valid criteria with valid information when deciding his fate and parole release.

Wherefore, Plaintiff requests that the Court grant the following:

1) Order the R.I. Parole Board be brought into compliance with R.I. Gen. Laws § 13-8-1, 13-8-2, and 13-8-3.

2) Issue a decree that plaintiff be seen by the parole board immediately and be given a more favorable decision; i.e. Be granted parole in

accordance with R.I. Gen. Laws § 13-8-14 and 13-8-14.1.

3.) Grant plaintiff bail pending the outcome of these proceedings since he has already served (3) three years, (4) four months past the maximum guidelines (standards) for parole release.

4.) Rule on whatever other relief this Honorable Court deems appropriate.

May 21, 2007
Date

[signature]
Douglas J. Pelletier prose
P.O. Box 8274
Medium I AR-41
Cranston, RI, 02920

Certification

I, Douglas Pelletier, do hereby certify that a true copy of the enclosed documents were mailed via the U.S. Postal service to the R.I. Attorney General's office, at 150 South main Street, Providence, R.I., 02903 and to the R.I. Parole Board, Lisa Holley Chairwoman, at 40 Howard Avenue, Cranston, R.I., 02920 through the inter-departmental mail system of the Adult Correctional Institutions (A.C.I.), both were mailed on this 22nd day of May 2007.

[signature]