SECTION.
13-8-23. Agencies required to provide reports to parole board.
13-8-24. Case reports to director of corrections.
13-8-25. Annual reports of board.
13-8-26. Statements by interested individuals or families.
13-8-27. Fees and allowances of officers.
13-8-28. [Obsolete.]
13-8-29. Authority of parole board to grant parole to federal prisoners.
13-8-30. Community supervision for child molestation offenses.
13-8-31. Community supervision board.
13-8-32. Community supervision.
13-8-33. Violations of community supervision — penalties.


**13-8-1. Parole board — Appointment and terms of members.** — Within the department of corrections there shall be a parole board consisting of seven (7) qualified electors of the state appointed by the governor. In the month of January in each year, the governor shall appoint one or more members of the board to serve in place of members whose terms have expired, for a term of three (3) years, and until his, her, or their successors have been appointed and qualified.

**History of Section.**
P.L. 1915, ch. 1186, § 1; G.L. 1923, ch. 414, § 1; P.L. 1926, ch. 868, § 1; P.L. 1932, ch. 1933, § 1; P.L. 1935, ch. 2250, § 17; G.L. 1938, ch. 617, § 1; P.L. 1943, ch. 1304, § 1; P. L. 1946, ch. 1687, § 1; P.L. 1949, ch. 2161, § 1; G.L. 1956, § 13-8-1; P.L. 1969, ch. 28, § 1; Reorg. Plan No. 1, 1970; P.L. 1972, ch. 163, § 9; P.L. 1989, ch. 419, § 1; P.L. 1993, ch. 262, § 1.

**Cross References.** Probation, §§ 12-18-1, 12-18-2.

NOTES TO DECISIONS

**1. In General.**
Failure of the governor to make an appointment under this section in the month of January does not preclude his making it later. Little v. Iannuccillo, 100 R.I. 336, 215 A.2d 421 (1956).

**13-8-2. Qualifications of board members.** — The seven (7) electors to be named by the governor shall have the following qualifications:

(1)(i) One of the qualified electors shall be a physician who is professionally qualified in the field of psychiatry or neurology;

(ii) One shall be a member in good standing of the Rhode Island bar;

(iii) One shall be a person who is professionally trained in correctional work or in some closely related general field as a social work; and

(iv) One shall be a law enforcement officer;

(2) All of the qualified electors shall be individuals who shall also have shown an interest in social welfare problems.

**History of Section.**
G.L., ch. 617, § 1; P.L. 1949, ch. 2161, § 1; G.L. 1956, § 13-8-2; P.L. 1969, ch. 28, § 2; P.L. 1989, ch. 419, § 1; P.L. 1993, ch. 262, § 2.

**Reenactments.** The 2002 Reenactment added the paragraph designations in subdivision (1).

**13-8-3. Chairperson of board — Liberty permits.** — (a) The governor shall appoint a qualified elector of this state chairperson of the parole board, who shall serve in the unclassified service as a fulltime employee for a term of two (2) years and until his or her successor has been appointed and qualified.

(b) All remaining members of the board shall also be in the unclassified service.

(c) The chairperson shall be an individual who has experience in the criminal justice system and shall have earned a baccalaureate degree.

(d) The chairperson shall have authority to create subcommittees of at least three (3) members of the parole board who shall serve on a rotating basis. The subcommittee may, in the case of any prisoner who is subject to the control of the parole board, by an affirmative vote of a majority of the subcommittee members, unless the prisoner is sentenced to imprisonment for life and unless the prisoner is confined as a habitual criminal under the provisions of § 12-19-21, issue to the prisoner a permit to be at liberty upon parole as if the permit were issued by the full board pursuant to the provisions of § 13-8-9.



**History of Section.**
G.L. 1923, ch. 414, § 1; P.L. 1932, ch. 1933, § 1; G.L. 1938, ch. 617, § 1; P.L. 1943, ch. 1304, § 1; P.L. 1946, ch. 1687, § 1; P.L. 1949, ch. 2161, § 1; G.L. 1956, § 13-8-3; P.L. 1978, ch. 96, § 1; P.L. 1993, ch. 262, § 3.

**Reenactments.** The 2002 Reenactment added the subsection designations.

**13-8-3.1. Subpoena powers of board.** — (a) Upon a specific demand made by either party to a preliminary or final parole revocation, the parole board is authorized and empowered to summon witnesses and to compel the production and examination of papers, books, accounts, documents, records, certificates and other legal evidence that may be necessary or proper for the determination and decision of any question before the board at the hearing.

(b) Both parties to a preliminary or final parole revocation hearing shall be informed of the right to compulsory process sufficiently in advance of the hearing to allow the parole board to effectuate that right in accordance with this section.

(c) Nothing in this statute shall be deemed to modify or supercede existing or common law privilege, including the confidential informant privilege.

(d) All subpoenas and subpoenas duces tecum shall be signed by the chairperson or, in the absence or disqualification of the chairperson, by any other member of the parole board, and shall be served as subpoenas are now served in civil cases in the superior court; and witnesses so subpoenaed shall be entitled to the same fees for attendance and travel as are now provided for witnesses in civil cases in the superior court.

(e) If any person fails to obey the command of any subpoena without reasonable cause, or if a person in attendance before the board shall, without reasonable cause, refuse to be sworn or examined, or to answer a legal and pertinent question, the board may apply to any justice of the superior court, upon proof by affidavit of

Appendix (viii)

(b) Case folders shall be made available to each member of the board not less than a week prior to its meeting to interview applicants for parole and shall be maintained in the permanent files of the board.

**History of Section.**
G.L. 1938, ch. 617, § 12; P.L. 1949, ch. 2161, § 1; G.L. 1956, § 13-8-6; Reorg. Plan No. 1, 1970; P.L. 1972, ch. 163, § 9; P.L. 1983, ch. 215, § 1; P.L. 1989, ch. 419, § 1; P.L. 1999, ch. 472, § 1; P.L. 2002, ch. 319, § 1.

**Reenactments.** The 2002 Reenactment added the paragraph designations in subdivision (a)(7).

**Compiler's Notes.** The section as it appears above has been edited by the compiler to include the changes made by the 2002 Reenactment of this title which were not included in the 2002 amendment.

**Collateral References.** Propriety, in criminal case, of Federal District Court order restricting defendant's right to re-enter or stay in United States. 94 A.L.R. Fed. 619.

**13-8-6.1. Notice to local police departments and to state police.** — The parole board shall provide notice to the state and local police departments upon the release of a prisoner on parole, as provided in §§ 13-8-6 and 13-8-16.

**History of Section.**
P.L. 1983, ch. 215, § 2; P.L. 2002, ch. 319, § 1.

**Compiler's Notes.** The section as it appears above has been edited by the compiler to include the changes made by the 2002 Reenactment of this title which were not included in the 2002 amendment.

**13-8-7. Expenses of board.** — The members of the parole board shall be entitled to receive the traveling expenses necessarily incurred in the performance by them of any duty under this chapter. The general assembly shall annually appropriate any sum that it may deem necessary to defray the expenses of the board, including the traveling expenses of its members. The state controller is authorized and directed to draw his or her order or orders upon the general treasurer for the payment of those expenses upon receipt by him or her of proper vouchers duly authenticated and approved by the chairperson.

**History of Section.**
P.L. 1915, ch. 1186, §§ 10, 11; G.L. 1923, ch. 414, §§ 10, 11; P.L. 1935, ch. 2250, § 149; G.L. 1938, ch. 617, §§ 10, 11; P.L. 1943, ch. 1304, § 1; P.L. 1946, ch. 1687, § 3; G.L. 1938, ch. 617, § 14; P.L. 1949, ch. 2161, § 1; G.L. 1956, § 13-8-7.

**13-8-8. Sentences subject to control of board.** — Whenever a person convicted of any offense shall be sentenced to be imprisoned in the adult correctional institutions for a period of more than six (6) months, his or her sentence shall be subject to the control of the parole board as provided for in this chapter.

**History of Section.**
P.L. 1915, ch. 1186, § 2; G.L. 1923, ch. 414, § 2; G.L. 1938, ch. 617, § 2; P.L. 1949, ch. 2161, § 1; P.L. 1950, ch. 2466, § 1; P.L. 1956, ch. 3721, § 5; G.L. 1956, § 13-8-8.

**Collateral References.** Are sentences on different counts to be regarded as for a single term or for separate terms as regards pardon, parole, probation or commutation of sentence. 107 A.L.R. 634.



Parole of prisoners, or discharge of parolees, statute conferring power upon administrative body in respect to, as unconstitutional infringement of power of executive. 143 A.L.R. 1488.

Persons or entities entitled to restitution as "victim" under state criminal restitution statute. 92 A.L.R.5th 35.

Revocation of order commuting state criminal sentence. 88 A.L.R.5th 463.

**13-8-9. Issuance of parole.** — The parole board, in the case of any prisoner whose sentence is subject to its control, unless that prisoner is sentenced to imprisonment for life, and unless that prisoner is confined as a habitual criminal under the provisions of § 12-19-21, may, by an affirmative vote of a majority of the members of the board, issue to that prisoner a permit to be at liberty upon parole, whenever that prisoner has served not less than one-third (⅓) of the term for which he or she was sentenced. The permit shall entitle the prisoner to whom it is issued to be at liberty during the remainder of his or her term of sentence upon any terms and conditions that the board may prescribe.

**History of Section.**
P.L. 1915, ch. 1186, § 3; G.L. 1923, ch. 414, § 3; P.L. 1926, ch. 868, § 2; P.L. 1932, ch. 1933, § 1; G.L. 1938, ch. 617, § 3; P.L. 1946, ch. 1687, § 2; P.L. 1949, ch. 2161, § 1; P.L. 1956, ch. 3721, § 5; G.L. 1956, § 13-8-9.

**NOTES TO DECISIONS**

**1. In General.**
The parole board is not required to parole a prisoner when he becomes eligible or even to receive a petition or grant a hearing thereon. Lee v. Kindelan, 80 R.I. 212, 95 A.2d 51, cert. denied, 345 U.S. 1000, 73 S. Ct. 1146, 97 L. Ed. 1406 (1953).

For an advisory opinion as to when an individual sentenced to consecutive life sentences may apply for parole, see In re Advisory Opinion to Governor, 421 A.2d 535 (R.I. 1980).

---

**Collateral References.** Fine or penalty imposed in addition to imprisonment, pardon or parole as affecting. 74 A.L.R. 1118.

Parole as suspending running of sentence. 28 A.L.R. 947.

**13-8-9.1. Notification upon release.** — The parole board shall, immediately prior to the release of any prisoner on parole, notify:

(1) The victim of the crime committed by the prisoner, or in homicide cases a member of the immediate family of the victim if any can be identified; and

(2) The police department in the community where the crime for which the prisoner was sentenced was committed, the police department in the community where the prisoner was residing at the time of the commission of the offense, and the police department in the community where the prisoner will be residing upon his or her release.

**History of Section.**
P.L. 1983, ch. 259, § 1; P.L. 1984, ch. 14, § 1.

Case 1:07-cv-00186-S-JH Document 20-7 Filed 10/30/2007 Page 3 of 3



**13-8-10. Prisoners subject to more than one sentence.** — (a) If a prisoner is confined upon more than one sentence, a parole permit may be issued whenever he or she has served a term equal to one-third (⅓) of the aggregate time which he or she shall be liable to serve under his or her several sentences, unless he or she has been sentenced to serve two (2) or more terms concurrently, in which case the permit shall be issued when he or she has served a term equal to one-third (⅓) of the maximum term he or she is required to serve.

(b) If a prisoner, whether in confinement or on parole, is sentenced to serve a term of imprisonment for an offense which was committed after imposition of the sentence then being served, a permit may not be issued until he or she has served in confinement at least one-third (⅓) of the term of imprisonment to which he or she is sentenced for the subsequent offense. In calculating the date the prisoner shall become eligible for a permit, the time spent in confinement on an earlier imposed concurrent sentence shall not be credited for the purposes of parole eligibility on the subsequent sentence. In the event a prisoner is convicted of two (2) or more subsequent offenses and is sentenced to multiple terms of imprisonment for those offenses, the standards contained in subsection (a) of this section shall be used to determine when he or she has served one-third (⅓) of the terms of confinement imposed for the subsequent offenses and thereby is eligible for issuance of a permit under this subsection.

**History of Section.**
P.L. 1915, ch. 1186, § 3; G.L. 1923, ch. 414, § 3; P.L. 1926, ch. 868, § 2; P.L. 1932, ch. 1933, § 1; G.L. 1938, ch. 617, § 3; P.L. 1946, ch. 1687, § 2; P.L. 1949, ch. 2161, § 1; P.L. 1956, ch. 3721, § 5; G.L. 1956, § 13-8-10; P.L. 1979, ch. 394, § 1.

**NOTES TO DECISIONS**

ANALYSIS

1. In general.
2. Constitutionality.
3. Eligibility for parole.

**1. In General.**

For an advisory opinion as to when an individual sentenced to consecutive life sentences may apply for parole, see In re Advisory Opinion to Governor, 421 A.2d 535 (R.I. 1980).

**2. Constitutionality.**

A parole board's action in first giving a convict eligibility status for parole and then subsequently taking it away based on its reinterpretation of the parole eligibility statutes did not violate due process. Lerner v. Gill, 463 A.2d 1352 (R.I. 1983).

A parole-board determination in regard to a convict's parole-eligibility status was not the equivalent of a rule subject to the ex post facto clauses of the Rhode Island and United States Constitutions. Lerner v. Gill, 463 A.2d 1352 (R.I. 1983).

Where the statute on parole eligibility had not been changed, procedural guidelines adopted and applied by the parole board after sentencing of a petitioner were not in violation of the prohibition against ex post facto laws. Skawinski v. State, 538 A.2d 1006 (R.I. 1988).

**3. Eligibility for Parole.**

The clause in subsection (a) relating to concurrent sentences cannot be read in isolation from the preceding clause. DeCiantis v. State, 666 A.2d 410 (R.I. 1995).

The trial court properly applied § 13-8-13(b) to require that the defendant serve ten years of concurrent life sentences and an additional ten years on a consecutive life sentence before becoming eligible for parole. DeCiantis v. State, 666 A.2d 410 (R.I. 1995).



**Collateral References.** Validity, construction, and application of concurrent-sentence doctrine-state cases. 56 A.L.R.5th 385.

**13-8-11. Good conduct, industrial, and meritorious service time included in computation.** — In computing the one-third (⅓) of any term of sentence for the purpose of §§ 13-8-9 — 13-8-14, the time a prisoner shall have earned pursuant to §§ 42-56-24 and 42-56-26 shall be considered by the parole board to reduce inmate overcrowding when directed by the criminal justice oversight committee, pursuant to the provisions of § 42-26-13.3(e), or when directed by the governor, pursuant to the provisions of § 42-26-13.3(f).

**History of Section.**
P.L. 1915, ch. 1186, § 3; G.L. 1923, ch. 414, § 3; P.L. 1926, ch. 868, § 2; P.L. 1932, ch. 1933, § 1; G.L. 1938, ch. 617, § 3; P.L. 1946, ch. 1687, § 2; P.L. 1949, ch. 2161, § 1; P.L. 1956, ch. 3721, § 5; G.L. 1956, § 13-8-11; P.L. 1965, ch. 228, § 2; P.L. 1989, ch. 419, § 1; P.L. 1993, ch. 108, § 2.

**13-8-12. [Repealed.]**

**Repealed Sections.** This section (P.L. 1915, ch. 1186, § 3; G.L. 1923, ch. 414, § 3; P.L. 1926, ch. 868, § 2; P.L. 1932, ch. 1933, § 1; G.L. 1938, ch. 617, § 3; P.L. 1949, ch. 2161, § 1; P.L. 1956, ch. 3721, § 5; G.L. 1956, § 13-8-12), concerning parole eligibility of habitual criminals, was repealed by P.L. 1982, ch. 226, § 3. For current provisions concerning minimum sentences habitual criminals must serve to be eligible for parole, see § 12-19-21(b).

**13-8-13. Life prisoners and prisoners with lengthy sentences.** — (a) In the case of a prisoner sentenced to imprisonment for life, a parole permit may be issued at any time after the prisoner has served not less than ten (10) years imprisonment provided, that:

(1) In the case of a prisoner serving a sentence or sentences of a length making him or her ineligible for a permit in less than ten (10) years, pursuant to §§ 13-8-9 and 13-8-10, the permit may be issued at any time after the prisoner has served not less than ten (10) years imprisonment.

(2) In the case of a prisoner sentenced to imprisonment for life for a first or second degree murder committed after July 10, 1989, the permit may be issued only after the prisoner has served not less than fifteen (15) years imprisonment.

(3)(i) In the case of a prisoner sentenced to imprisonment for life for a first or second degree murder committed after June 30, 1995, the permit may be issued only after the prisoner has served not less than twenty (20) years imprisonment; and

(ii) The permit shall be issued only by a unanimous vote of all the attending members of the board, providing that not less than four (4) members are present, and whenever, after the issue of the permit, the prisoner shall be pardoned, then the control of the board over the prisoner shall cease and terminate.

(4)(i) In the case of a prisoner sentenced to imprisonment for life who is convicted of escape or attempted escape from the lawful