United States District Court
For the District of Rhode Island

Douglas Pelletier pro se' Plaintiff

V C.A. NO. 07-186 S

State of Rhode Island and
Rhode Island Parole Board members Defendants

Response to Defendant's Answer
to Complaint

Now comes the plaintiff, Douglas Pelletier pro se, and hereby wishes to respond to the defendant's answer to his complaint.

To begin with, this very Court has analyzed the Rhode Island Parole Statutes in William Petrarca v State of Rhode Island cited as 583 F. Supp 297. This ruling stated that although the parole board was statutorily allowed to establish written guidelines ((the R.I. G.L. § 13-8-14.1 defines these guidelines as the portion of a sentence that should be served (see Appendix (iii) pg 2 13-8-14.1 (a)), it must also follow them. This case (Petrarca) also states that the Rhode Island General laws have more of a liberty interest than that in the

Nebraska scheme (Greenholtz case) and more closely "resemble the Federal one see 18 USC § 4206" (quoted in Petrarca).

Under 18 U.S.C.A. § 4207 U.S. v Stevens 559 F Supp. 1007 - D.C. Kan 1983 - "Broad discretion of the parole commission is **not** without limit and commission must not act arbitrarily or capriciously or abuse its discretion, and the commission must abide by it's own rules and regulations as well as statutory requirements established by Congress;" Parkers v Corrothers 750 F. 2d 653 C.A. Ark. 1984 - "Prisoners must be considered for parole under Parole board guidelines in use at time they committed the first crime for which they were now imprisoned U.S.C.A. Const. Art. I, § 9 cl. 1 et. seq." (At the time of my offenses (1989) there were **no** written guidelines and the intervals between parole hearings were generally every (6-12) months after initial hearing.

C.A. N.Y. 1977 - "Since parole eligibility is considered an intergral part of any sentence, official postsentence action that delays eligibility for supervised releases runs afoul of the ex post facto proscription; this result follows even though the maximum statutory penalty for the crime remains unchanged." 18 U.S.C.A. §§ 4206, 5017; U.S.C.A. Const. Art 1, § 9, cl. 3 Shepard

v Taylor 573 F.2d 1295, "Underlying criteria which guide parole commission are whether there are reasonable possibilities that prospective parolee will remain at liberty without violating law and whether release of parolee is compatible with welfare of society." - Scarpa v U.S. Board of Parole 501 F.2d 992, "Parole Commission abuses it's discretion by continuing prisoner in confinement beyond published guidelines because of seriousness of prisoner's offense since this factor was included in guidelines which were relied upon by sentencing Judge" - Little v Hadden (1980, DC Colo) 504 F. Supp. 558.) "Considering specific limitations on commission's exercise of discretion (this was also noted as applying to the R.I. statutes by this Court in the Petrarca case) contained in Former 18 U.S.C.S. § 4206 (c) and presence of mandatory word "Shall", conclusion that Federal parole statute creates substantial expectancy of parole follows." Evan v Dillahunty (1981, CA8 Ark) 662 F.2d 522, "Very minimum that is required of parole commission is that it's consideration and determination of prisoner's eligibility for parole must be meaningful and in compliance with statutory standards and it's own regulations; however Federal Court intervention would be appropriate where

Applicable Standards and commission's determination was not meaningful." United States v Wigoda (1976 ND Ill.) 417 F. Supp. 276.

With these cases (or rulings) in mind this this plaintiff would like to aver that (a) he has already served (4) years more than the maximum guideline (which is (15) years (see Appendix (iv) pg 9, RIGL 11-37-2)) without any legitimate reason being given (or existing), (b) he has voluntarily attended (plaintiff wishes to note that he was never Court ordered or is statutorily required to attend the sex offender treatment program, he also avers given the liberty interest in R.I. he is not legally required to attend any program absent a Court order (which is given in certain cases), to be given serious consideration for parole, as consideration that is not serious amounts to no consideration at all) the sex offender treatment program for (18) months at which time the director of that program (Peter Loss) allowed this plaintiff (through an attorney) to file for an early review of parole. This shows Mr. Loss did not feel this plaintiff to be a threat to reoffend. The RI Superior Court also had prepared an extensive psychiatric evaluation by a board certified psychiatrist in (2004) showing this plaintiff to be a very low risk to return to prison (see Appendix (i));

(c) This plaintiff has had an exemplary institutional record and has a very good parole package in place (with a residence and job letter); (d) Plaintiff has met all the legislative and parole board guidelines, has taken responsibility for and expressed remorse for his actions (crimes), as well as demonstrated that he is the very type of inmate who will not return to prison. The purpose of parole is to return those individuals to society who are ready to be an asset to society. Yet in this case (and many others in this system) the laws (and guidelines) seem to be irrelevant.

Since the parole board members and the State of Rhode Island (including it's officials) are in violation of the statutes as well as there own guidelines, they are <u>not working in the scope of their duties</u>. The State and Parole Board have stated in their response that they have <u>Absolute</u> immunity. This plaintiff avers that it may be immune from liable damages (which this plaintiff is not seeking) it is <u>not</u> immune from injunctive and declatory relief, especially when my <u>Constitutionally protected liberty interest is being violated.</u>

There are several other issues this plaintiff raised in his complaint. First, the matter of the lengthy intervals between parole

hearings. This plaintiff was initially seen in January of (1999), After serving (10) years. I was denied and given a (5) year review. In (2003) I signed off of parole for a year pending an appeal. In mid (2004) plaintiff reapplied for parole. I was seen in November of (2004), denied and given another (4) year review. Again citing "Petrarca" the "mandates of Greenholtz now apply in R.I.". In that scheme (Nebraska's, for which Greenholtz refers to) once an inmate becomes eligible for parole (initial hearing) they are seen every (6-12) months thereafter. To further establish that this is applicable in R.I., in Bishop v Moran cited as 676 F. Supp 416, 423 (D.R.I. 1987) - "The board has chosen for possible release all inmates every six months to one year after the inmate first becomes eligible for parole. That is the board's policy!"

Finally, this plaintiff is contesting the make-up of the R.I. Parole Board which I aver is illegal under Rhode Island General Laws. Plaintiff also avers that all decisions made by this illegal board should then be nullified. For this reason plaintiff would again request this case be expedited as the (100) or so inmates who see the parole board each month may be affected by it's ruling. Rhode

Island General law § 13-8-1 Parole Board Appointments and terms of members. – "…. In the month of January in each year, the governor shall appoint one or more members whose terms have expired, for a term of three (3) years, and until his, her, or their successors have been appointed and qualified." This statute states that parole board members are only to serve for a term of three (3) years. It does allow for a grace period to fill the vacancy, but several of these members have been on the board for a decade or more. This is clearly not what the language of the statute infers or could possibly been the legislative intent as it is designed to have an influx of "new blood" on the board based on this statutory term limit of three (3) years. The board is also in violation of Rhode Island General law § 13-8-2 Qualifications of the board members – these state in part – "…. (ii) one shall be a member in good standing of the Rhode Island bar" – this parole board has (3) attorney's on the board as can be seen by Appendix (iv). It is a rule of statutory construction that when an enumeration (one) is given it is meant to be specific. Part (iv) of that same statute states "one shall be a law enforcement officer", the R.I. Parole Board has a

Providence detective, and has heard that Lisa Holley (Chairwoman) is a police reservist, once again in violation of the statute as that would constitute two law enforcement officers on the board. Then there is Rhode Island General Law §13-8-3 Chairperson of board - Liberty permits. - "The governor shall appoint a qualified elector of this State Chairperson of the parole board, who shall serve in the unclassified service as a fulltime employee for a term of two (2) years and until his or her successor has been appointed and qualified." Once again Ms. Holley has been Chairperson for nearly a decade. These statutes were presented in Appendix (VII). Given these statutes and the numerous violations of them, it is clear the make-up of the R.I. Parole Board is invalid and the decisions made by this board should be null and void. Plaintiff therefore request the board be ordered into compliance with the law.

Plaintiff requests that this Honorable Court look at the evidence presented with his complaint, the applicable statutes, his constitutionally protected liberty interest, the guidelines which have long been surpassed, the professionally prepared psychiatric risk assessment showing this plaintiff to be a good candidate for reintergration with society,

and rule that the R.I. Parole Board has acted arbitrarily and capriciously in continuing to deny this applicant parole. Plaintiff prays that this Court issue injunctive and declatory relief in any form it deems appropriate. Finally, Plaintiff requests this Court deem that the R.I. Parole is using too lengthy intervals in between parole hearings and issue injunctive and declatory relief to correct the matter.

Respectfully Submitted,

[signature]

Douglas Pelletier pro se
P.O. Box 8274
Medium I AR-48T
Cranston, RI, 02920

Certification

I, Douglas Pelletier, do hereby certify that a true copy of this Response to Defendant's Answer to Complaint was mailed to: Richard B. Woolley #1452, [Attorney for defendants] Assistant Attorney General, At 150 South main Street, Providence, RI, 02903, via the U.S. Postal service on this 24th day of December, 2007.

[signature]