United States District Court
For the District of Rhode Island

Douglas Pelletier pro se

V C.A. NO. 07-186 S

State of Rhode Island and Rhode Island
Parole Board Members

# Claim Assertions

In accordance with the recent notice (dated January 2, 2008) sent by the U.S. District Court to this plaintiff, he provides for the Court the following information.

1.) The First claim is that the State Parole Board of Rhode Island is violating my Constitutionally protected liberty interest. By definition a Liberty interest is - An interest recognized as protected by the due process clause of the State and Federal constitutions. U.S.C.A. Const. Amend. 5, 14. Generally included are liberties guaranteed by the First eight Amendments of the United States Constitution, As well as interests created when states either legislatively or administratively impose limitations on their discretion and require that a specific standard

prevail in decision making - Blacks' law dictionary.

(a) Plaintiff will establish the liberty interest is in R.I.G.L. § 13-8-14.1. This Honorable Court analyzed that statute and stated this liberty interest existed thereunder in Petrarca v State of R.I. cited at 583 F. Supp 297.

(b) Plaintiff will show he has served (4) years more than the maximum parole guideline (which is 2/3 <u>or No more than (15) years</u>), this plaintiff now has served (19) years. - Parole Board Guidelines.

(c) Plaintiff will show he has exemplified the parole guidelines and that there is no <u>legitimate</u> reason for denial of parole given the parole criteria set down in R.I.G.L. § 13-8-14 and § 13-8-14.1.

(d) Plaintiff will show the parole board is bound by these guidelines if no legitimate reason for variance exists. - R.I.G.L. § 13-8-14.1

(e) Plaintiff will be using the Appendixes showing risk assessment. He will also be introducing his institutional record as well as other evidence showing his suitability for parole.

(f) Plaintiff has other factors he <u>may</u> be raising regarding these "parole guidelines" if they become relevant.

(G) Given the facts this Plaintiff will show the R.I. Parole Board has acted in an Arbitrary

and capricious manner, thereby violating his Constitutionally protected liberty interest.

(h) Plaintiff will show by numerous case law that under the R.I. Statute (13-8-14.1) the parole board can not ignore the guidelines as if they do are subject to Judicial review.

(2) The second claim asserted is that the R.I. Parole Board is using (parole) reviews that are too lengthy.

(a) Plaintiff will show the length of the current reviews versus what they were at the time this plaintiff began his sentence in 1989. Plaintiff has requested from defendants this documentation. C.A. Ark. 1984. "Prisoners must be considered for parole under parole Board guidelines in use at time they committed the first offense for which they were now imprisoned. U.S.C.A. Const. Art. 1, § 9 cl. 1 et. seq. Parker v Corrothers, 750 F. 2d 653.

(b) Plaintiff will show these intervals were never officially changed as they must be done in an open meeting forum according to the Administrative Procedures Act (APA).

(c) Plaintiff will show that the official intervals (Policy) were testified to as being every (6-12) months after the initial hearing in Bishop v Moran cited at 676 F. Supp. 416, 423

(3) The third Claim is that the R.I. Parole Board is illegal in it's very make-up in many ways.

(a) Plaintiff will show that according to R.I.G.L. § 13-8-1 many of the parole board members terms have expired years ago. The law defines their term as a term of (3) years. R.I.G.L. § 13-8-2 states there shall be (1) member of the bar on the board, this board has (3). R.I.G.L. § 13-8-2 also states there shall be (1) representative of law enforcement, it is to this plaintiff belief that there are (2). Since it is a rule of Statutory Construction that when a specific enumeration is given it is to be taken as that. R.I.G.L. § 13-8-3 states the Chairperson shall serve a (2) year term, Ms Holley has been Chairing the board for a decade now. This is shown in Appendix (iix) and he has requested further documentation from defendants.

(b) Given the board is illegal in its make-up, he (plaintiff) will show it's decisions are null and void, therefore equating to no hearing at all in violation of the parole statutes.

Most of this information is contained in plaintiff's Complaint, memorandum of law, Appendixes, and response to State's Answer to Complaint. I pray I have been able to

relate what and how I'm going to prove. I thank you for your time and patience with me, if my legal know how is lacking.

Respectfully Submitted,
Doug Pelletier
Douglas Pelletier pro se
P.O. Box 8274
Medium I AR-48T
Cranston, RI, 02920

Certification

I, Douglas Pelletier, do hereby certify that a true copy of this "Claim Assertions" was mailed via the U.S. Postal service to the U.S. District Court, Office of the Clerk, Providence, R.I., 02903, on this 8th day of January 2008.

Doug Pelletier