Re: C.A. NO. 07-186S
Douglas Pelletier v State of RI and RI Parole Board members

1/8/08

Dear Mr. Woolley,

Hello, I recently received a notice from the U.S. District Court stating I must contact you prior to the January 15, 2008 telephonic pre-trial for an exchange of relevant information outlined in that notice.

As I'm sure you are well aware, I'm no lawyer, so I will do the best job I can to comply. The notice also asks that we explore the possibility of settlement. As to that the only thing I'm looking for is parole. I've shown I meet and have surpassed all the guidelines. I also have numerous documentation showing I'm a very low risk of returning to jail (certainly much lower than the R.I. average (or national) rate of recidivism). I'm more than willing to drop my lawsuit along with the many appeals I have pending in the R.I. Supreme Court. I have a lawyer (Susan Iannitelli) who I have written as I figured you may be more willing to speak to her than myself (her phone # is 949-2442).

Relevant Information and Documents

Obviously the complaint, memorandum of law, and appendixes will be used, as well as information in my response to the State's Answer. In addition I will be presenting further case law if necessary showing my liberty interest is being violated on many levels. Another letter (attached) (in addition to the one in Appendix (ii)) shows Ms. Iannitelli did contact Mr. Loss (Director Sex offender treatment program (SOTP)) at which time Mr. Loss informed Ms. Iannitelli that he had no objections to my going for an early review of parole because he didn't believe me to be a threat to reoffend.

I will be asking for documents showing when each parole board member started on the parole board, how many of them are members of the bar (lawyers) and how many are members of law enforcement (in any manner, reservist, active, etc.), and the average length of parole review for anyone serving a number of (30) years or more for the years 1987, 1989, and 2007. If these intervals have changed I'd like the date the "open meeting" was held on that policy change was made (per the Administrative procedures Act (APA)) and the minutes from that meeting. Finally I will be seeking (requesting) documentation

on parole rates for those with other charges serving similar sentences (numbers 30 years - 60) versus those with sexual assults (I will also be introducing statistics from the "Justice Center" showing sexual assults to have one of the recidivist rates of all crimes trailing only murder). Also the parole rates of those with sexual assult charges who (a) have not been in the (SOTP), (b) those that have been there and left, (c) those serving (4) years or under, and (d) the average time spent in the (SOTP) prior to parole release. There may be further documentation needed based on this information.

## Facts in Dispute

This plaintiff avers he has shown he has surpassed the maximum parole guideline (which is 2/3 or no more than 15 years) by (4) years. He has shown by (a) the (18) months he has spent in the (SOTP) at which time the director (Peter Loss) allowed him to file for an early review of parole, in addition the R.I. Superior Court recently had an extensive psychiatric evaluation done on this plaintiff showing he is a very good parole candidate. These factors along with the lack of criminal past, excellent institutional record, and parole package all serve to exemplify this plaintiff's suitability for

parole as it is explained in the R.I. General laws which does have a Constitutional protected liberty interest that is being violated. Also Plaintiff is averring that the intervals between parole hearings are too long and that the parole board itself is illegal in it's make-up, as it is in violation of R.I.G.L. § 13-8-1, 13-8-2, and 13-8-3.

Identify Legal Issues

The First legal issue is of Course the Constitutionally protected liberty interest which given all the noted Factors and guidelines in mind is clearly being violated. Plaintiff would like to note that Black's law dictionary defines a Liberty Interest as - An interest recognized as protected by the due process clause of State and Federal Constitutions. U.S.C.A. Const. Amend. 5, 14. Generally included are liberties guarenteed by the First eight amendments of the United States Constitution, as well as interests created when States either Legislatively or Administratively impose limitations on their discretion and require that a specific standard in decision making.

With such standards or guidelines in mind and the Fact that in the "Petrarca" case this Honorable Court (U.S. District) has ruled that

R.I.G.L. 13-8-14.1 has limited the great discretion conferred upon the parole board by earlier statutes, it goes on to state that although the parole board may set it's own guidelines it must also follow them.

Given all this information the parole board's decision in this case can only be seen as arbitrary and capricious, thereby subject to Judicial review.

This plaintiff is challenging the make-up of the RI parole board which is illegal under R.I. Gen. Laws §13-8-1, 13-8-2, 13-8-3, namely there is more than (1) member of the bar (lawyer) on the board as well as more than (1) member of law enforcement. In addition to that most of the board members terms have expired which according to 13-8-1 is (3) years and the term for the chairperson is (2) years. This plaintiff is averring that since this board is illegal their decisions can not be valid.

Finally the length of time between parole hearings have been greatly enlarged since this plaintiff began his sentence in 1989. Although the official policy is (or was) every (6-12) months after the initial hearing as cited in Bishop v Moran - 676 F. Supp 416, 423 (D.R.I. 1987) it has vastly expanded the length of these reviews which to my understanding can only be changed after a public hearing as per the Administrative

procedures Act.

Discovery

Plaintiff will most likely need to do interrogatories and possibly need further documents depending on the direction the litigation takes.

I appreciate your time and look forward to hearing from your office.

Sincerely,
Douglas Pelletier

Douglas Pelletier prose
P.O. Box 8274
Medium I AR-48T
Cranston RI 02920

Certification

I, Douglas Pelletier do hereby certify that a true copy of this document and exhibit were mailed via the U.S. Postal Service to Richard Woolley, Asst. Attorney General, at 150 South main st., Providence, RI, 02903, on this 8th day of January 2008.

Douglas Pelletier