United States District Court
For the District of Rhode Island

Douglas Pelletier plaintiff prose

v C.A. NO. 07-186S

State of Rhode Island and Rhode Island
Parole Board members defendants

Response to Defendants Objection to
Plaintiff's Request For Counsel and
Cost For Expert Witnesses

Now comes the plaintiff, Douglas Pelletier pro se in the above entitled action, and wishes to relate the following facts in support of his motion, or in response to the defendant's objection.

1) Plaintiff is not asking the Court to "Compel" the R.I. Parole Board to release him, he is asking the Court to:

a) Stop the board from denying him parole based on invalid procedures, eligibility, and suitability.

b) Acknowledge his Constitutionally pro-

tected liberty interest in parole.

c.) All R.I. Supreme Court case law cites "Broad" and "Vast" discretion of the RI Parole Board and nothing of the "Constitutionally Protected Liberty interest in parole".

d.) The lack of Liberty interest (Limited Discretion of a board with a Constitutionally Protected Liberty interest) shown in the parole board's decision on this inmates application who has clearly met and surpassed the parole boards' guidelines ((portion of a sentence) *only legislative authority available to the board) as well as exemplified the Statutory criteria in R.I.G.L. 13-8-14 and 13-8-14.1.

e.) Plaintiff is also seeking to have this illegal board brought into alignment with the R.I.G.L's (13-8-1, 13-8-2, and 13-8-3) as spelled out in my Claims.

F.) He is also seeking to have the intervals between parole hearings shortened which is proper in relation to the law.

2.) Plaintiff asks for the Court to pay for the Cost of expert witnesses to testify that he is suitable for a return to society. The State has already paid \$3000.00 For a board certified psychiatrist (Dr. Barry Wall)

to prepare a (26pg) report which showed plaintiff is no threat. Plaintiff would like to have this board certified psychiatrist testify to his findings, unless the STATE (who agreed upon this psychiatrist, Dr Barry Wall) concedes to his findings. Unfortunately if they now do this then How can they say I'm a threat and need more of the Sex offender treatment program (whom the director of (Peter Loss) allowed this plaintiff to file for an early review of parole from in 2002).

a.) IF the State is taking this position, then they are conveying this is a mandatory (sort of Civil commitment) for parole eligibility.

b.) I was never sentenced to this program (Although I did voluntarily attend for 18 months) And it is not statutority required for parole (but sometimes Court ordered, but not in this case).

c.) In line with this Constitutionally protected Liberty Interest this is an impermissable reason for denial given all the factors.

3.) I'm seeking an attorney because this case is getting complicated.

a.) The R.I. State Courts say we (inmates) have a Constitutionally Protected Liberty Interest in parole, but refuse to enforce it.

b.) The very Fact that they use the words "broad" and "Vast" when speaking of the R.I. Parole Boards discretion is in direct conflict with what R.I. G.L. 13-8-14.1 entails and the Constitutionally Protected Liberty Interest Contained therein.

c.) This is also in direct opposition to what is Stated regarding our Federal rights as in William Petrarca v State of RI cited at 583 F.Supp. 297, 301 - "R.I. G.L.§13-8-14.1 limits the great discretion conferred on the Parole board by the earlier statutes. Although the board is able to set it's own guidelines, it is also required to follow them."

d.) IF this Honorable Court rules against this plaintiff's claims then he doesn't see how the Court can say a Constitutionally Protected Liberty Interest in parole even exists in this State.

Plaintiff avers his claims are based on law (Constitutional rights) and Should receive protection under the U.S. Constitution even if the State of R.I. Chooses to ignore these violations.

In addition some of these laws regarding the Parole board are clear and they are absolutely being violated (R.I.G.L. §13-8-1, 13-8-2, and 13-8-3) yet the State

refuses to enforce them thereby subjecting this plaintiff along with (100) or so other inmates each month to illegal, illegitimate parole boards whose decisions should not be valid.

Plaintiff prays this Court sees the logic and merit of his claims, and that he is in the right. Plaintiff admits he has committed crimes on (1/13/89), he also avers he has served his time, shown himself to be a very good risk to remain at Liberty, and be a productive member of society. Plaintiff has acted in good faith in bringing forth his claims. He prays that Justice prevails in this matter.

Respectfully Submitted,
[signature]
Douglas Pelletier prose
P.O. Box 8274
Medium I AR-48J
Cranston, R.I, 02920

Certification

I, Douglas Pelletier, do hereby certify that a true copy of this motion was mailed via the U.S. Postal service to Richard Woolley at the Attorney General's office at 150 South main st, Providence, R.I., 02903 on this 30th day of January 2008.

[signature]