UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DOUGLAS J. PELLETIER, Plaintiff, | : | |
| v. | : | CA 07-186 S |
| STATE OF RHODE ISLAND and RHODE ISLAND PAROLE BOARD, Defendants. | : | |

**ORDER**
**DENYING THIRD MOTION FOR APPOINTMENT OF COUNSEL**

Before the Court is Plaintiff's Motion for Appointment of Counsel and Cost for Expert Witnesses (Document ("Doc.") #34) (the "Motion"). This is the third time Plaintiff has moved for appointment of counsel. See Order Denying Motion for Appointment of Counsel (Doc. #6) ("Order of 5/25/07"); Order Re Combined Motion (Doc. #17) ("Order of 10/15/07") at 3-4 (denying motion for counsel). The Court has previously stated its reasons for denying Plaintiff's request. See id. In their opposition to the Motion, Defendants note that Plaintiff has raised essentially the same issues as alleged in this action in the state superior and supreme courts and that he has been able to present his claims in those courts without the assistance of counsel. See Memorandum in Support of Objection to Plaintiff's Motion for Appointment of Counsel and Cost for Expert Witnesses ("Defendants' Mem.") at 1. Such circumstance also weighs against the appointment of counsel in this action.

Plaintiff has presented nothing in the instant Motion which causes the Court to question the correctness of its prior determinations that Plaintiff has not demonstrated the existence of special circumstances warranting the appointment of counsel. See Order of 5/25/07 at 3; Order of 10/15/07 at 4. His request for appointment of counsel is, therefore, denied.

As for Plaintiff's request that the Court pay the cost of his expert witnesses:

> The court finds no authority to appoint and pay an expert to assist an indigent litigant in the preparation of a civil suit for damages. [28 U.S.C.] Section 1915(c) provides in part that "[w]itnesses shall attend as in other cases." It does not authorize the government to pay or advance the fees and expenses for witnesses. The right of access to the courts does not extend to provide witness fees for a witness an *in forma pauperis* prisoner claims to be essential to his case. Johnson v. Hubbard, 698 F.2d 286, 288-90 (6th Cir.1983). See also Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir.1987)(affirming district court's refusal to appoint an expert at government expense); Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993)(court "directed to no statutory authority nor to any appropriation to which the courts may look for payment of expert witness fees in civil suits for damages")(citations omitted).

Thomas v. US Bureau of Prisons, Civil Action No. 06-CV-00063-WYD-CBS, 2006 WL 1816992, at *1 (D. Colo. July 3, 2006)(second alteration in original). The above excerpt accurately sets forth the applicable law governing requests by indigent civil litigants for payment of expert witnesses at taxpayer expense. Accordingly, Plaintiff's request that the Court cover the cost of his expert witnesses is denied.[1]

For the reasons stated above, the Motion is DENIED.

So ordered.

---

[1] The Court is constrained to observe that given the nature of Plaintiff's claims his need for any expert witness is unclear. Even if Plaintiff were able to demonstrate such need, the law quoted above requires that his request be denied.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
February 4, 2008