**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DOUGLAS J. PELLETIER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-186 S** |
| | : | |
| **STATE OF RHODE ISLAND, et al.,** | : | |
| **Defendants.** | : | |

**MOTION TO DISMISS**
**OR, IN THE ALTERNATIVE, MOTION FOR STAY**

Now come Defendants and hereby move this Court to dismiss Plaintiff's Complaint or in the alternative to stay proceedings in this case, including discovery, until such time as the Rhode Island Supreme Court disposes of identical issues in State of Rhode Island vs. Douglas Pelletier, RI Supreme Court No. SU-07-0298 now pending in that Court for the reasons set forth in the Memorandun submitted herewith.

DEFENDANTS,

State of Rhode Island
Rhode Island Parole Board
Lisa Holley
Charles Denby
Frederic Reamer, Ph.D.
Arthur Jones

By Their Attorney,
PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Richard B. Woolley*

Richard B. Woolley, #1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(fax) 222-2995
rwoolley@riag.ri.gov

**CERTIFICATION**

I hereby certify that I filed the within document through the United States District Court ECF filing system and caused a copy to be sent to Douglas J. Pelletier, Pro Se, Medium One Security (AR-41), Post Office Box 8274, Cranston, Rhode Island 02920 on this *15th* day of February, 2008 by first class mail, postage prepaid.

*/s/ Richard B. Woolley*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DOUGLAS J. PELLETIER,** | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | **C.A. No. 07-186 S** |
| | **:** | |
| **STATE OF RHODE ISLAND, et al.,** | **:** | |
| **Defendants.** | **:** | |

**MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO DISMISS**
**OR, IN THE ALTERNATIVE, MOTION FOR STAY**

## INTRODUCTION

This Memorandum of Law supports the Motion to Dismiss or, in the alternative, Motion for Stay filed by Defendants, State of Rhode Island and its Parole Board, pursuant to Rules 12(b)(1) and (3) of the Federal Rules of Civil Procedure. For the reasons set forth, the Complaint in this civil action brought by Plaintiff, Douglas J. Pelletier should be dismissed or, in the alternative, stayed pending the outcome in Plaintiff's essentially identical case pending in the Supreme Court of Rhode Island.

## FACTS AND TRAVEL

Plaintiff's Preliminary Statement in this case describes his claims as follows:

**Preliminary Statement**

This is a civil rights action filed by Douglas J. Pelletier, a state prisoner, for damages and injunctive relief under 42 U.S.C. § 1983, alleging that the Rhode Island Parole Board's members denied him equal protection under the Fourteenth (14th) Amendment to the United States Constitution when they acted in a capricious and

arbitrary manner, abused its discretion and treated him unfairly. Plaintiff was also denied due process of law under the Fifth (5th) and Fourteenth (14th) Amendments to the United States Constitution when the members of the Parole Board departed from the Board's guidelines and Rhode Island General Laws § 13-8-14 and § 13-8-14.1, because the Board members applied invalid criteria and considered invalid information in denying Plaintiff parole after reaching the maximum guidelines for his crimes. The Board also disregarded his rehabilitation, good behavior, excellent work habits, and an extensive twenty-seven (27) page psychiatric evaluation, which the Rhode Island Superior Court had prepared in (2004) when it (the Superior Court) was going to re-sentence Plaintiff (decision later overturned by Rhode Island Supreme Court). This report was prepared by a board certified psychiatrist who was agreed upon by the prosecution and defense, its risk assessment and treatment recommendations are enclosed in Appendix i.

The Rhode Island Parole Board is using extraordinary long intervals between parole hearings. This violated the mandates of Greenholtz which the U.S. District Court for the District of Rhode Island stated apply in Rhode Island.

Plaintiff also avers he has been heard by an illegal parole board as stipulated in R.I. Gen. Laws § 13-8-1, § 13-8-2, and § 13-8-3 thereby being the same as no hearing at all in violation of R.I. Gen. Laws § 13-8-9, § 13-8-10, and § 13-8-13. Since the Board's make-up is illegal its decisions are invalid and void in the eyes of the law.

Meanwhile, on July 21, 2006, the Rhode Island Superior Court denied Petitioner Pelletier's application for post conviction relief. (see Douglas J. Pelletier v. State of Rhode Island, N1/89-0194, Thunberg, J). On March 9, 2007 the Rhode Island Superior Court denied a second application filed by Petitioner again requesting post conviction

relief, post conviction relief. In that application/motion, Petitioner contended that the sentence he received was illegal based on Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2351, 159 L.Ed.2d 402 (2004). The Rhode Island Supreme Court ruled that Petitioner's sentence is neither illegal nor unconstitutional. See: Douglas J. Pelletier v. State of Rhode Island, 2004-74-C.A., Petitioner's third application for post conviction relief raised a claim for damages and injunctive relief under 42 U.S.C. § 1983 and alleged that the Rhode Island Parole Board's members denied him equal protection. Petitioner also alleged that he was denied due process of law. That petition was denied and dismissed by the Rhode Island Superior Court and a judgment entered to that effect on October 22, 2007.

Plaintiff has appealed this denial to the Rhode Island Supreme Court and that appeal is presently pending.

The principle claims in each action are his 42 U.S.C. § 1983 claims and his equal protection and due process claims.

Defendants in this action have the benefit of absolute quasi-judicial immunity and Plaintiff's claims should also be barred by failure to state a claim, res judicata and collateral estoppel once the Rhode Island Supreme Court hears and disposes of Plaintiff's appeal.

Plaintiff has served discovery on Defendants and in view of their quasi-judicial immunity they should not be required to respond until such time and this immunity is ruled upon by this Court.

**ARGUMENT**

In ***DeVona v. City of Providence***, 652 F.Supp. 863 (D.R.I. 1987), our U.S. District Court considered identical complaints filed in the Federal Court and in Superior Court. The court "grant[ed] defendants' motion to dismiss all the claims in deference to the parallel state court proceedings." 652 F. Supp. at 689. ***DeVona*** states that "[w]here a plaintiff has filed a state action, for example, and later files an identical federal action solely as a procedural maneuver, some abuse of process on the part of the plaintiff is apparent from the posture and nature of the case." 652 F.Supp. at 686. The Federal Court also speaks of "vexatious litigation" and "a tremendous waste of judicial resources." 652 F.Supp. at 688. Lastly, ***DeVona*** states that "simultaneous or repetitive suits place[] the administration of this court's caseload at the mercy of the procedural posturing of plaintiffs' attorneys." *Id.* Here, with a *pro se* Plaintiff, duplicative, identical litigation is even more problematic and should simply not be allowed.

Applying these teachings, this U. S. District Court should dismiss Plaintiff Pelletier's Complaint "in deference to the parallel State court proceedings." 652 F. Supp. at 689.

In the alternative, "parallel proceeding abstention" is appropriate here. ***DeVona***, 652 F. Supp. at 685 (citations omitted). Plaintiff Pelletier's case has been pending in the State Courts and is now on appeal (to the State Supreme Court). On grounds of "judicial economy, convenience and fairness," the State action should be allowed to proceed to its conclusion. 625 F.Supp. at 689.

**CONCLUSION**

For the reasons set forth, Defendants respectfully request that their Motion to Dismiss be granted and that Plaintiff Pelletier's Complaint in this civil action be dismissed with prejudice. In the alternative, Defendants ask that their Motion for Stay be granted and that this case and any pretrial discovery be stayed pending the outcome in Plaintiff's identical case pending in the Supreme Court of the State of Rhode Island.

DEFENDANTS,

State of Rhode Island
Rhode Island Parole Board
Lisa Holley
Charles Denby
Frederic Reamer, Ph.D.
Arthur Jones

By Their Attorney,
PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Richard B. Woolley*

Richard B. Woolley, #1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(fax) 222-2995
rwoolley@riag.ri.gov

**CERTIFICATION**

I hereby certify that I filed the within document through the United States District Court ECF filing system and caused a copy to be sent to Douglas J. Pelletier, Pro Se, Medium One Security (AR-41), Post Office Box 8274, Cranston, Rhode Island 02920 on this *15th* day of February, 2008 by first class mail, postage prepaid.

*/s/ Richard B. Woolley*