United States District Court
For the District of Rhode Island

Douglas Pelletier prose

V

C.A. NO. 07-186 S

State of Rhode Island and Rhode Island Parole Board members defendants

Plaintiff's Response to Defendant's Motion To Dismiss, or in the Alternative Motion For STAY, Also Motion to Compel Discovery Requests

Now comes the plaintiff Douglas Pelletier pro se in the above entitled action and wishes to respond to defendant's motion to dismiss and/or stay proceedings. Plaintiff also requests the Court order the State and R.I Parole Board to comply with the discovery requests that have been made (on January 28, 2008 Request for documents, Requests for admissions, Requests for answers to interrogatories) in response to Magistrate Hagopian's Rule (16) order issued on January 15, 2008. These requests were submitted with a list of evidence plaintiff

plans to introduce along with a probable list of witnesses and a clarification/simplification of issues.

To begin with all of the issues were NOT presented at the superior Court level (such as R.I.G.L. 13-8-1, 13-8-2, 13-8-3 relating to the make-up (illegal make-up) of the R.I. Parole Board). And some of the issues raised were not argued or ruled on. As a matter of fact there no actual "hearing" per se. There was no discovery or witnesses, plaintiff presented a motion, the Attorney General's office stated the R.I. Parole board had broad, and vast discretion, and the guidelines are merely advisory. The Court denied my motion based on that, even though the States argument is in clear con-trast to the U.S. District Court Ruling in Petrarca v State of R.I. cited at 583 F. Supp 297; So even though there is suppose to be a Constitut-ionally protected Liberty Interest in the R.I. Parole statute it is ignored in "actual" use by both the parole board and the R.I. Courts. In Martinez v Newport Beach City cited as 125 F.3d 777 (9th Cir 1997) 782, - "Section 1983 was intended to provide a remedy in situations where states prohibit practices but provide inadequate remedies, though theoretically adequate, are unavailable in practice.

Monroe v Pape, 365 U.S. 167, 173-174, 81 S.Ct. 473, 476-477, 5 L.Ed.2d 492 (1961). The Court in Monroe held that a plaintiff may properly bring a § 1983 suit to Federal Court even if the State provides Judicial remedies that appear completely adequate to redress the injuries. Id. at 183, 81 S. Ct. at 481. In other words, a plaintiff need not exhaust state remedies before initiating a § 1983 suit in Federal Court."

The State contends this is a duplicitous action and has this appeal pending. In response to this plaintiff hereby drops this so called appeal. Before today plaintiff was unaware of any case number for this, and there certainly has NOT been any action taken in this "Appeal". To be quite blunt, the State Courts have chosen to ignore this Constitutionally protected liberty interest; Plaintiff now seeks to have his Constitutional rights protected. If the State is at all concerned that someones Constitutional rights are being violated it should not be concerned as to where this case is heard. Further in Dotson v Wilkinson cited at 125 S.Ct. 1242, 1247 - "Finally, habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not". One last thing this plaintiff would like to now address is that at NO Time did this plaintiff raise a 42 U.S.C 1983

in R.I. Superior Court. I appeared in Newport Superior Court before Judge Thunberg in late 2007 on a seperate issue. At that time the prosecutor there had a copy of the Complaint currently before this Court and asked the Judge to dismiss it. This plaintiff explained then that the motion was in U.S. District Court not R.I Superior, and pointed out that the heading clearly said "United States District Court for the District of Rhode Island". This subject was dropped at that point, there was no Judgement or dismissal, nor does R.I. Superior have that power (to my knowledge)

For the reasons presented in this response plaintiff asks that his Constitutional rights be protected, (as this is long overdue) and that the States motion for a dismissal and/or stay in this matter be denied.

In addition plaintiff requests the State be compelled (ordered) to produce all discovery requests that have been made in accordance with the rule (16) order issued by Magistrate Hagopian on January 15, 2008.

Plaintiff requests that these motions be granted that Justice might be served in this matter.

Respectfully Submitted,

Douglas Pelletier pro se
P.O. Box 8274
Medium I AR-48T
Cranston RI 02920

Certification

I, Douglas Pelletier do hereby certify that a true copy of this response was mailed via the U.S. Postal Service to Richard Woolley at the Attorney General's office, 150 South Main St., Providence, RI, 02903 on this 18th day of February 2008.