United States District Court
For the District of Rhode Island

Douglas Pelletier pro se plaintiff

V C.A. NO. 07-186 S

State of Rhode Island and Rhode Island
Parole Board members defendants

# Motion For Conference With the Court

Now comes the plaintiff, Douglas Pelletier pro se in the above entitled action and respectfully requests this Honorable Court issue a date (in accordance with the rule (16) order issued on (1/15/08)) For a conference with the Court which is required as a pre-requisite to a motion for summary Judgement.

There are several issues plaintiff would like cleared up, such as this 42 U.S.C. 1983 civil suit being heard on October 22, 2007 in Newport Superior Court. As this plaintiff has averred he did attend Court that day on a seperate matter. However the prosecutor tried to have my 42 U.S.C.

1983 suit dismissed at that time. When Judge Thunberg learned this was a U.S. District Court case she made no further comment on it (nor could she given the Jurisdiction). Plaintiff is also troubled that the Attorney Generals' office is defending the Rhode Island Parole Board on issues regarding the number of years members are to serve on the board. These laws are clearly being broken, it is hard to fathom that a body sworn to uphold the laws of this State could defend these actions. This constitutes a blatant violation of an inmates rights in favor of political allegiances. These laws (R.I.G.L.'s§13-8-1, 13-8-2, and 13-8-3) are clear, just as those relating to parole release criteria (R.I.G.L. §13-8-14 and 13-8-14.1). The latter of these two has been sufficently interpreted by this Honorable Court, yet the Rhode Island parole Board continues to ignore your rulings.

Plaintiff prays this Honorable Court order a Conference in the near future to clarify some of the issues (along with some discovery matters), set up for possible summary Judgement on matters of law, and move towards trial on the rest.

Plaintiff wishes to reiterate that he has shown that he meets all the parole criteria, has expert documentation showing he's an

extremely good parole candidate, and that he has long since surpassed the guidelines. He has been more than willing to discuss settlement with the defendants, but they chose not to. Plaintiff prays that given these "bad faith" negotiations by the State this Honorable Court enforce the laws regarding the Parole Board, thereby protecting this plaintiff's and all other inmates rights.

Finally, Defendants have asked for quasi Judicial immunity. To begin with plaintiff is not seeking damages. Secondly, the parole board is acting in an arbitrary and capricious manner regarding this plaintiffs' parole, and their violation of these constitutionally protected liberty interests are ones based in deliberate indifference. Last but not least this board is not entitled to any type of immunity as they are not even "legally" suppose to be on the parole board as stipulated in R.I.G.L.'s § 13-8-1, 13-8-2, and 13-8-3.

For the reasons listed herein plaintiff requests a Conference be scheduled in the near future to iron out these matters as well as to clarify upcoming timelines.

Respectfully Submitted,

Douglas Pelletier pro se
P.O. Box 8274
Medium I AR-48T
Cranston, RI, 02920

Certification

I, Douglas Pelletier, do hereby certify that a true copy of this motion was mailed via the U.S. Postal Service to Richard Woolley at the Attorney General's office, 150 South main St., Providence, RI, 02903, on this 25 th day of February 2008.