United States District Court
For the District of Rhode Island

Douglas Pelletier pro se plaintiff

V C.A. NO. 07-186 S

State of Rhode Island and Rhode Island
Parole Board Members defendants

Motion For Preliminary Injunction
And / or Temporary Restraining Order

Now comes the plaintiff, Douglas Pelletier pro se in the above entitled action, and respectfully requests this Honorable Court grant his motion for a preliminary injunction and/or temporary restraining order pending the outcome of this action.

Plaintiff is seeking temporary relief in the form of bail until this action is resolved. To begin with plaintiff avers that this action is being delayed (by the defendants) and does not see an end in sight. Plaintiff also avers his arguments are legitimate and he is entitled to relief as a matter of law.

As evidence of this plaintiff points to

the most basic evidence of this case. R.I.G.L. § 13-8-14.1 (Exhibit 1) states that "the board shall consider the applicable standard prior to rendering a decision on a parole application and may make a variance with that standard ONLY upon a Finding that the determination is warranted by individualized Factors." The applicable standard in this case is shown in (Exhibit 2) (2/3 or no more than 15 years). This plaintiff has now served over 19 years and 2 months, well beyond the board's "applicable standard". The only reason this parole board has given is that this plaintiff in no longer in the sex offender treatment program. Plaintiff avers even though he is not legally required to take this (never ending) program, he did attend for 18 months at which time the Director (Peter Loss) allowed him to File for an early review of parole because he did not feel plaintiff was a threat to reoffend. In addition Plaintiff has had prepared an extensive psychiatric evaluation by Dr. Barry Wall. This evaluation was paid for by Newport Superior Court and Dr Wall was agreed to by the Attorney General's office. The evaluation shows plaintiff to be a very good risk for release. Plaintiff would also like to note

that in the States admissions they deny having received this evalution (exhibit 3), yet plaintiff has the certified mail card which was signed by the parole office a month prior to his parole hearing. All other criteria has been exemplified by this plaintiff. According to this Honorable Courts ruling in Petrarca v State of R.I. cited at 583 F. Supp. 297 (Exhibit 4), 297, 301 - "R.I. Gen. Laws §13-8-14.1 limits the great discretion conferred on the parole board by the earlier statutes. Although the board is able to set its own guidelines, it is also required to follow them".

Finally, according to R.I. General laws, (§13-8-1, 13-8-2, 13-8-3)(Exhibit 5) the board which this plaintiff was seen by is and was illegal in it's make-up et. al. many of the board members should not even by law have been on that board as most of the parole board members terms had expired (as well as other violations in 13-8-2 and 13-8-3) when I was seen and therefore could not legally take any action in my hearing. So in all actuality, not only did I not receive a legitimate hearing (as required by law), but the

guidelines ("the board was bound by" according to this Honorable Court) were ignored creating an arbitrary and capricious decision in violation of my Constitutionally protected Liberty interest.

For the reasons stated in this motion Plaintiff prays this Honorable Court bring him into Court to further argue these points (as he has much more evidence to present) as soon as possible so that Justice might be served without anymore delay. Plaintiff is more than willing to accept any conditions the State may wish to impose. Thank you for your time and timely consideration in this matter.

Respectfully Submitted,

[signature]

Douglas Pelletier prose
P.O. Box 8274, medium I AR-48T
Cranston RI 02920

Certification

I, Douglas Pelletier do hereby certify that a true copy of this motion and exhibits was mailed via the U.S. Postal Service to Richard Woolley, at the Attorney General's office at 150 South main St., Providence, R.I. 02903 on this 20th day of March 2008.

[signature]