**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DOUGLAS J. PELLETIER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-186 S** |
| | : | |
| **STATE OF RHODE ISLAND, et al.,** | : | |
| **Defendants.** | : | |

**OBJECTION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER**

Now come Defendants and hereby object to Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order which is in fact a motion for release on bail. This Plaintiff applicant is incarcerated because "on January 8, 1990 Pelletier submitted a plea of nolo contendere to eight felony counts arising from his invasion of a Portsmouth home in the early hours of January 13, 1989, where he sexually assaulted two women while armed with a knife. Before he was arrested shortly after committing those assaults, defendant also assaulted a Portsmouth Police Officer." Pelletier v. State, 882 A.2d 567 (R.I. 2005). The Rhode Island Supreme Court in that case ruled that Plaintiff's sentence was neither illegal nor unconstitutional and was consistent with his plea agreement. This Court should not release Plaintiff on bail as is further argued in the Memorandum of Law submitted herewith.

DEFENDANTS,

State of Rhode Island
Rhode Island Parole Board
Lisa Holley
Charles Denby
Frederic Reamer, Ph.D.
Arthur Jones

By Their Attorney,
PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Richard B. Woolley*
Richard B. Woolley, #1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(fax) 222-2995
rwoolley@riag.ri.gov

**CERTIFICATION**

I hereby certify that I filed the within document through the United States District Court ECF filing system and caused a copy to be sent to Douglas J. Pelletier, Pro Se, Medium One Security (AR-41), Post Office Box 8274, Cranston, Rhode Island 02920 on this *3rd* day of April, 2008 by first class mail, postage prepaid.

*/s/ Richard B. Woolley*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **DOUGLAS J. PELLETIER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-186 S** |
| | : | |
| **STATE OF RHODE ISLAND, et al.,** | : | |
| **Defendants.** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER**

Although titled Motion for Preliminary Injunction and/or Temporary Restraining Order, Plaintiff's Motion is in fact a motion for release on bail pending resolution of his civil action against the Rhode Island Parole Board.

The Rhode Island Supreme Court, in Plaintiff's first application for post conviction relief, ruled "that Pelletier's sentence was neither illegal or unconstitutional" and that it was consistent with his plea agreement. Pelletier v. State, 882 A.2d 567 (R.I. 2005).

On July 21, 2006, the Rhode Island Superior Court denied Petitioner Pelletier's application for post conviction relief. (see Douglas J. Pelletier v. State of Rhode Island, N1/89-0194, Thunberg, J). On March 9, 2007 the Rhode Island Superior Court denied a second application filed by Petitioner again requesting post conviction relief. In that application/motion, Petitioner contended that the sentence he received was illegal based on Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2351, 159 L.Ed.2d 402 (2004). The Rhode Island Supreme Curt ruled that Petitioner's sentence is neither illegal nor

unconstitutional. See: Douglas J. Pelletier v. State of Rhode Island. Petitioner's third application for post conviction relief raised a claim for damages and injunctive relief under 42 U.S.C. § 1983 and alleged that the Rhode Island Parole Board's members denied him equal protection. Petitioner also alleged that he was denied due process of law. That petition was denied and dismissed by the Rhode Island Superior Court and a judgment entered to that effect on October 22, 2007.

Plaintiff has appealed this denial to the Rhode Island Supreme Court and that appeal is presently pending.

The principle claims in each action are his 42 U.S.C. § 1983 claims and his equal protection and due process claims.

## ARGUMENT

Plaintiff seeks bail in the context of his 42 U.S.C. § 1983 action against the Parole Board. There is no federal statute or court rule that addresses the district court's authority to grant a State prisoner bail during pendency of a 42 U.S.C. § 1983 action. In Turner v. Yates, 2006 WL 1097319 (E.D. Cal), the Court ruled that in spite of the Prisoner Petitioner's insistence that his was a 42 U.S.C. § 1983 action, his request for bail would be dealt with as a Petition for Habeas Corpus under 28 U.S.C. § 2254.

> **Bail During Pendency of Federal Habeas Proceedings**
> [8.131.0]: There is no federal statute or court rule that addresses the district court's authority to grant a state prisoner bail during the pendency of federal habeas corpus proceedings. The Ninth Circuit in In re Roe, 257 F.3d 1077 (9th Cir. 2001), declined to decide the issue, although it recognized that "some modern authorities appear to favor recognizing a federal court's power to grant bail pending a decision on a habeas corpus petition…." Id. at 1080 (citing Grune v. Coughlin, 913 F.2d 41 (2d Cir. 1990); Boyer v. City of Orlando, 402 F.2d 966 (5th Cir. 1968); and Johnston v. Marsh, 227 F.2d 528 (3d Cir. 1955)); *see also*

Tam v. INS, 14 F. Supp. 2d 1184, 1190 (E.D. Cal. 1998) (granting release without discussing basis of authority).

Roe aside, every federal circuit court of appeals that has considered the issue has found that the federal district courts have the inherent authority to grant a state prisoner bail during the pendency of habeas proceedings. ***See***, e.g., Woodcock v. Donnelly, 470 F.2d 93, 94 (1st Cir. 1972); Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001); Landano v. Rafferty, 970 F.2d 1230, 1239-40 (3d Cir. 1991); In re Wainwright, 518 F.2d 173, 174 (5th Cir. 1975) (per curiam); Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990); Cherek v. United States, 767 F.2d 335, 337 (7th Cir.1985); Martin v. Solem, 801 F.2d 324, 329 (8th Cir. 1986); Pfaff v. Wells, 648 F.2d 689, 693 (10th Cir. 1981); Baker v. Sard, 420 F.2d 1342, 1343-44 (D.C. Cir. 1969) (per curiam).

Bail pending a decision in a habeas case is "reserved for extraordinary cases involving special circumstances or a high probability of success." Land v. Deeds, 878 F.2d 318, 319 (9th Cir. 1989); ***see also*** Benson v. California, 328 F.2d 159, 162 (9th Cir. 1964) (framing the test in the conjunctive); Turner v. Yates, 2006 WL 1097319, *1 n.2 (E.D. Cal. Apr. 26, 2006) (opining that Benson conjunctive test controls); ***accord*** Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992) (bail is appropriate pending a decision in a habeas case only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.") (quoting Calley v. Callaway, 496 F.2d 701, 702 (5th Cir. 1974)); ***see also*** Tam v. INS, 14 F. Supp. 2d 1184, 1190 (E.D. Cal. 1998). "Except in some exceptional circumstance. . . , a person convicted of a crime who seeks release by way of a section 2255 or habeas corpus proceeding is not entitled to bail pending appeal from an order denying such an application." Reiff v. United States, 288 F.2d 887, 888 (9th Cir. 1961) (per curiam) (internal citation omitted).

Very few cases have presented extraordinary circumstances, and those that have seem limited to situations where (1) the petitioner's health is seriously deteriorating while incarcerated, Woodcock v. Donnelly,

> 470 F.2d 93 (1st Cir. 1972); Landano v. Rafferty, 970 F.2d 1230, 1238-3.9 (3d Cir. 1992) (bail warranted because the prisoner was an advanced diabetic who was, under conditions of confinement, rapidly progressing toward total blindness, and the decision did not place the prisoner at liberty but instead released him to a hospital for immediate treatment) (citing Johnston v. Marsh, 227 F.2d 528, 529 (3d Cir. 1955)); (2) there is an extraordinary delay in the processing of a petition, Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972); and (3) the petitioner's sentence would be completed before meaningful collateral review could be had, Boyer v. City of Orlando, 402 F.2d 966 (5th Cir. 1968) (bail awarded because sentence was so short that if bail were denied and the habeas petition were eventually granted, the defendant would already have served his 120-day sentence). Brian R. Means, Fed. Habeas Practitioners Guide, Jurisdiction ¶ 8,130.0 (2006/2007); *see also* Glynn v. Donnelly, 470 F.2d 95, 97-98 (1st Cir. 1972); Eaton v. Holbrook, 671 F.2d 670 (1st Cir. 1982).

Plaintiff in this action has already been to the Rhode Island Supreme Court on his first attempt to challenge his conviction and confinement. In that case the Superior Court denied his application for post conviction relief as to his attempt to vacate his plea agreement and go to trial. The Superior Court entered an order granting his application for post conviction relief but "solely on the issue of resentencing". The Rhode Island Supreme Court reversed the trial Court and held that his sixty (60) year sentence was consistent with his plea agreement and that his sentence was neither illegal nor unconstitutional. Plaintiff's subsequent attempts to obtain post conviction relief have also failed and his application for post conviction relief based in large part on the Parole Board's refusal to grant him parole because he has failed/refused to continue to participate in the Sex Offender Treatment program was denied and dismissed by the Superior Court on October 22, 2007. Plaintiff has appealed that dismissal and that appeal is pending.

The bottom line in this case is that Plaintiff objects and takes issue with the Parole Board's decision to require that he participate in the Sex Offender Treatment Program and to decline to consider him for parole unless and until he does so.

Plaintiff's crimes have been described by the trial court as "horrific offenses" and his own former defense counsel has testified that "the factual scenario constituted one of the most heinous and egregious sexual assaults that [the former defense counsel] had seen in thirty-four years of practice."

The Rhode Island Supreme Court has stated that "We conclude that the board acted well within its expansive discretion in denying parole to petitioner, a recidivist sexual offender, because of his refusal to continue participating in the Sex Offender Treatment Program." Bernard v. Vose, 730 A.2d 30 (R.I. 1999).

Counsel submits that the actions of the Parole Board in this case are both reasonable and well within their expansive discretion. Plaintiffs case is without merit and there is no reasonable likelyhood that he will succeed on his meritless claims.

**CONCLUSION**

This case is ordinary, involves no special circumstances and has no probability of success on the merits. Plaintiff's Motion for bail should be denied.

DEFENDANTS,

State of Rhode Island
Rhode Island Parole Board
Lisa Holley
Charles Denby
Frederic Reamer, Ph.D.
Arthur Jones

By Their Attorney,
PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Richard B. Woolley*
Richard B. Woolley, #1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(fax) 222-2995
rwoolley@riag.ri.gov

**CERTIFICATION**

I hereby certify that I filed the within document through the United States District Court ECF filing system and caused a copy to be sent to Douglas J. Pelletier, Pro Se, Medium One Security (AR-41), Post Office Box 8274, Cranston, Rhode Island 02920 on this *3rd* day of April, 2008 by first class mail, postage prepaid.

*/s/ Richard B. Woolley*