United States District Court
For the District of Rhode Island

Douglas Pelletier pro se'-plaintiff

V. C.A. NO. 07-186 S

State of Rhode Island and Rhode Island Parole Board members - defendants

Plaintiff's response to defendant's Objection to Motion For Preliminary Injunction and/or Temporary Restraining Order

Now comes the plaintiff, Douglas Pelletier prose in the above entitled action and asks this Court to consider his response to the defendant's objection to his motion.

To begin with the defendant's have repeatedly stated I Filed a 42 U.S.C. 1983 suit in Superior Court which was denied and dismissed on October 22, 2007, this is NOT true. IF the defendant's want to continue this assertion, please produce a copy of this 1983 suit Filed by this plaintiff. The defendant's

have also asserted that the Superior Court has ruled on the merits of these issues. If this is true please produce copies of these decisions. If the defendant's can not produce these, the plaintiff ask this Honorable Court to impose sanctions in whatever form it deems appropriate. The defendant's have also stated I should re-enter the (SOTP) sex offender treatment program. This plaintiff has already done (18) months in that program at which time the director (Peter Loss) of the program allowed him to file for an early review of parole because he did not feel I was a threat to reoffend. Plaintiff also had a Court ordered (and financed) independent extensive (27 pg) psychiatric evaluation showing him to be a very low risk to return to prison.

The defendant's aver this program is mandatory (for parole release) for anyone with a child molestation or sexual offense (see exhibit (1)). This is a violation of the Constitutionally protected liberty interest in parole as it is not a law that I had to submit to this (civil commitment program, as it is without any end) program, nor was I sentenced to this program as many sex offenders are. Additionally plaintiff has flattened the (25) year portion

of his sentence for his controlling charge (1st degree sexual assult). In this Honorable Courts ruling in Frank Andrade v. George Vose cited as C.A. No - 96-589 LO - pg(5) - "While Andrade did attempt to show that participation in (SOTP) was a requirement for attaining parole, there is no credible evidence in this record to show that a sex offender inmate could not obtain parole without a positive recommendation from Loss. No one from the parole board testified as to what role, if any, participation in SOTP played in the parole process". Now that has been established by the parole board's own written criteria, which amount to the implementation of laws, as according to them anyone with a sexual offense will not be Seriously considered for parole release without this (never ending) program.

So these parole board members (who are illegally on the board) have denied me for parole release several times based on illegal criteria, as well as denied my requests for reconsiderations based on the guidelines as well as my documented risk assessment (which the board now avers is it's number one criteria. These (what amount to) laws imposed by this parole board actually state

that I will not be seriously considered For parole release are a clear violation of R.I.G.L. 13-8-14 and 13-8-14.1 and the Liberty interest contained therein.

Finally, in addition to these Factors the director of the (SOTP) reserved the right to throw anyone out of the program For basically any reason including pursuing litigation. For all these reasons as well as the ones listed in plaintiff's original motion, plaintiff request the relief sought. He believes he is suffering irreparable harm by NOT being seen by a lawful parole board as he should have years ago, and every month that goes by is a Further miscarriage of Justice. Plaintiff would also like it noted that if the Court instead of issuing an in-junction or a temporary restraining order, could see that he be seen by a legitimate parole board (as prescribed by law), using Con-stitutional Criteria. Plaintiff prays this Honorable Court grant him relief in whatever Form it deems appropriate. Plaintiff also wishes to reiterate his request For an in-Court hearing where he can present other evidence, as well as orally argue his points. Further he ask this be done as soon as the Court can arrange it.

Respectfully Submitted,

Douglas Pelletier prose
P.O. Box 8274
Medium I AR-48T
Cranston, RI, 02920

## Certification

I, Douglas Pelletier do hereby certify that a true copy of this Response (motion) and exhibit was mailed via the U.S. Postal service to Richard Woolley, Asst. Attorney General, at 150 South Main St., Providence, RI, 02903, on this 9th day of April 2008.