Re: C.A. NO. 07-186 S
Douglas Pelletier pro se v State of RI and RI Parole Board members

5/14/08

Dear Clerk,

Hello, I am once again asking my inqueries regarding the status of my case be brought to the attention of whomever is presiding over the matter. It has now been just about (90) days since the state has filed a motion for a stay / dismissal. This plaintiff has filed several responses, mostly because the State has lied about much of the information (namely that these issues have been ruled on the merits in State Court). Plaintiff asked that if the State was going to continue to make these assertions it either produce the decision or that this Honorable Court impose sanctions.

Plaintiff had also requested that a temporary restraining order / preliminary injunction, or bail be granted pending the outcome of this case, given the fact that plaintiff has already served (5) years past the maximum term (prior to parole, according to guidelines). He had asked this be heard on an emergency basis.

The sole reason given for denial of parole

is that plaintiff is NO longer in the sex offender treatment program (SOTP). Plaintiff participated in the (SOTP) for (18) months in the (SOTP) at which time the director of the class allowed him to file for an early review of parole. This is highly unconstitutional given the States position is that this is a Mandatory (Apparently civil commitment since I already voluntarily stayed for (18) months prior to leaving on my own accord to pursue my legal options (the director of the (SOTP) feels following due process options somehow is the same as minimizes ones crimes)) program for parole consideration. No State with a Liberty interest (According to the U.S. Circuit Courts) has been able to impose these programs ex post Facto, in this case it is still not law, nor was it part of my sentence, or part of my plea (Rule 11). These reasons are also handed down by board members whose terms have clearly expired many years ago. Therefore plaintiff has yet to have a legitimate (legal) parole hearing since becoming eligible in January of 1999. Additionally, Plaintiff has had in independent psychiatric evaluation (paid for by Newport Superior Court) showing him to be an extremely low risk to return to Jail. According to my risk assessment I have

A 12% chance of returning to Jail (based on static and non static Factors, based on his personal Feeling Dr Wall Felt those levels %s should even be lower) within (5) years. The R.I. Average is 50% within (3) years, so the usual inmate released is over (5) times more likely than me to return to Jail.

This is now a NEW ISSUE since R.I.G.L. 13-8-14.1 has been amended as of (6/30/08). The amended law now incorperates a risk assessment as a deciding Factor (Amendment Attached) in parole release.

Plaintiff Feels that even though he has shown the law to clearly Favor his side, the Court has ignored the evidence, and is prejudicing him by not acting in a timely Fashion. If the Court can not give him a written response he again ask that an in Court conference be held (very soon) to present evidence to resolve some of these issues as well as this new issue. Thank you For your time and speedy response.

Sincerely,

[signature]

Douglas Pelletier pro se
P.O. Box 8274

Medium I AR-48T
Cranston, RI
02920

Certification

I, Douglas Pelletier, do hereby certify that a true copy of this letter / motion was mailed to the Attorney General's office, Richard Woolley, at 150 South Main St., Providence, R.I., 02903, via the U.S. Postal service on this 14th day of May 2008.

[signature]