this state (including manufacturers, refiners, and distributors and retailers), and to other persons as defined above.

(16) "New vehicle" means any mode of transportation for which a certificate of title is required pursuant to title 31 and for which a certificate of title has not been previously issued in this state or any other state or country.

(17) "Organic solvent" is as defined in § 37-15.1-3.

(18) "Person" means any natural person, corporation, partnership, joint venture, association, proprietorship, firm, or other business entity.

(19) "Prior calendar year" means the period beginning with January 1 and ending with December 31 immediately preceding the permit application due date.

(20) "Qualifying activities" means selling or offering for retail sale food or beverages for immediate consumption and/or packaged for sale on a take out or to go basis regardless of whether or not the items are subsequently actually eaten on or off the vendor's premises.

(21) "Vending machine" means a self-contained automatic device that dispenses for sale foods, beverages, or confection products.

SECTION 2. This article shall take effect as of May 1, 2008.

**ARTICLE 7**

RELATING TO CRIMINALS – CORRECTIONAL INSTITUTIONS -- PAROLE

SECTION 1. Section 13-8-14.1 of the General Laws in Chapter 13-8 entitled "Parole" is hereby amended to read as follows:

**13-8-14.1. Parole standards. --** (a) At least once each calendar year the parole board shall adopt standards to be utilized by the board in evaluating applications for parole of persons convicted of a criminal offense and sentenced to the adult correctional institutions. These standards shall establish, with the range of parole eligibility set by statute, the portion of a sentence which should be served ~~upon conviction for each category of criminal offense prior to parole,~~ depending on the likelihood of recidivism as determined by a risk assessment, and shall serve as guidelines for the board in making individual parole determinations.

(b) The board shall consider the applicable standard prior to rendering a decision on a parole application, and may make a determination at variance with that standard only upon a finding that the determination is warranted by individualized factors, such as the character and criminal record of the applicant, the nature and circumstances of the offense or offenses for which the applicant was sentenced, the conduct of the applicant while incarcerated, and the criteria set forth in section 13-8-14.

(c) In each case where the board grants an application prior to the time set by the



* Amended LAW *
Exhibit (1)

applicable standard or denies an application on or after the time set by that standard, the board shall set forth in writing the rationale for its determination.

SECTION 2. Sections 42-56-24 and 42-56-26 of the General Laws in Chapter 42-56 entitled "Corrections Department" are hereby amended to read as follows:

**42-56-24. ~~Time allowed for good behavior.~~ -- Earned time for good behavior or program participation or completion. --** (a) The director, or his or her designee, shall keep a record of the conduct of each prisoner, and for each month that a prisoner who has been sentenced to imprisonment for six (6) months or more and not under sentence to imprisonment for life, appears by the record to have faithfully observed all the rules and requirements of the institutions and not to have been subjected to discipline, and is serving a sentence imposed for violation of sexual offenses under sections 11-37-2, 11-37-4, 11-37-6, 11-37-8, 11-37-8.1 and 11-37-8.3 or 11-9-1.3 there shall, with the consent of the director of the department of corrections, or his or her designee, upon recommendation to him or her by the assistant director of institutions/operations, be deducted from the term or terms of sentence of that prisoner the same number of days that there are years in the term of his or her sentence; provided, that when the sentence is for a longer term than ten (10) years, only ten (10) days shall be deducted for one month's good behavior; and provided, further, that in the case of sentences of at least six (6) months and less than one year, one day per month shall be deducted.

(~~b~~) For the purposes of this subsection computing the number of days to be deducted for good behavior, consecutive sentences shall be counted as a whole sentence. This subsection recognizes the serious nature of sex offenses; promotes community safety and protection of the public; and maintains the ability of the department of corrections to oversee the rehabilitation and supervision of sex offenders.

(b) For all prisoners serving sentences of more than one month, and not serving a sentence of imprisonment for life or a sentence imposed for a violation of the sexual offenses identified in section (a) the director, or his or her designee, shall keep a record of the conduct of each prisoner, and for each month that prisoner has faithfully observed all the rules and requirements of the institutions and has not been subjected to discipline, there shall, with the consent of the director of the department of corrections or his or her designee and upon recommendation by the assistant director of institutions/operations, be deducted from the term or terms of sentence of that prisoner ten (10) days for each month's good behavior.

(c) For every day a prisoner shall be shut up or otherwise disciplined for bad conduct, as determined by the assistant director, institutions/operations, subject to the authority of the director, there shall be deducted one day from the time he or she shall have gained for good