Re: Early Parole Reconsideration

5/23/08

Dear Ms. Holley,

Hello, I'm writing you today requesting an early review of parole. I was due to be seen in November of this year. In addition to the recent amendment to R.I.G.L. § 13-8-14.1, my circumstances have changed a bit. I currently have over (19) years (4) months in prison, according to your guidelines I shouldn't serve more than (15) years. I have explained the circumstances of my case (crimes) to you before, it is well documented in the extensive psychiatric evaluation which had been Court ordered and done by a board certified, agreed to by the Attorney General's office. This evaluation does contain a risk assessment which shows me to be a very low risk of returning to Jail. (you have twice received copies of this evaluation and Richard Woolley (your attorney) has yet another copy). Additionally I was allowed to file for an early review of parole in 2002 by Mr. Loss. Mr Loss unfortunately now denies this. There can be no denying the fact though that you did receive a letter from my attorney (Susan

Iannitelli) in 2002 regarding this request (enclosed), I have also enclosed another letter from Ms. Iannitelli from 2007 (to the R.I. Supreme Court) where she noted a discussion with Mr. Loss about this early review.

In any case I believe the risk assessment which is now incorporated in the amended R.I.G.L. § 13-8-14.1 (attached) should be considered. If the purpose of parole is to return those to society who will not commit crimes, then I am a perfect candidate. I have always taken responsibility for my crimes and have already served more than most do for murder. I don't in any fashion want to minimize rape, but there were no physical injuries in my case, and I do dispute some of the lesser charges.

I am, and have been tied up in alot of litigation since 2002 when I left Mr Loss' program to pursue my legal options. In 2003 Judge Melanie Thunberg ruled my sentence was excessive based on the facts (unfortunately the R.I. Supreme Court wouldn't allow her to resentence me).

Ms. Holley now that I have seen how Mr. Loss operates (and you can believe what you want, but I do hold alot of evidence showing Mr. Loss' word is less than honorable,

some of this is demonstrated by the letters from my attorney (Susan Iannitelli) whom I believe you know) I could never return to his program. If I were freely allowed to keep up with my legal avenues without being kicked out of the program, don't you think I would have stayed in there, I surely would have been home by now.

Like I've said, I take full responsibility for my actions. I believe I've shown I'm not a risk to return to prison (as evidenced by my psychiatric evaluation and accompanying risk assessment). I've addressed many of my problems in here through the (18) months I did spend with Mr. Loss and even more so by being on my medication for the last (7) years to deal with a bipolar issue. I've picked up a trade (I spent many years as a cook and am servsafe certified). I have a great job as a union laborer (through my uncle who is the local president), I also have a place to live with my sister in Tiverton R.I., and am more than willing to enter a program or counseling on the street.

This brings me to my change in circumstances, my sister was recently diagnosed with lung cancer. She has been going through chemo, and has had to stop working.

She has had to use up all her sick and vacation time, then to go on TDI. When that's up in (4) or (5) months she has nothing left. She can't go on SSD because she owns a house, which is a major reason I'm hoping I can get this early reconsideration, so I can help pay her mortgage.

For these reasons as well as the amendment to R.I.G.L. § 13-8-14.1, I now ask that you reconsider me for parole at this time. I don't see how anything can be gained by my further incarceration. The statistics show my charge (rape) is the second lowest as far as recidivism goes, trailing only murder. I understand you have your policies (some of which I feel are illegal), but I hope you can see my view and look at the evidence objectively.

I know I may not be very good at writing letters, but I pray you realize that I'm more than sorry for the harm I've caused Nancy and Dawn Lyle as well as the relationship with my daughter, and know that I'll never find myself back here once released on parole. I look forward to hearing from you soon. I've heard your retiring and would like to be seen again before you do. Thank you for your time.

Sincerely,

[signature]

Douglas Pelletier
P.O. Box 8274
Medium I AR-48T
Cranston, R.I.
02920

Copy: File
Richard Woolley
U.S. District Court

**IANNITELLI LAW OFFICES**

PO Box 284, GREENVILLE, RHODE ISLAND 02828

Phone 949-2442

May 31, 2002

COPY

Ms. Lisa Holley
R.I. Parole Board
One Center Place
Providence, Rhode Island

Dear Ms. Holley:

This office represents Mr. Douglas Pelletier. Mr. Pelletier has been incarcerated for approximately 13 years and since I have become acquainted with him in 1998, he has impressed me as a person who has consistently tried to improve himself, participating in programs and taking full responsibility for his incarceration. I do request that he be reviewed in the near future to assess his progress. Thank you for consideration of this request.

Sincerely,

Susan Iannitelli

cc: Peter Loss, D.O.C.
Douglas Pelletier

**IANNITELLI LAW OFFICES**

Copy-

PO Box 284, GREENVILLE, RHODE ISLAND 02828

Phone 949-2442 Fax 949-5930 (call ahead)

November 29, 2007

Mr. Ronald Tutalo
Supreme Court Administrator
State of Rhode Island
250 Benefit St.
Providence, Rhode Island

RE: *Douglas Pelletier v. State of Rhode Island* 06-214-A

Dear Mr. Tutalo:

Thank you for sending me the copy of Mr. Pelletier's letter. I must say I am surprised by it, especially in view of the relationship I have had with Mr. Pelletier for many years. After his earlier post conviction action I corresponded with him occasionally and discussed his situation with his therapist and requested early consideration by the Parole Board, all on a *pro bono* basis because I was impressed by his positive attitude. As to the conflict issue; this also surprises me as I have had the chance to review our correspondence since the beginning of the pending case and I see that he and I discussed this in our letters and had, I thought, resolved it. In addition to our correspondence, I filed a motion in Newport Superior Court to obtain his transcripts which was granted on October 24, 2007. The Transcripts have been ordered we are necessarily in a holding pattern until I can see them. Obviously, if the transcripts should indicate an actual conflict, I would bring this to your attention. Mr. Pelletier wrote me a very nice letter in early November and has cooperated with me in obtaining the transcripts by filling out the appropriate form. I have no objection in his request for a different attorney or, if he wishes for me to continue, I would be happy to continue.

Sincerely,

/S/
Susan Iannitelli

Cc: Douglas Pelletier