United States District Court
For the District of Rhode Island

Douglas Pelletier pro se Plaintiff

V C.A. NO. 07-186 S

State of Rhode Island and Rhode Island Parole Board Members defendants

Plaintiff's answer to Defendants' Response to May 14, 2008 Letter/Motion to Court

Now comes the plaintiff, Douglas Pelletier pro se in this matter to offer proof which refutes defendant's contention that he never was allowed to file for an early review of parole in 2002.

To begin with I have enclosed (2) letters (see exhibits (1) and (2)) from my parole attorney (Susan Iannitelli), (1) one of which was mailed to the parole board as well as Peter Loss (Director sex offender treatment program (SOTP)). The second letter shows Ms. Iannitelli did discuss this with Mr Loss in 2002 prior to requesting early parole consideration. Additionally, Mr Loss in his response

to my letter (exhibit (3)) states (in his letter (exhibit (4)) that he does not provide evaluations to inmates who have left the program. Yet, (45) days later Mr Loss sends a report (see exhibit (5)) to the parole board on another inmate Luis Viveiros who had left the program some time earlier. Finally, in Frank Andrade v George Vose C.A. NO. 96-589L0 (A case from this Court) (pg 4) it states - "I do not find Loss' denial as to these comment credible", (see exhibit (6)) so this Court has already noted Mr Loss' word is less than "golden".

Plaintiff also avers he has not tried to get back into the (SOTP). Plaintiff has said he can't get back into the program because he is following his legal avenues. This sort of activity is strongly discouraged in the (SOTP). Again, Plaintiff asks this Court to examine exhibit (5) to see how much emphasis Mr. Loss puts on Mr Viveiros' suit against him in his report to the parole board.

The defendants also dispute my claim that the parole board is illegal in it's make-up regarding their respective terms. Plaintiff avers the law is clear (see exhibit (7)) R.I.G.L. §13-8-1 Parole Board - Appointments and terms of members - "In the month of January in

each year, the Governor shall appoint one or more members of the board to serve in place of members whose terms have expired (meaning over), for (A) (a, is a singular word) term of three (3) years, and until his, her, or their successors have been appointed (not reappointed) and qualified". The law is quite clear and the legislature is perfectly capable of using terms like reappointment, or at the Governor's pleasure. It is also a rule of statutory construction that when a law is clear and unambiguous it is to be taken literally, so this parole board is clearly illegal in it's make-up.

The defendants also don't want this heard in Federal Court because some of these issues were raised is Superior Court. Unfortunately there is no relief available to this plaintiff in State Court. To begin with I was not allowed to call witnesses, or present most of my evidence, nor was any written decision given. The State Courts have consistently stated (in Superior and R.I. Supreme) the Parole Board have vast, broad discretion, and the guidelines are merely advisory. This Honorable Court has already examined the R.I. Parole Statutes in the Petrarca case, and determined we have a Constitutionally protected liberty interest.

This plaintiff has exceded the parole board's maximum guidelines which state (2/3) of my sentence or no more than (15) years, I have now served (19) years, (4) months. Plaintiff has no disciplinary infractions in the last (18+) years. He has spent (18) months in the (SOTP) at which time Mr. Loss did allow plaintiff to apply for an early review of parole (regardless of what Mr Loss now says). According to statute R.I.G.L. § 13-8-14.1 the parole board shall only deviate from the guidelines when individualized factors warrant., These reasons shall also be put in writing. The State contends I must reenter the (SOTP) and stay there for an unspecified amount of time to even be eligible for parole. Since there is a Constitutionally Protected Liberty interest in parole, making this (unending) program mandatory for parole when it was niether law, or part of my plea is illegal. This is even more illegal since the Superior Court had an extensive psychiatric evaluation prepared by a board certified psychiatrist who was agreed to by the attorney general's office. This evaluation shows plaintiff to be an extremely low risk to return to Jail (the average R.I. inmate currently released is (5) times more likely to return to Jail, according to

to the risk assessment which accompanied my psychiatric evaluation). With all this in mind plaintiff has shown he meets all legitimate parole criteria. R.I.G.L. § 13-8-14.1 has recently been amended to consider risk of recidivism assessment, and plaintiff now asks that this new issue be included in his suit, as he will be seeking an early review of parole based on his risk assessment and the amended law.

Plaintiff asks that his motion for preliminary injunction / temporary restraining order and/or bail pending the outcome of case be granted. Plaintiff avers there is no legitimate reasons for denial of his parole, that it is the result of unconstitutional practices, and violation of the legislative criteria. Plaintiff would like to note he has volunteered to go to an outside program as a condition of parole. He now asks that the Court provide some type of relief if only pending the outcome, as at present he is being irreparably harmed by these delays.

Respectfully Submitted,

[signature]

Douglas Pelletier pro se'
P.O. Box 8274

Medium I AR-48T
Cranston, RI
02920

Certification

I, Douglas Pelletier do hereby certify that a true copy of this motion/response was mailed via the U.S. Postal service to Richard Woolley, Attorney General's office, at 150 South Main St, Providence, RI, 02903 on this 22nd day of May, 2008.

[signature]