When a claim is presented that the state is coercing a person to subscribe to any particular religion or to religion generally, "only three points are crucial: first, has the state acted; second, does the action amount to coercion; and third, is the object of the coercion religious or secular?" Kerr, 95 F.3d at 479.

Here, Andrade alleges that Loss' statements interfere with his (Andrade's) freedom of religion because Loss is requiring him to accept Loss as God. Loss testified that he never stated that he was Andrade's God or that he was a God, at least insofar as control over SOTP was concerned. He further denied stating that Andrade was demented if he (Andrade) thought God would forgive him for his crime. Nevertheless, Andrade called as witnesses, four inmates who were participants in SOTP and left the program, and one inmate who was still a participant. Four of the five inmates testified that Loss made the remarks about being God and the fifth inmate testified Loss made racial comments (e.g. "Blacks are only good for shooting basketball and kool-aid") and prevented any discussion of God in the classes. I do not find Loss' denial as to these comments credible. I find that the comments testified to by Andrade and his witnesses were made by Loss during sessions of SOTP. The question then becomes whether this amounts to a violation of Andrade's First Amendment rights.

Andrade and his witnesses all testified that SOTP is voluntary and that they initially requested admission into the program. With one exception, all left SOTP voluntarily or were asked to leave because they would not comply with SOTP's requirements. Admission into and attendance at SOTP is not mandatory and most sex offender inmates do not seek to join SOTP. There is no doubt that SOTP is a very strict and demanding program and that Loss runs it like a drill sergeant. It is equally clear that SOTP is not a religious program. It is not tied to any particular religion or to religion in general. It requires each participant to admit his crime, find the reason therefor and then learn to deal with and control that reason. If a religion or religion in general assists the offender in this goal, then SOTP does not object to the offender's use thereof.

Every single inmate witness, including Andrade, testified that he is able to attend any religious service available at the ACI or not to attend according to the inmate's preference. No one at the ACI requires or prevents such attendance. Each inmate is free to choose whether and when he wishes to participate in any religious service.

Applying the three points stated in Kerr, SOTP may be considered state action in that the program is offered in a state institution by state employees and/or persons contracting with the state. However, SOTP is a voluntary program and is not mandatory. Inmate participants are required to apply for



Exhibit (6)