| SECTION. | | SECTION. | |
|---|---|---|---|
| 13-8-23. | Agencies required to provide reports to parole board. | 13-8-29. | Authority of parole board to grant parole to federal prisoners. |
| 13-8-24. | Case reports to director of corrections. | 13-8-30. | Community supervision for child molestation offenses. |
| 13-8-25. | Annual reports of board. | 13-8-31. | Community supervision board. |
| 13-8-26. | Statements by interested individuals or families. | 13-8-32. | Community supervision. |
| 13-8-27. | Fees and allowances of officers. | 13-8-33. | Violations of community supervision — penalties. |
| 13-8-28. | [Obsolete.] | | |


**13-8-1. Parole board — Appointment and terms of members.** — Within the department of corrections there shall be a parole board consisting of seven (7) qualified electors of the state appointed by the governor. In the month of January in each year, the governor shall appoint one or more members of the board to serve in place of members whose terms have expired, for a term of three (3) years, and until his, her, or their successors have been appointed and qualified.

**History of Section.**
P.L. 1915, ch. 1186, § 1; G.L. 1923, ch. 414, § 1; P.L. 1926, ch. 868, § 1; P.L. 1932, ch. 1933, § 1; P.L. 1935, ch. 2250, § 17; G.L. 1938, ch. 617, § 1; P.L. 1943, ch. 1304, § 1; P. L. 1946, ch. 1687, § 1; P.L. 1949, ch. 2161, § 1; G.L. 1956, § 13-8-1; P.L. 1969, ch. 28, § 1; Reorg. Plan No. 1, 1970; P.L. 1972, ch. 163, § 9; P.L. 1989, ch. 419, § 1; P.L. 1993, ch. 262, § 1.

**Cross References.** Probation, §§ 12-18-1, 12-18-2.

NOTES TO DECISIONS

**1. In General.**
Failure of the governor to make an appointment under this section in the month of January does not preclude his making it later. Little v. Iannuccillo, 100 R.I. 336, 215 A.2d 421 (1956).

**13-8-2. Qualifications of board members.** — The seven (7) electors to be named by the governor shall have the following qualifications:

(1)(i) One of the qualified electors shall be a physician who is professionally qualified in the field of psychiatry or neurology;

(ii) One shall be a member in good standing of the Rhode Island bar;

(iii) One shall be a person who is professionally trained in correctional work or in some closely related general field as a social work; and

(iv) One shall be a law enforcement officer;

(2) All of the qualified electors shall be individuals who shall also have shown an interest in social welfare problems.

**History of Section.**
G.L., ch. 617, § 1; P.L. 1949, ch. 2161, § 1; G.L. 1956, § 13-8-2; P.L. 1969, ch. 28, § 2; P.L. 1989, ch. 419, § 1; P.L. 1993, ch. 262, § 2.

**Reenactments.** The 2002 Reenactment added the paragraph designations in subdivision (1).

**13-8-3. Chairperson of board — Liberty permits.** — (a) The governor shall appoint a qualified elector of this state chairperson of the parole board, who shall serve in the unclassified service as a fulltime employee for a term of two (2) years and until his or her successor has been appointed and qualified.

(b) All remaining members of the board shall also be in the unclassified service.

(c) The chairperson shall be an individual who has experience in the criminal justice system and shall have earned a baccalaureate degree.

(d) The chairperson shall have authority to create subcommittees of at least three (3) members of the parole board who shall serve on a rotating basis. The subcommittee may, in the case of any prisoner who is subject to the control of the parole board, by an affirmative vote of a majority of the subcommittee members, unless the prisoner is sentenced to imprisonment for life and unless the prisoner is confined as a habitual criminal under the provisions of § 12-19-21, issue to the prisoner a permit to be at liberty upon parole as if the permit were issued by the full board pursuant to the provisions of § 13-8-9.



**History of Section.**
G.L. 1923, ch. 414, § 1; P.L. 1932, ch. 1933, § 1; G.L. 1938, ch. 617, § 1; P.L. 1943, ch. 1304, § 1; P.L. 1946, ch. 1687, § 1; P.L. 1949, ch. 2161, § 1; G.L. 1956, § 13-8-3; P.L. 1978, ch. 96, § 1; P.L. 1993, ch. 262, § 3.

**Reenactments.** The 2002 Reenactment added the subsection designations.

**13-8-3.1. Subpoena powers of board.** — (a) Upon a specific demand made by either party to a preliminary or final parole revocation, the parole board is authorized and empowered to summon witnesses and to compel the production and examination of papers, books, accounts, documents, records, certificates and other legal evidence that may be necessary or proper for the determination and decision of any question before the board at the hearing.

(b) Both parties to a preliminary or final parole revocation hearing shall be informed of the right to compulsory process sufficiently in advance of the hearing to allow the parole board to effectuate that right in accordance with this section.

(c) Nothing in this statute shall be deemed to modify or supercede existing or common law privilege, including the confidential informant privilege.

(d) All subpoenas and subpoenas duces tecum shall be signed by the chairperson or, in the absence or disqualification of the chairperson, by any other member of the parole board, and shall be served as subpoenas are now served in civil cases in the superior court; and witnesses so subpoenaed shall be entitled to the same fees for attendance and travel as are now provided for witnesses in civil cases in the superior court.

(e) If any person fails to obey the command of any subpoena without reasonable cause, or if a person in attendance before the board shall, without reasonable cause, refuse to be sworn or examined, or to answer a legal and pertinent question, the board may apply to any justice of the superior court, upon proof by affidavit of

Exhibit (7)