United States District Court
For the District of Rhode Island

Douglas Pelletier pro se plaintiff

V C.A. NO. 07-186S

State of Rhode Island and Rhode Island
and Rhode Island Parole Board members defendants

Plaintiff's Response to Defendant's
Objection to Incorporate New Issue

Now comes the plaintiff, Douglas Pelletier pro se in the above entitled action and wishes to respond to the State's objection to plaintiff's request to incorporate new issue.

Plaintiff has recently asked for an early review of parole based on the "New" amendment to R.I.G.L. § 13-8-14.1 (Exhibit (1)), requiring a risk assessment be considered in making Parole determinations. This "New" law has already been enacted and plaintiff's request for early review has been denied (see Exhibit (2). As part of the evidence in this case plaintiff has submitted a risk assessment which was included in his "Independent" extensive psychiatric

evaluation that was paid for by Newport Superior Court, the board certified psychiatrist was agreed to by the Attorney General's office. For some inexplicable reason the parole board has chosen to disregard this report (although they first denied receiving it). This report shows plaintiff is a very low risk to return to prison. The R.I. Parole Board in it's letter denying my early review states that there is no "Risk Instrument" in place, plaintiff avers that (once again) this is not true. As evidence of this plaintiff directs this Honorable Court to Exhibits (3) and (4) which show a "Risk Assessment is in place. Exhibit (5) shows no such risk assessment was in use prior to July 2007. Whatever the risk assessment tool is, nothing is more encompassing than the information (risk assessment) presented by this plaintiff. Surely the State isn't spending $3000.00 each to have an extensive psychiatric evaluation done on each parole eligible inmate as was done in plaintiffs' case.

Plaintiff is also averring in his 1983 suit that the parole boards' requirement that he and every sex offender stay in the sex offender treatment program (SOTP) until paroled is unconstitutional, this is not part of the legislative parole release criteria (R.I.G.L. 13-8-14, 13-8-14.1). R.I. has a Constitutionally protected Liberty

interest in parole as noted by this very Court, this limits the great discretion this parole board had in the past (prior to R.I.G.L. § 13-8-14.1), so unless this program (SOTP) was part of my sentence or legislatively imposed (prior to my crimes) it is unconstitutional to make it mandatory for parole release which this board has stated time and time again. The parole board does this even though every Circuit Court has noted that States with a Liberty interest in parole can not impose these programs. The R.I. Parole Board and the State continue to violate inmates Constitutional rights. Until this Court protects myself with a proper ruling this illegal activity will continue.

Finally, Plaintiff avers he must be heard by the parole board since (per rule) inmates are to be seen every (6-12) months after their initial parole hearing, this is NOTED in Bishop v Moran cited at 676 F. Supp. 416, 423 - "The board has chosen to consider for possible release all inmates every <u>six months to one year</u> after the inmate first becomes eligible for parole. <u>That is the board's policy.</u>". Not only should this be the case because this was the policy when this plaintiff committed his crimes. According to States <u>with</u> Constitutionally protected Liberty

interests in parole as in Akins v Snow (1991, CA11 Ga) 922 F2d 1558 cert. den. (1991 U.S.) 115 L ed 2d 1079, 111 S Ct. 2915 - "For purposes of 42 USCS §1983 Action by inmates, elimination of annual parole consideration violated ex post facto clause of United States Constitution, where at time inmates committed crimes, parole board's rules required inmates be given annual reconsideration hearing was not mere procedural change and both in law and in practice was important component of prisoners' parole eligibility." So even if this ever actually changed via the APA (as the Parole Board states this is how it changes rules (see exhibit (2)) (this plaintiff doesn't believe this rule ever officially changed, certainly not prior to my crimes) it would not apply to him anyway. Therefore this plaintiff should have been reconsidered at least 8 times for parole, but has only been seen twice (once for initial hearing in 1999 and one reconsideration in 2004). This issue is also part of the original complaint.

Given all the factors in this case it is clear the R.I. Parole Board is acting in an arbitrary and capricious manner with total disregard for the law or the inmates rights that have been established in the Release Criteria set

down by the legislature in R.I.G.L.'s 13-8-14 and 13-8-14.1.

Plaintiff now asks that he be allowed to incorporate this new issue into his § 1983 suit (ignoring risk assessment in violation of newly amended and enacted law (R.I.G.L. § 13-8-14.1), and that a new parole hearing be ordered using this risk assessment. Plaintiff asks this that Justice might be served.

Respectfully Submitted,

Douglas Pelletier

Douglas Pelletier pro se
P.O. Box 8274
Medium I AR-48T
Cranston, RI, 02920

Certification

I, Douglas Pelletier, do hereby certify that a true copy of this motion was mailed via the U.S. Postal service to Richard Woolley at the Attorney General's office, at 150 South Main Street, Providence, R.I., 02903 on this 16th day of June 2008.

Douglas Pelletier