**RHODE ISLAND PAROLE BOARD**
**POLICY STATEMENT AS ADOPTED MARCH 28, 2007**

**A.)** The Rhode Island Parole Board will use the following major criteria in determining whether to grant or deny parole:

**1.) RISK ASSESSMENT TOOL**: The Rhode Island Parole Board will utilize and objective validated risk assessment tool, developed for implementation on the correctional population in the state, and designed to predict the likelihood and risk of re-offense by utilizing predictive risk factors as guidance in the discretional release decision-making process.

**2.) SERIOUSNESS OF THE OFFENSE:** It is the policy of the Board to consider the nature and circumstances of the offense, and to determine whether the purposes of retribution and general deterrence have been satisfied. In evaluating the case along this dimension, the Board will be guided by the official version of the offense and the length of the sentence imposed. The Board, however, will also take into consideration the parole candidate's version of the offense. The Board is particularly concerned with offenses which (1) involved a weapon and/or physical injury or possible injury to the victim, and (2) crimes of a repetitive nature, such as a series of burglaries and drug sales, which reflect extensive involvement in crime-oriented activities. A number of mitigating and aggravating factors, including the parole candidate's motivation for committing the offense, his/her role in the offense, the amount of loss and/or injury to the victim, and the degree of sophistication evidenced in the offense, will also be taken into consideration. In general, it is not Board policy to deny parole solely on the basis of the nature and circumstances of the offense; there are, however, certain instances where denial on this basis may be warranted.

**3.) PRIOR CRIMINAL RECORD** AND PRIOR PAROLE REVOCATIONS: In evaluating the parole candidate's prior criminal record, the Board will consider the inmate's prior adult record in order to determine the extent of his/her involvement in crime-oriented activities as well as information of juvenile detention and the offender's age at the time of first arrest. The Board is primarily concerned with the number of and the seriousness of the inmate's convictions. The Board will also consider the parole candidate's response to prior community supervision, and whether the present offense was committed while on probation or parole. A pattern of continual arrests will be interpreted as an indication that the subject is unlikely to succeed on parole, and is of high risk to reoffend.

Since the evaluation of these factors play an important role in the decision-making process, the Board has adopted guidelines for rating the seriousness of the prior criminal record.

Prior Criminal Record is defined as follows:



Exhibit (3)