United States District Court
For the District of Rhode Island

Douglas Pelletier pro se Plaintiff

V. C.A. No. 07-186S

State of Rhode Island and Rhode Island
Parole Board Members defendants

# EMERGENCY MOTION

Emergency Motion For Bail Pending OUTcome of (1983) case / or in the Alternative A Preliminary Injunction/ Declatory Injunction ordering a new Parole Hearing by a legitimate Board Using Constitutional Criteria/ Also Request For Sanctions Against Defendants

Now comes the plaintiff, Douglas Pelletier pro se in the above entitled action and respectfully request his motion be heard on an Emergency basis as he is currently suffering irreparable harm as he has been incarcerated (4) years (5) months past the

maximum guideline without any Constitutionally permissable (Arbitrary and Capricious) reason existing for this. Plaintiff has clearly shown that the members of this parole board are there illegally. Thus nothing about his last parole hearing was legitimate, from the board members who were there illegally, and using unconstitutional "criteria" which is based in law (R.I.G.L. § 13-8-14, 13-8-14.1), that is openly being violated.

Plaintiff would like to inform the Court that he has now been waiting for an answer to the State's Motion to Dismiss for (4) months (since February 15, 2008), and has filed this motion for bail / injunction on March 20, 2008 asking it to be heard on an emergency basis. Unfortunately it was never heard. I now ask the Court to order the State (Parole Board) to explain why plaintiff is being denied parole because he is no longer in the sex offender treatment program (SOTP) since (a) he was in that program for (18) months at which time Peter Loss (Director (SOTP)) allowed him to file for an early review of parole (Note: the State denied Mr. Loss said this but plaintiff has provided (2) letters from his parole attorney (which were on file prior to Mr Loss's statements), he has

Also shown other evidence showing Mr Lois has no problem lying in his responses to the Court). (b) Plaintiff also provided to the parole board an an independent extensive psychiatric evaluation (the board certified psychiatrist was agreed to by the Attorney General's office and report was paid for by the Newport Superior Court), showing plaintiff to be a very good candidate for release. Plaintiff believes any reasonable person would assume the purpose of the (SOTP) is to get an inmate to the point where my evaluation shows I am at now. (C) The State (R.I. Parole Board) has said I must complete the (SOTP). Plaintiff has averred from the beginning of this (1983) suit that there is NO such thing as completion. Inmates have been there for over (10) years in some cases. Inmates must stay there until they make parole, then as part of parole, take an outside program (and pay for it). These LAWS for making parole have been instituted by the parole board in violation of the Constitutionally protected Liberty interest contained in R.I.G.L.§ 13-8-14.1. R.I.G.L.§ 13-8-14.1 clearly states the parole board may "ONLY" deviate from it's guidelines upon a finding that individualized factors exist. In this case the guideline is (2/3) or no more

than (15) years, and no reasons exist (per statute) for deviation. If this parole board can't give a legitimate reason, plaintiff asks he be granted bail pending the outcome of this case as he is suffering irreparable harm.

If the Court can not provide this he asks that a legitimate parole board be ordered with members who are on the board in accordance with R.I.G.L.'s § 13-8-1, 13-8-2, and 13-8-3, who use Constitutionally permissable criteria as per R.I.G.L.'s § 13-8-14, 13-8-14.1 and the Constitutionally Protected Liberty Interest contained therein.

Plaintiff also asks that sanctions be imposed against the defendants in this case for again lying to this Court. On February 28, 2008 (see exhibit (1)) the State (Parole Board) responded to "Requests for Admissions". In these responses the State (Parole Board) clearly deny ever receiving my "independent extensive psychiatric evaluation" and the information contained within. Recently I received a response from the parole board admitting they had received this evaluation. I have enclosed a copy of the certified card (receipt) (exhibit (2)) showing a (large (by cost)) package was signed for by the parole board on (10/14/04). Plaintiff has shown how the

State (Parole Board) has constantly lied to this Court. This has entailed everything from what was heard in Superior Court (what kind of hearing, were witnesses allowed, evidence, what issues were heard or ruled on, whether it was a 1983 (which it wasn't), etc. to Mr. Loss lying (Ample proof was provided, from Letters written by this plaintiff's Attorney from 2002 and 2007 also by showing Mr Loss lied about doing evaluations for inmates who had left his program). The parole board has stated I have to complete a program (SOTP) (which has no end). Now I have shown they lied about receiving the extensive psychiatric evaluation. All of these things serve to delay and purposely mislead this Court to the detriment of this plaintiff. Please note on Exhibit (1) I have highlighted some of the questions and responses that show the State (R.I. Parole Board) are ignoring this Honorable Courts ruling in Petrarca v. State of R.I. 583 F. Supp. 297. Plaintiff has also included the applicable guideline for this case (Exhibit (3).

Plaintiff asks that sanctions be imposed against these defendant's for these actions, and that he be released on bail pending the outcome of this matter or at least order a legitimate board be held using

Constitutional permissable Criteria. If none of this can be granted plaintiff implores this Honorable Court to schedule an in Court hearing (Conference) where both sides can have a discussion of the issues, and present evidence rather than have a rash of these time consuming motions, responses, responses to responses, etc.. Plaintiff asks these things that Justice might be served in this matter.

Respectfully submitted,

[signature]

Douglas Pelletier pro se
P.O. Box 8274
Medium I AR-48T
Cranston, RI, 02920

Certification

I, Douglas Pelletier, do hereby certify that a true copy of this motion was mailed via the U.S. Postal service to Richard Woolley at the Attorney General's office at 150 South Main St., Providence, R.I., 02903 on this 15th day of June 2008.

[signature]