**RI PAROLE BOARD**
**40 HOWARD AVENUE**
**CRANSTON, RHODE ISLAND 02920**

**DATE: June 3, 2008**

**INMATE: Douglas Pelletier** **ID#: 076890**
**SECURITY: MEDIUM II**
**AREA: A MODR**
**CELL: 48T**

**Dear Mr. Pelletier:**

**I am in receipt of your latest letter dated May 23, 2008 in which you ask for an earlier parole reconsideration and refer to RIGL § 13-8-14.1, whereby the Board will use Risk as a factor instead of offense.**

**While you have indeed submitted a psychiatric evaluation to the Board in the past, this is not the risk instrument that the Board will use. Our risk instrument has been developed and normed on our correctional population using recidivism studies. Additionally it was developed by a nationally recognized criminologist and researcher.**

**We will be hold our annual Public Hearing and Open Meeting over the next month. At that time the Board will decide whether to promulgate new policies and guidelines using the risk tool. The new guidelines will be available by the beginning of August. Under the Administrative Procedures Act we cannot adopt new guidelines until we hold the above mentioned meetings.**

**We can discuss this further when we meet with you in November 2008**

**Sincerely,**

Lisa S. Holley

**Lisa S. Holley**
**Chairperson**
**RI Parole Board**

**LSH:al**

Exhibit (1)

REQUEST 7: Do the defendants admit that the parole board was supplied with an extensive (26 pages) psychiatric evaluation in September of 2004?

RESPONSE 7: Denied.

REQUEST 8: Does this evaluation state that "based on an analysis of objective and static data alone" there was only a 12% chance of recidivism within (5) years, 14% within (10) years, and 19% within (15) years?

RESPONSE 8: Denied.

REQUEST 9: Does this evaluation go onto state that based on non-static factors I am at a relatively low risk of recidivism?

RESPONSE 9: Denied.

REQUEST 10: Does this evaluation also outline treatment recommendations for community treatment?

RESPONSE 10: Denied.

REQUEST 11: Is it true that the R.I. legislature had delivered to it on December of 2005, a State commissioned report by criminologist James Austin that showed Rhode Island's rate of recidivism is 31% within the first year, and 50% within three years?

RESPONSE 11: Unknown to these defendants. Denied.

REQUEST 12: Is it true that the noted psychiatric evaluation was ordered and paid for by the Newport Superior Court?

RESPONSE 12: Unknown to these defendants. Denied.

REQUEST 13: Is it true that this psychiatric evaluation was prepared by a board certified psychiatrist who was agreed upon by (my then) attorney and the Attorney General's office?

RESPONSE 13: Unknown to these defendants. Denied.

REQUEST 14: Is it true that the R.I.G.L. § 13-8-14.1 limits the great discretion conferred on the parole board by earlier statutes.

RESPONSE 14: Denied. Statute speaks for itself.

REQUEST 15: Is it true that although the parole board is allowed to set its own guidelines it is also required to follow them?

RESPONSE 15: Denied.

REQUEST 16: Is it true this plaintiff has an excellent institutional record?

RESPONSE 16: Denied. Has refused to attend, participate and complete sex offender treatment although told he was required to do so.

REQUEST 17: Is it true that this plaintiff provided the parole board with a job letter and a residence letter at his last hearing?

RESPONSE 17: Admit that the Parole Board received a job letter dated August 27, 2004 to work at All American Painting and Construction in Middletown, Rhode Island but deny a residence letter. Parole Board has family member letters supportive of release but no letters actually say he can reside with them.

REQUEST 18: Isn't it true that Rhode Island inmates have a protected liberty interest in parole?

RESPONSE 18: Calls for legal conclusion. Denied.

REQUEST 19: Isn't it true that this plaintiff was not Court ordered to this sex offender treatment program as a prerequisite to being parole eligible (parole release)?

RESPONSE 19: Unknown to these defendants. Denied.

REQUEST 20: Isn't it true there is no statutory requirement for the sex offender treatment program in the R.I. General Laws?

RESPONSE 20: Calls for legal conclusion. Denied.

REQUEST 21: Isn't it true that some inmates are Court ordered to the sex offender treatment program as part of their sentence?

RESPONSE 21: Unknown to these defendants. Denied.

REQUEST 22: Isn't it true that sexual assaults (according to the "Justice Center" whom the State of Rhode Island has contracted with) have the second lowest recidivism rates of any crime, trailing only murder?

RESPONSE 22: Unknown to these defendants. Denied.

REQUEST 23: Isn't it true that some inmates have been in the sex offender treatment program for 7 – 10 years?

RESPONSE 23: Unknown to these defendants. Denied.