United States District Court
For the District of Rhode Island

Douglas Pelletier pro se plaintiff

v C.A. NO. 07-186 S

State of Rhode Island and Rhode Island
Parole Board members defendants

Emergency
Motions

Motion to be seen by Parole Board in Accordance with R.I.G.L.'s § 13-8-14, 13-8-14.1

Motion For Attorney

Motion to Expedite

Now comes the plaintiff Douglas Pelletier pro se in the above entitled action and respectfully requests this Honorable Court order the State of R.I. and R.I. Parole Board to see (give a hearing to) the plaintiff at the next available parole board and that he be seen using legal criteria as provided in R.I.G.L.'s § 13-8-14, and 13-8-14.1 (see exhibit (1)).

Plaintiff has previously submitted evidence showing the director of the sex offender treatment program (SOTP) had allowed him to request an early review of parole in 2002. This came in the form of several letters from his lawyer which are documented to have been written in 2002 and 2007. These letters indicate (Susan Iannitelli) my parole lawyer had spoken to Mr Loss in 2002 and he allowed (agreed to) an early parole review. Now in 2008 the State and Mr Loss deny ever making these statements. Plaintiff has also submitted other evidence showing Mr. Loss's word to be worthless, including excerpts from a U.S. District Court case in which a Judge from this very Court noted him to be less than Credible. In addition, this plaintiff has submitted an extensive psychiatric evaluation showing him to be an extremely low risk to return to Jail.

Given Mr. Loss's history with this inmate (conflict) plaintiff has requested some alternative programming to satisfy the parole boards (illegal requirements)(mandatory, never ending civil commitment program). Enclosed is the response to that request (Exhibit (2)) from the Director of Rehabilitation which states it is a pre-requisite for sex offenders

to be in this program. I would again like to note that the parole board is putting my life in the hands of a man I have shown to have lied regarding my parole readiness and the U.S. District Court has deemed less than credible. This pre-requisite is not even close to being legal since it would have to be part of my sentence (which it is not). This plaintiff did attend this program for (48) months voluntarily. I am not even being considered for parole release almost (10) years after becoming parole eligible, and (5) years after the parole boards own release criteria. This very court has ruled in the Petrarca case (cited at 583 F. Supp 297) the parole board must follow it's guidelines.

This case has been going on for over a year now, and for some unexplained reason this Court has not been ruling on any of the numerous motions pending. There can be no doubt what this parole board is doing is illegal, and is in violation of my constitutional rights. It is also clear my only relief available is through the Federal courts. By these inordinate delays this Court is now prejudicing the plaintiff's Constitutional rights even further. Plaintiff has numerous times written asking for information, but the Court doesn't respond.

Plaintiff asks the Court appoint a lawyer since he obviously has no avenue of communication with the Court.

Plaintiff also asks he receive a current docket every week showing when his motions are scheduled to be heard and that this process be expedited. He asks these things that Justice be served without further delay.

Respectfully Submitted,

[signature]

Douglas Pelletier pro se'
P.O. Box 8274
Medium I AR-48T
Cranston RI 02920

Certification

I, Douglas Pelletier do hereby certify that a true copy of this motion was mailed via the U.S. Postal service to Richard Woolley, at the Attorney General's office, 150 South Main St., Providence, R.I., 02903 on this 1st day of July 2008.

[signature]