custody of the warden of the adult correctional institutions, the permit may be issued only after the prisoner has served not less than twenty-five (25) years imprisonment; and

(ii) For each subsequent conviction of escape or attempted escape, an additional five (5) years shall be added to the time required to be served.

(b) In the case of a prisoner sentenced consecutively to more than one life term for crimes occurring after May 7, 1981, the permit may be issued only after the prisoner has served not less than ten (10) years consecutively on each life sentence; provided, in the case of a prisoner sentenced consecutively to more than one life term for crimes occurring after June 30, 1995, the permit may be issued only after the prisoner has served not less than fifteen (15) years consecutively on each life sentence.

**History of Section.**
P.L. 1915, ch. 1186, § 3; G.L. 1923, ch. 414, § 3; P.L. 1926, ch. 868, § 2; P.L. 1932, ch. 1933, § 1; G.L. 1938, ch. 617, § 3; P.L. 1949, ch. 2161, § 1; P.L. 1956, ch. 3721, § 5; G.L. 1956, § 13-8-13; P.L. 1960, ch. 115, § 1; P.L. 1970, ch. 120, § 1; P.L. 1975, ch. 190, § 1; P.L. 1981, ch. 36, § 1; P.L. 1989, ch. 419, § 1; P.L. 1995, ch. 129, § 1.

**Reenactments.** The 2002 Reenactment in subsection (a) added the subdivision designations, and added paragraph designations in subdivisions (3) and (4).

## NOTES TO DECISIONS

Analysis

1. In general.
2. Constitutionality.
3. Eligibility for parole.

**1. In General.**

Where a little more than three months between the day of the denial of a new trial motion and the imposition of sentence elapses, this period is not considered unreasonable for purposes of considering when accused's imprisonment time would begin to run. State v. Winston, 105 R.I. 447, 252 A.2d 354 (1969).

For an advisory opinion as to when an individual sentenced to consecutive life sentences may apply for parole, see In re Advisory Opinion to Governor, 421 A.2d 535 (R.I. 1980).

**2. Constitutionality.**

A parole board's action in first giving a convict eligibility status for parole and then subsequently taking it away based on its reinterpretation of the parole eligibility statutes did not violate due process. Lerner v. Gill, 463 A.2d 1352 (R.I. 1983). But see Lerner v. Gill, 580 F. Supp. 1056 (D.R.I. 1984), cert. denied, 472 U.S. 1010, 105 S. Ct. 2709, 86 L. Ed. 2d 724 (1985), annotated below.

A parole-board determination in regard to a convict's parole-eligibility status was not the equivalent of a rule subject to ex post facto clauses of the Rhode Island and United States Constitutions. Lerner v. Gill, 463 A.2d 1352 (R.I. 1983).

Where a prisoner is informed by the parole board and believes that he is parole eligible, and this action of the parole board is based upon a rational if not correct application of the statute in an area of the board's particular expertise, i.e., this section, a revocation of that status, both rationally and on the basis of authority, is an unlawful ex post facto exposition, and the prisoner should be considered to be eligible for consideration for a parole permit. Lerner v. Gill, 580 F. Supp. 1056 (D.R.I. 1984), cert. denied, 472 U.S. 1010, 105 S. Ct. 2709, 86 L. Ed. 2d 724 (1985).

The state supreme court's construction of this section, as amended in 1970, that a prisoner who had been sentenced to two consecutive life sentences had to serve ten years for each sentence, consecutively, for a total of 20 years, before becoming eligible for parole, was not so unforeseeable, and the defendant's reliance on a prior attorney general's interpretation, that the defendant was eligible for parole after serving ten years, was not so prejudicial, as to amount to a denial of due process. Lerner v. Gill, 751 F.2d 450 (1st Cir. 1985), cert. denied, 472 U.S. 1010, 105 S. Ct. 2709, 86 L. Ed. 2d 724 (1985) (decided under facts existing prior to 1981 amendment).

**3. Eligibility for Parole.**

The trial court properly applied subsection



(b) of this section to require that the defendant serve ten years of concurrent life sentences and an additional ten years on a consecutive life sentence before becoming eligible for parole. DeCiantis v. State, 666 A.2d 410 (R.I. 1995).

**13-8-14. Release criteria.** — (a) A permit shall not be issued to any prisoner under the authority of §§ 13-8-9 -13-8-13 unless it shall appear to the parole board:

(1) That the prisoner has substantially observed the rules of the institution in which confined, as evidenced by reports submitted to the board by the director of the department of corrections, or his or her designated representatives, in a form to be prescribed by the director;

(2) That release would not depreciate the seriousness of the prisoner's offense or promote disrespect for the law;

(3) That there is a reasonable probability that the prisoner, if released, would live and remain at liberty without violating the law;

(4) That the prisoner can properly assume a role in the city or town in which he or she is to reside. In assessing the prisoner's role in the community the board shall consider:

(i) Whether or not the prisoner has employment;

(ii) The location of his or her residence and place of employment; and

(iii) The needs of the prisoner for special services, including but not limited to, specialized medical care and rehabilitative services; and

(5) That any and all restitution imposed pursuant to § 12-19-32 has been paid in full, or satisfactory arrangements have been made with the court if the person has the ability to pay. Any agreement shall be in writing and it is the burden of the person seeking parole to satisfy the parole board that this requirement has been met. Any person subject to the provisions of this section may request an ability to pay hearing, by filing the request with the court which imposed the original sentence.

(b) In the case of a prisoner sentenced to imprisonment for life who is released on parole and who is subsequently convicted of a crime of violence as defined in § 11-47-2, the conviction shall constitute an automatic revocation of parole and the prisoner shall not be eligible for parole thereafter.

(c) In the case of a prisoner convicted of a crime of violence as defined in § 11-47-2 and subsequently released on parole, should the prisoner, while on parole, commit an offense which results in a sentence of imprisonment for life, the conviction shall constitute an automatic revocation of parole and the prisoner shall not thereafter be eligible for parole.

**History of Section.**
P.L. 1976, ch. 223, § 2; P.L. 1980, ch. 292, § 1; P.L. 1989, ch. 419, § 1; P.L. 1995, ch. 94, § 2.

Exhibit (1)

NOTES TO DECISIONS

**1. Denial of Parole.**

Minimal due process requires that any parole denial be accompanied by a written statement from the parole board, containing the grounds for the decision and the underlying factors supporting those grounds, sufficient to enable a reviewing court to determine whether parole was denied for permissible reasons. State v. Ouimette, 117 R.I. 361, 367 A.2d 704 (1976); State v. Tillinghast, 609 A.2d 217 (R.I. 1992).

Where there was nothing in the record to indicate that the parole board deviated from its clearly established guidelines when it denied a request for parole, there was no violation of due process. Estrada v. Walker, 743 A.2d 1026 (R.I. 1999).

**13-8-14.1. Parole standards.** — (a) At least once each calendar year the parole board shall adopt standards to be utilized by the board in evaluating applications for parole of persons convicted of a criminal offense and sentenced to the adult correctional institutions. These standards shall establish, with the range of parole eligibility set by statute, the portion of a sentence which should be served upon conviction for each category of criminal offense prior to parole, and shall serve as guidelines for the board in making individual parole determinations.

(b) The board shall consider the applicable standard prior to rendering a decision on a parole application, and may make a determination at variance with that standard only upon a finding that the determination is warranted by individualized factors, such as the character and criminal record of the applicant, the nature and circumstances of the offense or offenses for which the applicant was sentenced, the conduct of the applicant while incarcerated, and the criteria set forth in § 13-8-14.

(c) In each case where the board grants an application prior to the time set by the applicable standard or denies an application on or after the time set by that standard, the board shall set forth in writing the rationale for its determination.

**History of Section.**

P.L. 1982, ch. 375, § 10; P.L. 2000, ch. 109, § 22.

**Reenactments.** The 2002 Reenactment added the subsection designations.

NOTES TO DECISIONS

ANALYSIS

1. Constitutional right.
2. — Ex post facto clause.
3. Life sentence.

**1. Constitutional Right.**

This section creates a cognizable liberty interest in the Rhode Island parole scheme. Petrarca v. Rhode Island, 583 F. Supp. 297 (D.R.I. 1984); Bishop v. State, 667 A.2d 275 (R.I. 1995).

**2. — Ex Post Facto Clause.**

The application of parole-board guidelines promulgated after the defendant's murder conviction to his application for parole did not constitute a violation of the defendant's constitutional rights under the ex post facto clause. State v. Tillinghast, 609 A.2d 217 (R.I. 1992).

**3. Life Sentence.**

The parole board did not act arbitrarily in denying the request for parole of a prisoner convicted of first-degree sexual assault in 1981 and sentenced to life imprisonment, because the prisoner was not eligible for parole until he had served at least 15 years. The Rhode Island Parole Board Guidelines provide that "a person convicted and sentenced to prison on a charge of first-degree sexual assault ... should serve two-thirds (⅔) of his/her sentence before being considered for parole release". Since the board employed a period of 30 years when computing the parole eligibility of an inmate serving a life sentence, it would have been completely justified in ruling that the prisoner would not have been eligible for parole consideration until 20 years (not to mention 15 years) had elapsed, which by clear implication would have been two-thirds of the life sentence. State v. Acquisto, 619 A.2d 428 (R.I. 1993).



**13-8-15. [Obsolete.]**

**Obsolete Sections.** This section (P.L. 1915, ch. 1186, § 4; G.L. 1923, ch. 414, § 4; G.L. 1938, ch. 617, § 4; P.L. 1949, ch. 2161, § 1; G.L. 1956, § 13-8-15), concerning parole of prisoners sentenced prior to 1915, is obsolete.

**13-8-16. Terms of parole.** — (a) Every permit issued by the parole board under this chapter shall entitle the prisoner to whom it is issued to be at liberty upon parole during the remainder of the term which he or she is under sentence to serve upon any terms and conditions that the board may see fit in its discretion to prescribe, and the acceptance of the permit by the prisoner shall constitute an agreement on the part of the prisoner to abide by and conform to those terms and conditions.

(b) When a prisoner is released on parole to serve a sentence in another state, the board shall request that the receiving state notify the board immediately upon the prisoner's release from the correctional facility in the receiving state. The executive secretary of the board shall, within five (5) days of receipt of the notice, notify the state police and the local police departments as set forth in § 13-8-9.1 of the release of the prisoner.

**History of Section.**

P.L. 1915, ch. 1186, § 5; G.L. 1923, ch. 414, § 5; G.L. 1938, ch. 617, § 5; P.L. 1946, ch. 1687, § 3; P.L. 1949, ch. 2161, § 1; P.L. 1953, ch. 3129, § 1; G.L. 1956, § 13-8-16; P.L. 1983, ch. 215, § 1; P.L. 2002, ch. 319, § 1.

**Reenactments.** The 2002 Reenactment added the subsection designations.

**Compiler's Notes.** The section as it appears above has been edited by the compiler to include the changes made by the 2002 Reenactment of this title which were not included in the 2002 amendment.

NOTES TO DECISIONS

**1. Revocation of Parole.**

Where parolee was arrested and convicted of a subsequent crime prior to the date of expiration of his first sentence this automatically revoked his parole and it mattered not that specific revocation by the parole board took place after the original sentence had expired. Lee v. Gough, 86 R.I. 23, 133 A.2d 779, cert. denied, 355 U.S. 874, 78 S. Ct. 125, 2 L. Ed. 2d 78 (1957).

**Collateral References.** The propriety of conditioning parole on defendant's not entering specified geographical area. 54 A.L.R.5th 743.

**13-8-16.1. Terms of parole — Certain drug offenses.** — Every person who shall be placed on parole for a violation of any section of chapter 28 of title 21 prohibiting the unlawful sale, distribution, manufacturing, delivery or possession with intent to manufacture,