UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DOUGLAS PELLETIER

v.                                                  C.A. No. 07-186 S

STATE OF RHODE ISLAND et al.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge.

The *pro se* plaintiff, Douglas Pelletier, an inmate confined at the Adult Correctional Institutions in Cranston, Rhode Island, filed a Complaint pursuant to 42 U.S.C. §1983 ("§1983") alleging the denial of his parole application violated his Constitutional rights. He seeks an injunction requiring a new parole hearing and damages.

Currently before the Court are four motions filed by plaintiff - three for a preliminary injunction and/or temporary restraining order (Dockets # 45, 57 and 59, respectively), presumably under Rule 65(a) of the Federal Rules of Civil Procedure (the "Federal Rules"), and one for a hearing with respect to the first motion for preliminary injunction (Docket # 46). In his first two motions for preliminary injunction, plaintiff requests the court grant him bail pending the outcome of his §1983 claim. In his second and third motions for preliminary injunction, he requests the court order the defendants to grant him a new parole hearing. Defendants have objected to plaintiff's motions for a preliminary injunction (Docket # 49, 58 and 60, respectively).

These preliminary injunction motions have been referred to me pursuant to 28 U.S.C. § 636 (b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend plaintiff's motions for preliminary injunction be denied. I have determined that no hearing is necessary and thus deny plaintiff's motion for a hearing. *See Campbell Soup Co., v. Giles*, 47 F.3d 467, 469 (1st Cir. 1995)(evidentiary hearing not indispensable requirement when court decides on injunctive relief under Federal Rule 65).

## BACKGROUND

In January of 1990, plaintiff was sentenced to 75 years with 60 to serve, retroactive to the date of his arrest in January 1989, for first degree sexual assault, assault with intent to murder, assault with a dangerous weapon and breaking and entering. He first went before the parole board in January 1999; however, the board denied parole due to the seriousness of the crime and the fact that plaintiff had just begun work in the sex offender treatment program ("SOTP"). Five years later, in November 2004 he went before the board again, and again parole was denied. The parole board stated that plaintiff was no longer in the SOTP and noted they would review his case again in four years.

In May of 2007, plaintiff filed the instant §1983 claim seeking damages and an injunction mandating a new parole hearing. Plaintiff claims that the parole board violated his Constitutional rights by: (i) treating him unfairly compared to similarly situated inmates, (ii) applying invalid criteria and considering invalid information in denying him parole, and (iii) imposing extraordinarily long intervals between parole hearings. He further contends that the parole board is illegally constituted in violation of the laws of Rhode Island.

Defendants have moved to dismiss the case for failure to state a claim upon which relief can be granted, or, in the alternative, for a stay pending the outcome of plaintiff's third

application for post-conviction relief application before the Rhode Island Supreme Court, which defendants' state includes §1983 claims identical to those in the instant matter (Docket # 38). Plaintiff has objected to defendants' motion to dismiss or for a stay (Docket # 41). Defendants' motion is currently under advisement.

In the meantime, plaintiff filed the instant motions for preliminary injunction requesting the Court grant him bail pending the outcome of his §1983 civil rights action, or, in the alternative, that the Court order a new parole hearing. Defendants object. For the reasons stated below, I recommend plaintiff's motions for preliminary injunction be denied.

## DISCUSSION

### I. Immediate Release on Bail Not Available Under §1983 Claim

Although titled a Motion for Preliminary Injunction or Temporary Restraining Order, plaintiff first seeks the Court to release him immediately on bail pending the outcome of his underlying §1983 action. Plaintiff cites no federal statute or court rule addressing the Court's authority to grant a state prisoner bail during the pendency of a §1983 action.

Although a federal district court has the inherent authority to release a state prisoner on bail pending the application for a writ of habeas corpus in which the prisoner is seeking to overturn his conviction or sentence, *see, e.g., Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972), in such cases, the court's ultimate power to release the prisoner as a final disposition of the action includes the lesser authority to release the prisoner pending the final outcome of the case. *See Baker v. Sard*, 420 F.2d 1342 (D.C. Cir. 1969). However, unlike in a habeas corpus action, a court may not order a prisoner's "immediate or speedier release into the community" in a §1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74, 82, 125 S.Ct. 1242 (2005); *see, also, Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973). In fact, in his underlying action, plaintiff here is

3

not seeking immediate release, but only a new parole hearing. Thus, since the court's ultimate authority in this action would be to mandate a new parole hearing, not plaintiff's release from prison, see *Wilkinson*, 544 U.S. at 82, 125 S.Ct. 1242, release on bail to await a new parole hearing is inappropriate.[1]

Further, even if the Court considered granting bail in this case, plaintiff has not alleged the extraordinary circumstances required to justify enlargement on bail in a collateral attack of state imprisonment. *See, e.g., Glynn*, 470 F.2d at 98 (since the state prisoner challenging his conviction in habeas corpus has already been tried, convicted and sentenced, the pre-trial presumption of innocence disappears and the prisoner must show that both the law and facts clearly indicate he will succeed in overturning his conviction or sentence, and that there are "exceptional circumstances" that warrant bail).

## II. Injunction Ordering New Parole Hearing Not Warranted

Plaintiff also seeks a preliminary injunction mandating a new parole hearing. A preliminary injunction is a mechanism used to preserve the status quo pending litigation of the merits by protecting a plaintiff from irreparable harm and maintaining the court's ability to render a meaningful judgment following a trial on the merits. *See, e.g., CMM Cable Rep., Inc. v. Ocean Coast Prop., Inc.*, 48 F.3d 618, 620 (1st Cir.1995). As the party moving for preliminary injunctive relief, plaintiff bears the burden to demonstrate: (i) that plaintiff will suffer irreparable injury if the injunction is not granted; (ii) that such injury outweighs any harm which granting injunctive relief would inflict on the defendant; (iii) that plaintiff has a likelihood of success on the merits; and (iv) that the public interest will not be adversely affected by the granting of the injunction. See *Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 5 (1st Cir. 1991).

---

[1] Analogously, a court should not issue a preliminary injunction for relief of a different character than that sought in the underlying suit. *See, e.g., Kaimowitz v. Orlando, Florida*, 122 F.3d 41, 43 (11th Cir. 1997), *cert. denied*, 523 U.S. 1138, 118 S.Ct. 1842, 140 L.Ed.2d 1092 (1998). Here, in the underlying §1983 action plaintiff is seeking a new parole hearing, not to be released from prison, hence, the court would not order plaintiff's release from prison pursuant to a preliminary injunction motion.

In this case the preliminary injunction plaintiff seeks is mandatory, as it requires action on the part of the defendants, and is identical to the ultimate injunctive relief he seeks in his underlying §1983 case. In balancing the hardships that would ensue upon the grant of a preliminary injunction, courts generally disfavor preliminary injunctions of a mandatory nature, particularly when they grant the ultimate relief sought by the moving party. *See, e.g., Crowley v. Local No. 82, Furniture & Piano Moving*, 679 F.2d 978, 995 (1st Cir.1982), *rev'd on other grounds*, 467 U.S. 526, 104 S.Ct. 2557 (1984); *S.W. Industries, Inc. v. Aetna Casualty & Surety Co.*, 646 F.Supp. 819, 823 (D.R.I.1986).

Granting plaintiff's injunction here would alter, rather than preserve, the status quo and would effectively eliminate the Court's ability to render a meaningful judgment on the merits after a more complete analysis. Further, (i) the legal issues in this case, including the issue of quasi-judicial immunity for injunctive relief, are being analyzed in connection with defendants' motion to dismiss that is currently under advisement and (ii) the public interest in not second-guessing the parole board on a cursory basis in a preliminary injunction motion favors denial of plaintiff's motion. Accordingly, I recommend that, rather than decide the ultimate issue in this case on a preliminary basis, after a determination on defendants' motion to dismiss that is currently under advisement, if necessary, the case should be assessed on its merits in a more complete fashion.

## CONCLUSION

For the reasons stated above, I recommend that plaintiff's emergency hearing motion and three preliminary injunction motions be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986)(*per curiam*); *Park Motor Mart, Inc. v Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
Date: July 18 - 08