United States District Court
For the District of Rhode Island

Douglas Pelletier pro se plaintiff

V C.A.NO. 07-186 S

State of Rhode Island (Attorney General Patrick Lynch)
and A.T. Wall (Director Adult Correctional Institutions)
defendants

Supplemental Complaint

Preliminary Statement

This is a civil rights action filed by Douglas Pelletier pro se, a State prisoner for injunctive relief and Court costs under 42 U.S.C. § 1983. Plaintiff is averring the State of Rhode Island and it's representatives have been infringing upon his U.S. Constitutional rights.

Facts

On December 12, 2003 a Newport R.I. Superior Court Judge (Thunberg) ruled that this plaintiff received an excessive sentence, a presentence report was ordered as well as an

extensive independent psychiatric evaluation be prepared at which time I would be re-sentenced in accordance with the benchmarks (see exhibit (1) Judge Thunberg's decision, exhibit (2) transcripts of oral decision). Prior to resentencing the State was granted an emergency stay. The State of Rhode Island appealed this decision. The appeal was heard in the R.I. Supreme Court and they ruled the Superior Court Judge had erred as ONLY the sentencing Judge could resentence me. (see exhibit (3) Supreme Court decision). Since my sentencing Judge had retired (and would not come back to hear my post conviction motion) I have no avenue of relief (no due process). Yet anyone who's Judge has NOT retired is entitled to due process, so this is a violation of due process as well as the equal protection Clause. R.I. law allows the Presiding Superior Court Judge to appoint Judges to preside over cases where a Judge has retired or died. The R.I. Supreme Court has now taken away the power to rule on these cases, thereby denying defendants fundamental rights.

Additionally, After this case was ruled on in 2003, the R.I. Supreme Court changed the Constitutional Standard of what Constituted an excessive (illegal) sentence (in 2004 in

Mckinney v State 843 A2d 463), the Court went from the "Solem" test to the "Ewing" test. So it changed the Constitutional Standard of an illegal sentence and applied it ex post Facto. Also in Mckinney the R.I. Supreme Court stated Only the sentencing Judge has the right to alter or re-sentence my plea. So this too was an ex post Facto ruling. At the same time the R.I. Supreme Court ignored the "Blakely" ruling in the U.S. Supreme Court regarding sentencing which applies more closely to this case. I am a First time offender whereas "Ewing" is a three strikes law.

Plaintiff avers he is not asking this Court to undermine or change his sentence. He is asking for an injunction refraining the State of Rhode Island and it's representatives from violating this plaintiff's Constitutional rights.

## Jurisdiction

1) This Court has Jurisdiction over the plaintiff's claims of violations of Federal Constitutional rights under 42 U.S.C. § 1331 and 1343.

2) The Court has supplemental Jurisdiction over the plaintiff's State law tort claim under 28 U.S.C. § 1367 and R.I. Constitutional (Amendment 4).

## Parties

1.) A.T. Wall (Director, Adult Correctional Institutions).

2.) State of Rhode Island (Attorney General Patrick Lynch).

## Claims For Relief

1) Plaintiff seeks an injunction preventing the "parties" (State of R.I. and it's representatives from violating his right to due process, (et al. Allow him to be resentenced, as per law).

2.) Plaintiff seeks an injunction preventing the "parties" (State of R.I. and it's representatives from violating the equal protection clause (et. al. Allowing similarly situated inmates to be resentenced while denying this plaintiff the same right (Just because his Judge had retired, the law states the presiding Judge shall appoint a Judge in this circumstance but the State (Court) ignores this law).

3.) Plaintiff seeks an injunction preventing the "parties" (State of R.I. and it's representatives from violating his right not to be held to ex post facto applications of the

law.

4.) Order the "parties" (State of R.I. and its representatives to pay Court Costs.

Respectfully Submitted,
[signature]
Douglas Pelletier pro se
P.O. Box 8274
Medium I AR-48T
Cranston RI 02920

Certification

I, Douglas Pelletier do hereby certify that a true copy of this motion (complaint) was mailed via the U.S. Postal Service to the Attorney Generals' office at 150 South Main St., Providence, R.I., 02903 and to A.T. Wall at 40 Howard Ave via the Inter-departmental mail system of the Adult Correctional Institution on this 12th day of August 2008.

[signature]