UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DOUGLAS J. PELLETIER, Plaintiff, | : | |
| v. | : | C.A. No. 07-186 S |
| STATE OF RHODE ISLAND, et al., Defendants. | : | |

OBJECTION TO PLAINTIFF'S MOTION TO INCLUDE (ATTACHED) ISSUE AND ADDITIONAL DEFENDANT (A.T. WALL)

Now come Defendants and hereby object to Plaintiff's Motion to in effect amend his Complaint by adding a new issue and a new Defendant on the grounds set forth in the accompanying Memorandum of Law..

DEFENDANTS,

State of Rhode Island
Rhode Island Parole Board
Lisa Holley

Charles Denby
Frederic Reamer, Ph.D.
Arthur Jones

By Their Attorney,
PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Richard B. Woolley*

Richard B. Woolley, #1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(fax) 222-2995
rwoolley@riag.ri.gov

CERTIFICATION

I hereby certify that I filed the within document through the United States District Court ECF filing system and caused a copy to be sent to Douglas J. Pelletier, Pro Se, Medium One Security (AR-41), Post Office Box 8274, Cranston, Rhode Island 02920 on this 25th day of August, 2008 by first class mail, postage prepaid.

*/s/ Richard B. Woolley*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DOUGLAS J. PELLETIER, Plaintiff, | : | |
| v. | : | C.A. No. 07-186 S |
| STATE OF RHODE ISLAND, et al., Defendants. | : | |

MEMORANDUM IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION TO INCLUDE (ATTACHED) ISSUE AND ADDITIONAL DEFENDANT

Plaintiff seeks to have this Court consider and overrule a Decision of the Rhode Island Supreme Court wherein the Supreme Court ruled against Plaintiff and held "Our review of the record in the case at bar reveals that Pelletier's sentence was nether illegal nor unconstitutional. Accordingly, in view of our holding in McKinney, the hearing Justice erred in ordering the re-sentencing of Pelletier." Pelletier v. State, 882 A.2d 567, at 569 (R.I. 2005). Plaintiff erroneously contends that the Rhode Island Supreme Court ruled that only the Sentencing Judge could re-sentence him and that since Judge Cresto had retired and would not come back to hear his post-conviction Motion that he was denied due process and equal protection. Plaintiff's own exhibits show this to be a blatant misrepresentation to this Court. Nowhere in the Court's decision in Pelletier v. State, 882 A.2d 567 is there any mention of a need to have the original sentencing judge hear a motion for re-sentencing. The Court never said Judge Thunberg could not hear the Motion the Court ruled that Judge Thunberg committed error in granting the Motion.

Plaintiff is barred by Res Judicata from having this Court consider this issue.

As to Plaintiff's attempt to add A.T. Wall as a Defendant, nowhere in his pleadings does Plaintiff articulate any basis factual or otherwise for this Court to find that he has stated any viable claim against A.T. Wall upon which relief can be granted.

> A **motion to amend a complaint** may be **denied as futile** if the "**complaint** as **amended**, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). In determining whether a proposed amendment would be **futile**, a court applies the same standard as it would apply to a **motion** to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).*Id.* The court must accept all the well-pleaded factual allegations as true and must draw all reasonable inferences favorable to the plaintiff but need not credit bald assertions or legal conclusions. *Id.* at 628. Thus, the motion should be denied only when it is clear that the plaintiff would not be able to prove any set of facts that would entitle it to relief. *Howard v. State of Rhode Island,* No. 96-064T, 1996 WL 33418794 at *2 (D.R.I. December 31, 1996).

Since Plaintiff's issue he seeks to add is barred by Res Judicata and he fails to state any claim whatsoever against the party he seeks to add, his Motion should be denied as futile.

Furthermore Plaintiff's re-fried version of his previous three attempts to seek injunctive relief from this Court should be denied on the same basis that this Court denied the first three motions.

DEFENDANTS,

State of Rhode Island
Rhode Island Parole Board
Lisa Holley

Charles Denby
Frederic Reamer, Ph.D.
Arthur Jones

By Their Attorney,
PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Richard B. Woolley*

Richard B. Woolley, #1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(fax) 222-2995
rwoolley@riag.ri.gov

CERTIFICATION

I hereby certify that I filed the within document through the United States District Court ECF filing system and caused a copy to be sent to Douglas J. Pelletier, Pro Se, Medium One Security (AR-41), Post Office Box 8274, Cranston, Rhode Island 02920 on this 25th day of August, 2008 by first class mail, postage prepaid.

*/s/ Richard B. Woolley*