United States District Court
For the District of Rhode Island

Douglas Pelletier pro se plaintiff

V C.A. NO. 07-186 S

State of Rhode Island and R.I. Parole Board members, A.T. Wall (Director Adult Correctional Institution) defendants

Rebuttal to State's Objection to Include New Issue and Additional defendant (A.T. Wall)

Now comes the plaintiff Douglas Pelletier pro se in the above entitled action and respectfully wishes to respond to the States objection to his motion. To begin with, as far as the defendant's, the State, Attorney General's office, A.T. Wall, and the R.I. Parole Board (members) can be sued pursuant to R.I.G.L. § 9-31-1 "Tort Liability". This new issue pertains not only to A.T. Wall but to the State and the Attorney General's office.

The State contended that plaintiff

wants this Honorable Court to "overrule" the R.I. Supreme Court's decision. Plaintiff only wishes to have his Constitutional rights protected. In December of 2003 Superior Court Judge Thunberg ruled my sentence was "excessive". At the time the R.I. Constitutional Standard of an illegal sentence was based on the "Solem" test. In 2004 in McKinney v State 843 A2d 463 the Supreme (RI) Court changed that Standard going to the "Ewing" test - "we now reject Solem and adopt Ewing", so the State clearly applied a New Constitutional Standard ex post Facto, a Clear Constitutional Violation. If the State wanted to apply something ex post Facto it should have used the Blakely ruling which came down at the same time as it would have rendered my sentence illegal. In conclusion the Superior Court Judge could not and did not "err" in 2003 since the New Constitutional Standard didn't exist at the time.

The State also avers "Nowhere in the Court's decision in Pelletier v State 882 A2d 567 is there any mention of a Need to have the original sentencing Judge hear a Motion For re-sentencing. (Note - this was a post Conviction, not a motion for

re-sentencing) The Court never said Judge Thunberg could not hear the motion, the Court ruled that Judge Thunberg committed error in granting the motion. In the R.I. Supreme Court decision 882 A2d 567, 568 it states - "The issue in Mckinney (again a 2004 case) was similar to the issue before us in this case, namely whether an applicant for post conviction relief may be resentenced After the ORIGINAL SENTENCING Justice has sentenced him or her consistently with the applicant's plea agreement, we held in Mckinney that unless the sentence was illegal or unconstitutional then the sentence should not be altered" so the Court clearly stated the original sentencing Judge has All the discretion in this matter and although another Judge may hear the post conviction, he/she does not have the authority of the "original" sentencing Judge. Therefore if my sentencing Judge retires (or is deceased) the day After I'm sentenced due process ends with his/her time on the bench.

The Facts are quite clear, the issues well dated and defined. This plaintiff is not seeking to have his conviction

or his sentence overturned by this Court, he merely wishes to have his Constitutional rights protected and injunctions issued to that end. Plaintiff asks this that Justice might be served.

Respectfully Submitted,
[signature]
Douglas Pelletier pro se'
P.O. Box 8274
Medium I AR-48T
Cranston R.I., 02920

Certification

I, Douglas Pelletier do hereby certify that a copy of this motion was mailed via the U.S. Postal service to Richard Woolley at the Attorney General's office, 150 South Main St., Providence, R.I. 02903 and to A.T. Wall at 40 Howard Ave., Cranston, R.I., 02920, via the inter-departmental mail system of the ACI Correctional Institution, both on this 28th day of August 2008.

[signature]