UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DOUGLAS PELLETIER

v.                                                                                              C.A. No. 07-186 S

STATE OF RHODE ISLAND et al.

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

*Pro se* plaintiff, Douglas Pelletier, an inmate confined at the Adult Correctional Institutions in Cranston, Rhode Island, filed an action pursuant to 42 U.S.C. §1983 alleging violations to his Constitutional rights. Plaintiff names as defendants: the State of Rhode Island; the Rhode Island Parole Board (the "Parole Board" or "Board"); and Lisa Holley, Esquire and Chairwoman of the Parole Board; Frederic Reamer, member of the Parole Board; Charles Denby, member of the Parole Board; and Authur [sic] Jones, member of the Parole Board (together, the "Parole Board Members").

This matter is currently before the Court on defendants' motions to dismiss pursuant to Rules 12(b)(1), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), or, in the alternative, to stay proceedings until such time as the Rhode Island Supreme Court disposes of allegedly identical issues in a case now pending before that court (Docket # 38). Plaintiff has filed an objection thereto. This matter has been referred to me pursuant to 28 U.S.C. §636(b)(1)(B) for a report and recommendation. As discussed below, I recommend the motions to dismiss for lack of jurisdiction and improper venue be denied, but the motion to dismiss for failure to state a claim be granted. I further recommend that plaintiff's federal claims be dismissed with prejudice and his supplemental state law claims be dismissed without prejudice for lack of jurisdiction.

1

## BACKGROUND

The factual allegations, taken as true from the Amended Complaint, are as follows. In January 1990, plaintiff pled *nolo contendere* in Rhode Island Superior Court on charges including first degree sexual assault and assault with intent to murder. He was sentenced to 75 years with 60 to serve, retroactive to his arrest in January 1989.

In 2003, plaintiff filed an application for post-conviction relief in the Rhode Island Superior Court. That court granted plaintiff's petition and ordered plaintiff to be re-sentenced. In connection with this decision, the Superior Court had a psychiatric evaluation of plaintiff prepared by a board certified psychiatrist. Plaintiff alleges the psychiatric evaluation was extensive and indicates that he is a "prime candidate for parole according to the criteria [set] forth in R.I. Gen. Laws §13-8-14 and §13-8-14.1." Docket # 20. However, the Rhode Island Supreme Court reversed the Superior Court decision to re-sentence plaintiff. *Pelletier v. State of Rhode Island*, 882 A.2d 567 (R.I. 2005).

Plaintiff first went before the Parole Board in January 1999, however, the Board denied parole due to the seriousness of the crime and the fact that plaintiff had just begun work in the sex offender treatment program ("SOTP"). Five years later, in November 2004 he went before the Board again, and again parole was denied. The Board stated that plaintiff was no longer in the SOTP and noted they would review his case again in four years.

In May 2007, plaintiff filed this action seeking damages and injunctive relief requiring (i) the Parole Board be constituted in compliance with Rhode Island law; (ii) a new parole hearing at which he be granted parole or, in the alternative, a new parole hearing employing constitutional policies; and (iii) guidelines mandating parole hearings at more frequent intervals.[1] Plaintiff claims such

---

[1] Plaintiff states claims for relief in the body of his amended complaint (in the preliminary statement and under claims for

2

relief is warranted because, in denying his parole, defendants violated his Constitutional rights to equal protection and due process as well as his rights under Rhode Island state law. He claims defendants (1) constituted the Parole Board in violation of Rhode Island law, thereby denying him a parole hearing before a legal parole board; (2) treated him unfairly compared to similarly situated inmates; (3) failed to consider the parole criteria set forth in R.I. Gen. Laws §13-8-14 and §13-8-14.1; and (4) imposed extraordinarily long intervals between parole hearings.

Defendants have moved to dismiss the case for lack of jurisdiction, improper venue and failure to state a claim upon which relief may be granted pursuant to Federal Rules 12(b)(1), 12(b)(3) and 12(b)(6), respectively, or, in the alternative, for a stay. Defendants urge that they are immune from this lawsuit. Additionally, they state that plaintiff filed an application for post-conviction relief in the Rhode Island Superior Court raising claims virtually identical to those in the instant action. They state that the Superior Court dismissed the action in October 2007, but plaintiff appealed the denial to the Rhode Island Supreme Court. They urge this Court to dismiss the instant matter because plaintiff's appeal to the Rhode Island Supreme Court is presently pending. In the alternative, defendants urge this Court to stay the instant action until the Rhode Island Supreme Court rules on plaintiff's appeal pending before it. Plaintiff objects to defendants' motion and denies that his appeal before the Rhode Island Supreme Court involves §1983 issues.

## DISCUSSION

### I. Rule 12(b)(1) Motion

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of actions in

---

relief) and in the legal memorandum that is appended thereto. Plaintiff also seeks immediate release on bail pending the outcome of this case. However, as detailed in the Report and Recommendation dated July 18, 2008 (Docket # 61), bail is not available in this §1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74, 82, 125 S.Ct. 1242 (2005).

which the court lacks subject matter jurisdiction. Plaintiff here filed this action pursuant to 42 U.S.C. § 1983. It is well established that a federal court's subject matter jurisdiction for a claim under 42 U.S.C. § 1983 derives from the general federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See* 28 U.S.C. § 1331 (providing that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States").

Pointing to plaintiff's action pending before the Rhode Island Supreme Court, defendants urge this Court to decline to exercise its jurisdiction pursuant to the doctrine of abstention set forth by the United States Supreme Court in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236 (1976). However, defendants do not present a case of "exceptional circumstances" as required by *Colorado River* to support such a surrender of jurisdiction. *Id.* at 817-820.[2] Additionally, defendants provide no evidence that plaintiff's case pending before the Rhode Island Supreme Court involves §1983 claims, and plaintiff denies that it does. Docket # 41. Accordingly, I recommend that defendants' motion to dismiss for lack of jurisdiction be DENIED.

## II. Rule 12(b)(3) Motion

Defendants also state, without any explanation, that the action should be dismissed pursuant to Federal Rule 12(b)(3) for lack of proper venue. However, 28 U.S.C. § 1391(b) provides that in a civil action in which jurisdiction is based on a question of federal law, as here, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). In this action there is no dispute that the events giving rise to the claim here arose in Rhode Island, and thus this Court is the proper venue for this action.

---

[2]While the state court obtained jurisdiction first, (i) there is no problem regarding a res, (ii) the federal forum is not inconvenient, (iii) piecemeal litigation will not occur and (iv) there is a question of federal law. *See Colorado River*, 424 U.S. at 817-820 (listing factors to consider in determining if "exceptional circumstances" exist).

Accordingly, I recommend that defendants' motion to dismiss for improper venue be DENIED.

### III. Rule 12(b)(6) Motion

Rule 12(b)(6) of the Federal Rules provides for the dismissal of an action which fails to state a claim upon which relief can be granted. In ruling on a motion filed under Rule 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true, and construe these facts in the light most favorable to the pleader. *Chongris v. Board of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987). Further, a *pro se* complaint is held to a less stringent standard than formal pleadings drafted by counsel. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). A Rule 12(b)(6) motion will only be granted when, viewed in this manner, the factual allegations raise plaintiff's right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, -- U.S. --, 127 S.Ct 1955, 1964-65 (2007).

In order to maintain a §1983 action, the conduct complained of must (i) be committed by a "person" acting under color of state law and (ii) have deprived the plaintiff of a constitutional right or a federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). Here, defendants contend that they have immunity against suit under §1983. As discussed below, I agree that the defendants are not amenable to suit in this action.

#### A. State of Rhode Island and Parole Board Not "Persons" under §1983

It is well established that neither states nor state agencies are considered "persons" against whom a §1983 action may be maintained. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989); *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991). Therefore, the State of Rhode Island and the Parole Board, an agency of the state, are not "persons" for purposes of §1983. I recommend that the motion to dismiss by the State of Rhode Island and the Parole Board pursuant to Rule 12(b)(6) be GRANTED and plaintiff's §1983 claims against them be dismissed.

B.  **Money Damages from Parole Board Members**

   1.  **Parole Board Members in their Official Capacities Not "Persons" under §1983 in Suit for Damages**

A suit for money damages under §1983 against state officials in their official capacity is equivalent to a suit against the state. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018 (1978). In such a suit, the real party in interest is the state for which the officials are agents, and the state treasury would be responsible for paying any damages awarded. *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985). Consequently, as a state is not a "person" amenable to suit for money damages, neither are state officials acting in their official capacities. *Will*, 491 U.S. at 71 (1989). Therefore, I recommend that the motion to dismiss claims for damages by the Parole Board Members in their official capacities be GRANTED and plaintiff's claims against them for damages be dismissed.

   2.  **Quasi-Judicial Immunity Shields Parole Board Members in their Individual Capacities from §1983 Action for Damages**

To the extent they are sued in their individual capacities, the Parole Board Members urge that quasi-judicial immunity shields them from plaintiff's §1983 claims against them for damages. Judicial immunity protects judges from liability for their judicial acts to allow them to act freely upon their own convictions. *Bradley v. Fisher*, 80 U.S. 335, 347-351 (1872). Quasi-judicial immunity similarly protects persons performing tasks functionally equivalent to judges to allow them to perform their duties properly. *See, e.g., Butz v. Economou*, 438 U.S. 478, 511-517, 98 S.Ct. 2894 (1978)(persons performing adjudicatory functions within federal agencies are entitled to absolute immunity from damages liability for their judicial acts). Judicial immunity is overcome in two situations: (i) if the challenged act is administrative or otherwise nonjudicial in nature, *Forrester v.*

*White*, 484 U.S. 219, 229, 108 S.Ct. 538 (1988), and (ii) if the action was taken in the "clear absence of all jurisdiction," *Stump v. Sparkman*, 435 U.S. 349, 356-357, 98 S.Ct. 1099 (1978).

The First Circuit has determined that "[p]arole board members are entitled to absolute immunity from liability for damages in a §1983 action for actions taken within the proper scope of their official duties." *Johnson v. R. I. Parole Bd. Members*, 815 F.2d. 5, 8 (1st Cir. 1987). This quasi-judicial immunity arises because "parole board officials perform functionally comparable tasks to judges," and "'render impartial decisions in cases and controversies that excite strong feelings because the litigant's liberty is at stake.'" *Id.* at 6 (citation omitted).

Here, plaintiff seeks damages from defendants for their actions in denying his parole, including allegedly (i) considering only his absence from the SOTP rather than the parole factors enumerated in R.I. Gen. Laws §13-8-14 & §13-8-14.1 and (ii) not providing him parole hearings frequently enough. However, determining how to weigh factors and when an inmate is ready for a parole hearing are adjudicatory functions at the heart of the Parole Board Members' official duties in deciding whether to grant or deny parole; thus, the Parole Board Members have immunity for such actions. *See, e.g., McLaurin v. Paterson*, No. 07-3482, 2008 WL 3402304, at *13 (S.D.N.Y. 2008).

A liberal reading of plaintiff's complaint suggests the argument that the Parole Board Members should be denied quasi-judicial immunity because they were acting in the clear absence of all jurisdiction. Plaintiff claims that certain members of the Parole Board were not technically eligible to be appointed under Rhode Island law because their term had expired or they are attorneys, and, therefore, did not have authority to deny his parole.[3]

---

[3] Specifically, plaintiff points out that (i) R.I. Gen. Law §13-8-1 states that Parole Board members be appointed for terms of three years, but that certain of the Parole Board Members have been on the Board for more than one term; (ii) R.I. Gen. Law §13-8-12 states that, of the seven Board Members, one member shall be an attorney, but more than one of the

7

First, plaintiff misinterprets the statutes. Neither R.I. Gen. Law §13-8-1 nor §13-8-3 prevent the reappointment of a Parole Board member as a member or a chairperson, respectively, after the completion his or her term. R.I.Gen.Laws §13-8-1 & §13-8-3. Further, even if they should not have been reappointed, they would still be valid holdovers under Rhode Island law. *Id.*; s*ee, e.g., Central Falls City Council v. Cross*, No. 76- 2675, 1976 WL 177154 (R.I.Super. 1976). Additionally, the R.I. Gen. Law §13-8-2 requirements that, of the seven Parole Board members, one be an attorney, one be a physician, one be a social worker and one be a law enforcement officer are more sensibly interpreted as minimum requirements, not limitations, in order to ensure representation of various relevant fields of expertise. *See Such v. State*, 950 A.2d 1150, 1156 (R.I. 2008)(statutory construction requires court to attribute the meaning most consistent with the legislature's purposes).

Further, even if the members were appointed to the Parole Board due to a misinterpretation of the statute, their adjudicatory decisions as members of the Parole Board were still not in the "clear absence of all jurisdiction." *See, e.g., Miller v. Davis*, 521 F.3d 1142, 1148 (9th Cir. 2008)(governor had absolute quasi-judicial immunity and did not act in "clear absence of all jurisdiction" when reversing plaintiff's parole based on erroneous interpretation that statute granted him authority to do so), *cert. denied*, No. 08-176, 2008 WL 3538462 (U.S. Oct. 6, 2008); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)(judge who erroneously exercised jurisdiction based on a misinterpretation of a statute did not act in "clear absence of all jurisdiction").

Since the Parole Board Members were acting within the scope of their official duties and not in "clear absence of all jurisdiction," absolute immunity applies. I therefore recommend that the

---

Parole Board Members are lawyers; and (iii) R.I. Gen. Law §13-8-3 provides that a chairperson be appointed for a term of two years, but Lisa Holley, the current chairperson, has been the chairperson since at least 1998. Docket # 20.

Parole Board Members' motion to dismiss plaintiff's §1983 claims for damages against them in their individual capacities be GRANTED and such claims be dismissed.[4]

### C. §1983 Bars Actions for Injunctive Relief Against Parole Board Members as Judicial Officers

Second, the Parole Board Members urge that quasi-judicial immunity shields them with respect to plaintiff's claim for injunctive relief. Although, as discussed above, caselaw provides that quasi-judicial immunity protects Parole Board Members from §1983 actions for damages, the law is not as clear with respect to actions for injunctive relief. In fact, public officials' rights to immunity generally do not protect them from actions for prospective injunctive relief. *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441 (1908). In 1984, the Supreme Court held that judicial immunity did not extend to claims for injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 537, 104 S.Ct. 1970 (1984). However, in October 1996, Congress passed the Federal Courts Improvement Act (the "FCIA"), amending §1983 to bar injunctive relief "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. §1983; *see* Section 309 of the FCIA of 1996, Pub.L.No. 104-317, Title III, §309(c), Oct. 19, 1996, 110 Stat. 3847, 3853.

Although neither the Supreme Court nor the First Circuit have addressed whether the statute protects quasi-judicial actors, such as parole board members, performing tasks functionally equivalent to judges from actions for injunctive relief, circuit and district courts in the Second, Sixth, Seventh, Ninth and District of Columbia Circuits have answered in the affirmative. In *Montero v.*

---

[4] Additionally, although not raised by defendants, the *Heck* doctrine bars plaintiff from recovering damages under §1983 for allegedly unlawful Parole Board determinations that have not been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-487, 114 S.Ct. 2364 (1994); *see also White v. Gittens*, 121 F.3d 803, 807 (1st Cir. 1997)(*Heck* bars challenges to parole revocation); *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997)(*Heck* bars challenges to denial of parole).

*Travis*, the Second Circuit found that, as a result of the 1996 amendment to §1983, "[a]bsolute immunity bars not only [the plaintiff's] §1983 claim for damages but also his claim for injunctive relief" against parole officials "when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole." 171 F.3d 757, 761 (2nd Cir. 1999); s*ee also Roth v. King*, 449 F.3d 1272, 1286-87 (D.C.Cir. 2006)(stating that there is no reason to believe that the FCIA immunization of judicial officers from injunctive relief "is restricted to 'judges,'" court applies immunity to quasi-judicial officers); *Gilbert v. Ferry*, 401 F.3d 411, 414 n. 1 (6th Cir. 2005)(state court administrator entitled to absolute quasi-judicial immunity against injunctive relief), *rev'd in part on other grounds*, 413 F.3d 578 (6th Cir. 2005); *Cannon v. South Carolina Dept. of Corrections*, No. 07-3984, 2008 WL 269519, at *4 (D.S.C. 2008)(court clerk protected by quasi-judicial immunity against injunctive relief based on FCIA); *Von Staich v. Schwarzenegger*, No. 04-2167, 2006 WL 2715276 (E.D.Cal. 2006)(board of prison terms commissioners immune from claims for injunctive relief).

I found only one case specifically concluding that the FCIA ban on injunctive relief against "judicial officers" did not apply to quasi-judicial actors. *Simmons v. Fabian*, 743 N.W.2d 281 (Minn.App. 2007). In *Simmons*, the Minnesota Court of Appeals determined that §1983 immunity is granted sparingly and found that nothing in the language or legislative history of the FCIA suggested that the immunity granted to "judicial officers" included immunity for quasi-judicial actors. *Id.* at 290-294. However, importantly, the *Simmons* court failed to consider the legislative intent revealed by a reference in the Senate Judiciary Committee Report on the FCIA to *Butz*, a case in which the Supreme Court analyzed why judicial immunity protects quasi-judicial officials performing functions analogous to judges. *See* S. Rep. 104-366 at 37 (citing *Butz*, 438 U.S. at 478). The *Simmons* Court also acknowledged that the scant caselaw on the issue was in opposition to its conclusion. *Id.* at 289.

Plaintiff cites *Wilkinson v. Dotson*, a case in which the Supreme Court allowed two inmates who had been denied parole to bring §1983 actions against the parole board members seeking new parole hearings, as evidence that parole board members are not immune from suit under §1983. 544 U.S. 74, 125 S.Ct. 1242 (2005). However, the sole focus of the Supreme Court in *Wilkinson* was which type of action, §1983 or habeas corpus, was the proper vehicle for claims challenging a state parole board's policies and procedures and seeking declaratory or injunctive relief not involving an immediate release from custody. *Id.* 82. As the *Wilkinson* Court did not address the immunity issue, the case does not support a conclusion that the FCIA does not protect parole board members from suits for injunctive relief. *Id.*; *see also Torres v. Costa*, 249 Fed.Appx. 516 (9th Cir. 2007) (rejecting notion that *Wilkinson* eliminated absolute quasi-judicial immunity for parole board members).[5]

As discussed above with respect to plaintiff's claims for damages against the Parole Board Members, plaintiff's allegations that the Parole Board Members violated his constitutional rights by placing too much weight on his absence from the sex offender treatment program and failing to provide him more frequent parole hearings impugn determinations they made in their adjudicatory capacity and not in the absence of all jurisdiction.[6] Thus, as plaintiff did not claim that a declaratory

---

[5] Further, as the FCIA ban against actions for injunctive relief applies only to actions taken in a judicial officer's judicial capacity and not in the clear absence of jurisdiction, *see* S. Rep. 104-366 at 37 ("Immunity is not granted for any conduct "clearly in excess" of a judge's jurisdiction, even if the act is taken in a judicial capacity"), the §1983 avenue for injunctive relief against parole board members carved out by the *Wilkinson* Court is not rendered meaningless. Thus, for example, the FCIA does not ban claims regarding parole board members' actions creating policies regulating the parole board, as opposed to their adjudicatory actions in determining whether to grant or deny parole based on the facts in a particular case. *See, e.g., Schwartz v. Dennison*, 518 F.Supp.2d 560, 570 (S.D.N.Y. 2007).

[6] Although he complains about the Parole Board's policy to deny parole based on an inmate's failure to be enrolled in the SOTP, even a liberal reading of his amended complaint does not allow an inference that he has sued the Parole Board Members for their role in creating such a policy. He does not state a claim against them for such action and alleges no facts relating to their responsibility for such policy. *See Schwartz*, 518 F.Supp.2d at 570 (although plaintiff alleges he is suing certain parole board commissioners for their roles in creating policy rather than for their conduct at the parole hearing, he alleges no facts supporting such contention).

decree was violated or declaratory relief was unavailable, plaintiff's claims fit squarely within the FCIA prohibition on granting injunctive relief against judicial officers for actions in their judicial capacity.[7] 42 U.S.C. §1983. Accordingly, given the FCIA ban on granting injunctive relief against them as judicial officers, I recommend that the defendant Parole Board Members' motion to dismiss the §1983 claims against them for injunctive relief be GRANTED and such claims be dismissed.

## IV.  Supplemental State Claims

Having recommended that the federal claims be dismissed, I further recommend that the Court decline to exercise jurisdiction over plaintiff's remaining supplemental state law claims, and that such state law claims be dismissed without prejudice for want of jurisdiction. *See* 28 U.S.C. § 1367(c) (district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction); *see also Menebhi v. Mattos,* 183 F.Supp.2d 490, 505-506 (D.R.I. 2002)(quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130 (1966))("when all federal claims are eliminated from the case before trial, in the usual case the balance of factors to be considered should lead the court to conclude that the 'state claims should be dismissed as well'").

---

[7]Additionally, although not raised by defendants, to the extent plaintiff seeks an injunction requiring the Parole Board Members grant him immediate parole, such relief is not available in this §1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74, 82, 125 S.Ct. 1242 (2005)(court may not order a prisoner's "immediate or speedier release into the community" in a §1983 action). A state prisoner's sole remedy to challenge the very fact or duration of his physical imprisonment lies in a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973).

## CONCLUSION

As discussed above, I recommend that defendants' motions to dismiss plaintiff's claims for lack of jurisdiction and venue pursuant to Federal Rules 12(b)(1) and 12(b)(3), respectively, be DENIED. However, I have found that (i) the State and the Parole Board are not "persons" amenable to suit under §1983, (ii) the Parole Board Members in their official capacities are not "persons" who can be sued under §1983 for damages, (iii) the Parole Board Members in their individual capacities have absolute immunity from suit for damages under §1983 with respect to the actions about which plaintiff complains and (iv) the FCIA bars plaintiff's suit against the Parole Board Members for injunctive relief. I thus further recommend that defendants' motion to dismiss plaintiff's §1983 claims for failure to state a claim for which relief may be granted pursuant to Federal Rule 12(b)(6) be GRANTED and such claims against defendants be DISMISSED with prejudice. Finally, I recommend that plaintiff's pendant state law claims be DISMISSED without prejudice.

Any objection to this Report and Recommendation must be specific and filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes a waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
November 12, 2008