# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

**DOUGLAS PELLETIER**

v.                                                          C.A. NO. 07-186 S

**STATE OF RHODE ISLAND ET AL.**

## MEMORANDUM AND ORDER

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff, Douglas Pelletier, *pro se*, filed an amended complaint with the Court under 42 U.S.C. §1983 ("§1983") alleging that defendants violated his Constitutional rights in denying his parole (Docket # 20). He names as defendants the State of Rhode Island; the Rhode Island Parole Board; and four members of the Parole Board.

Presently before the Court are two motions by plaintiff to supplement his amended complaint, presumably pursuant to Rule 15 of the Federal Rules of Civil Procedure (the "Federal Rules") (Dockets # 53 & #63). Specifically, in his first motion, entitled "Motion to Incorporate New Issue," plaintiff seeks to add a claim regarding the recently amended portion of Rhode Island General Law §13-8-14.1 directing the Parole Board to consider recidivism risk in determining whether to grant or deny parole (Docket # 53). In his second motion, plaintiff seeks to (i) add claims that the Rhode Island Supreme Court violated his constitutional rights by overturning a Rhode Island Superior Court judgment ordering that he be resentenced and (ii) add A.T. Wall ("Wall"), director of the Rhode Island Department of Corrections, as a defendant (Docket # 63). Defendants have objected to both of these motions (Dockets # 55 & 65). For the reasons stated below, both motions are DENIED.

1

## DISCUSSION

Federal Rule 15(d) provides that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed.R.Civ.P. 15(d). However, the court may deny a motion to supplement if the new claim fails to state a claim upon which relief could be granted. *Cf. Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962)(citing futility of amendment as a reason to deny a motion to amend). In making such determination, the court uses the standard applicable to a motion to dismiss pursuant to Federal Rule 12(b)(6). *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). The court must accept all well-pleaded factual allegations as true and draw all reasonable inferences favorable to the plaintiff, although it need not credit bald assertions or legal conclusions. *Id.* at 628. Further, a proposed claim by a *pro se* litigant is held to a less stringent standard than formal pleadings drafted by counsel. *See Estelle v. Gamble*, 429 U.S. 97, 99, 97 S.Ct. 285 (1976). A complaint states a claim for relief when, viewed in this manner, the factual allegations raise plaintiff's right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, -- U.S. --, 127 S.Ct 1955, 1965 (2007). As discussed below, in the instant case, plaintiff's proposed new claims would not entitle him to relief, and, thus, it would be futile to allow him to supplement his amended complaint.

### I. Motion to Supplement Complaint Regarding Recent Amendment to Rhode Island Law Regarding Parole Standards

Rhode Island General Law §13-8-14.1 requires the Parole Board to adopt standards for evaluating parole applications. Plaintiff notes a recent amendment to the statute requiring the board to consider "the likelihood of recidivism as determined by a risk assessment" when determining the portion of a sentence an inmate should serve. R.I.Gen.Law §13-8-14.1 (1956, as amended May 2008). Plaintiff suggests that, especially given this new requirement, the Parole

Board should consider a psychiatric evaluation of him prepared in 2003 upon the order of the Rhode Island Superior Court that indicates he exhibits a relatively low recidivism risk. Plaintiff urges that this "new issue" be incorporated into his §1983 suit. However, such request is unnecessary, as plaintiff's amended complaint already raises the issue of his psychiatric report and directs the court to consider Rhode Island General Law §13-8-14.1. *See* Docket # 20.

Further, in a Report and Recommendation filed simultaneously herewith, I have recommended that defendant's motion to dismiss pursuant to Federal Rule 12(b)(6) for failure to state a claim be granted and plaintiff's action be dismissed (Docket # 67). The allegations plaintiff raises here do not cure the defects in his amended complaint. Accordingly, plaintiff's motion to incorporate any new issue related to the amendment of Rhode Island General Law §13-8-14.1 is DENIED.

## II. Adding Cause of Action Regarding Rhode Island Supreme Court Ruling and Wall as a Defendant Would Also Be Futile

According to plaintiff's amended complaint, he was sentenced to 75 years with 60 to serve in January 1990 after pleading *nolo contendere* in Rhode Island Superior Court to various charges, including first degree sexual assault and assault with intent to murder. In 2003, plaintiff filed an application for post-conviction relief in the Rhode Island Superior Court. That court granted plaintiff's petition and ordered plaintiff to be re-sentenced. However, the Rhode Island Supreme Court reversed the Superior Court decision to re-sentence plaintiff. *Pelletier v. State of Rhode Island*, 882 A.2d 567 (R.I. 2005).

Plaintiff now contends that the Rhode Island Supreme Court violated the Ex Post Facto clause of the Constitution in overturning the Superior Court's 2003 ruling that his sentence was excessive. Specifically, he claims that the Rhode Island Supreme Court based its decision on an interpretation of the Eighth Amendment set forth by the United States Supreme Court in 2004,

after the Superior Court had already determined that his sentence was excessive. Additionally, he alleges that the Rhode Island Supreme Court restricted the authority to resentence to original sentencing judges, but in his case his original sentencing judge had retired. Thus, he concludes, the Rhode Island Supreme Court violated his rights to Due Process (by essentially preventing him from ever being resentenced) and Equal Protection (because persons sentenced by judges who are still sitting could be resentenced while he could not). Plaintiff moves to supplement his amended complaint to include these claims, as well as to add Wall as a defendant.[1] Defendants urge that it would be futile to add these new claims and Wall as a defendant, and, thus, plaintiff's motion should be denied. For the reasons discussed below, I agree.

A.   **Claims Barred by *Rooker-Feldman* Doctrine**

Plaintiff essentially is asking this Court to overturn the Rhode Island Supreme Court decision in his case. However, under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to review a case litigated and decided in the state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416, 44 S.Ct. 149 (1923). The *Rooker-Feldman* doctrine applies to cases, such as this one, "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517 (2005). Therefore, adding claims alleging Constitutional violations by the Rhode

---

[1] As these claims are based on events occurring prior to the filing of the amended complaint, they technically should be addressed by way of a motion to amend rather than a motion to supplement. Fed.R.Civ.P. 15. However, as a similar analysis is employed in reviewing both types of motions, this distinction will be ignored. *See* 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1504 (2d ed. 1990).

Island Supreme Court in denying his resentencing would be futile.[2] Accordingly, plaintiff's motion to supplement his complaint to include such claims is DENIED.

### B. No Allegations Made Against Wall

Plaintiff also seeks to add Wall as a defendant. However, plaintiff's amended complaint and proposed supplemental complaint are devoid of any factual basis connecting Wall to the claims plaintiff raises. Plaintiff's silence with respect to Wall renders his attempt to add Wall as a defendant in this action futile. *See Bartolomeo v. Liburdi*, No. 97-624, 1999 WL 143097, at *3 (D.R.I. 1999)(factual allegations connecting defendants to claims required for §1983 to be congnizable). Thus, plaintiff's motion to supplement his complaint to add Wall as a defendant is DENIED.

IT IS SO ORDERED.

_____
Jacob Hagopian
Senior United States Magistrate Judge
November 12, 2008

---

[2]Plaintiff's claims also fail because a "prisoner's §1983 action is barred (absent prior invalidation)-no matter the relief sought ..., no mater the target of the prisoner's suit ...- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S.Ct. 1242 (2005). Habeas corpus is a plaintiff's sole remedy in such cases. *Id.*